IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM OF LAW ) IN SUPPORT OF MOTION |
| SILVER JOSE GALINDO, | ) |
| Defendant. | ) |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION

### 1. BACKGROUND

Defendant has been charged in a Third Superseding Indictment with 11 charges. (Exhibit 1) Five of these charges involve an alleged violation of 18 U.S.C. § 922(g)(1). In that regard, Counts 1, 4, 5, 8 & 9 all involve the Defendant's alleged possession of a firearm which the government maintains was "knowingly possessed in and affecting commerce. . . . "

The defense maintains that applying § 922(g) to Mr. Galindo's alleged activity which was non-commercial, non-economic, and wholly intra-state possession of a firearm, even if true, is not a constitutional exertion of Congress's Commerce Clause power under the facts of this case.

## 2. ARGUMENT

Section 922(g) is unconstitutional as applied to Mr. Galindo in this case because the fact -- assuming the Government could establish it -- that a firearm, once it passed through intra-state commerce at some point in the past, does not establish that the present, intra-state possession of that firearm -- itself a non-commercial, non-economic activity -- has a substantial effect on interstate commerce, which is what the Constitution requires. Simply said, that a firearm, through no fault of the defendant, may have once lawfully passed through the channels of interstate commerce at some point in time, does not provide a sufficient justification to apply §922(g) in this case.

This motion is modeled after the "as-applied" Commerce Clause challenges raised in United States v. Stewart, 348 F.3d 1132, 1140 (9th Cir. 2003) (holding 18 U.S.C. § 922(o) unconstitutional as applied to "purely intrastate possession of [a] homemade machinegun[]"); United States v. McCoy, 323 F.3d 1114, 1133 (9th Cir. 2003) (holding 18 U.S.C. § 2252(a)(4)(B) unconstitutional as applied to "the non-commercial, non-economic, simple intrastate possession of photographs for personal use"); and, United States v. Corp., 236 F.3d 325, 332-333 (6th Cir. 2001) (holding 18 U.S.C. § 2252(a)(4)(B) unconstitutional as applied to "activity [that] was not a type demonstrated substantially to be connected or related to interstate commerce"). As in these cases, so too is it equally true here, "[t]he kind of demonstrable and substantial

relationship required between intrastate activity," such as the mere act of possessing a particular type of item (be it a firearm), "and interstate commerce, is utterly lacking[.]" McCoy, 323 F.3d at 1132.

CONCLUSION

For the foregoing reasons the motion to dismiss counts 1, 4, 5, 8 & 9 of the Third Superseding Indictment should be granted.

DATED: Honolulu, Hawaii; May 22, 2007.

_____
Jack Schweigert, Esq.
Attorney for Defendant