IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM OF LAW<br>) IN SUPPORT OF MOTION |
| SILVER JOSE GALINDO, | ) |
| Defendant. | ) |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION

Defendant moves this Court for an order to inspect and copy the grand jury testimony of each witness the government intends to call at trial for each time they appeared before the Grand Jury. This Court is fully empowered to grant such relief for Rule 6(e)(2)(i) of the Federal Rules of Criminal Procedure authorizes this Court to order disclosure of grand jury testimony "preliminary to or in connection with a judicial proceeding." Dennis v. United States, 384 U.S. 855, 869-70 (1966).

Rule 6(e) has traditionally been interpreted as authorizing disclosure of such testimony upon a showing by the defense of "particularized need." see United States v. Procter & Gamble Co., 359 U.S. 677 (1958). In Dennis v. United States, 384 U.S. 855 (1966), the Supreme Court substantially liberalized and loosened the standard of

"particularized need" on behalf of a defendant in a criminal case. The Court there stated:

> [There is a] growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice....It is also reflected in the expanding body of materials, judicial and otherwise, favoring disclosure in criminal cases analogous to the civil practice.
>
> . . .
>
> . . . In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact. Exceptions to this are justifiable only by the clearest and most compelling considerations.
>
> 384 U.S. @ 870-71, 873 (emphasis supplied).

As was the case in <u>Dennis</u>, Mr. Galindo seeks the testimony of the key prosecution witnesses who appeared before the grand jury on several occasions for their testimony is critical to proving/disproving the allegations of the indictment. In that regard, the grand jury testimony of these witnesses will be important in testing their credibility, refreshing their recollection, and, if necessary, impeaching their trial testimony. 384 U.S. @ 870. As the Seventh Circuit has said:

> If a witness is required to testify publicly about matters previously dealt with in his grand jury testimony, there is little to be said for not allowing the use of his earlier testimony to assure the accuracy of his later testimony.
>
> <u>State of Illinois v. Sarbaugh</u>, <u>supra</u>, 552 F.2d @ 776.

3

In that regard, the Court in <u>Sarbaugh,</u> noted grand jury testimony of government witnesses is now producible as of right under 18 U.S.C. § 3500(e). Therefore, the only question presented by the present motion is one of the timing.

Since the testimony is producible as of right, there is no reason why it should not be made available now which will greatly facilitate and expedite Defendant's cross examination of the government witnesses at trial and will help streamline the trial of the case.

In fact, none of the traditional reasons for grand jury secrecy apply with any force now, after the grand jury has returned an indictment and the stage has shifted to preparation of trial. As the Fifth Circuit has stated: "there has been a growing tendency to limit secrecy after the grand jury has completed its work to those cases where secrecy serves legitimate policy considerations." <u>United States v. Hughes</u>, 413 F.2d 1244, 1256 (5th Cir. 1969), vacated as moot sub. nom. <u>United States v. Gifford-Hill-Americann</u>, 367 U.S. U.S. 93 (1970). In fact, in all state prosecutions that defense counsel has appeared, all that was needed in state court was to file a simple request for the grand jury transcript. (Exhibit 1)

The question is essentially one of fairness. Permitting only the government "to have exclusive access to a storehouse of relevant fact[s]" is just not fair. <u>Dennis, supra</u> 384 U.S. @ 873. There can be no justifiable reason for non production of the

grand jury testimony so that this must be ordered to be produced at this time, In so doing the interests of a fair and expeditious trial will be well served.

DATED: Honolulu, Hawaii; May 22, 2007

_____
Jack Schweigert, Esq.
Attorney for Defendant