IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM OF LAW |
| | ) IN SUPPORT OF MOTION |
| SILVER JOSE GALINDO, | ) |
| Defendant. | ) |

MEMORANDUM OF LAW IN SUPPORT OF MOTION

1. BACKGROUND

The Third Superceding Indictment filed in this case on April 25, 2007 alleges 11 counts of criminal behavior by Defendant Galindo. (Exhibit 1) This motion focuses on Counts 3, 9, 10, and 11. These counts read as follows:

Count 3
18 U.S.C. § 924(c)(1))

The Grand Jury further charges that:

On or about March 11, 2004, in the District of Hawaii, defendant SILVER JOSE GALINDO, (a.k.a. DANIEL S. GALINDO, a.k.a. TIMOTHY MAU), knowingly carried and possessed in furtherance of a drug trafficking crime, a firearm, to wit: a; Smith & Wesson, model SW9V, caliber .9 mm semiautomatic pistol, during and in relation to a drug trafficking crime, as charged in Count 2.
All in violation of Title 18, United States Code, Section 924(c)(1).

Count 9
(18 U.S.C. § 922(g)(1)

The Grand Jury further charges that:
On or about July 31, 2003, in the District of Hawaii, defendant SILVER JOSE GALINDO, (a.k.a. DANIEL S. GALINDO, a.k.a. TIMOTHY MAU, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm.
All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)

Count 10
(21 U.S.C. § 841 (a)(1))

The Grand Jury further charges that:
On or about July 31, 2003, in the District of Hawaii, defendant SILVER JOSE GALINDO, (a.k.a. DANIEL S. GALINDO, a.k.a. TIMOTHY MAU), knowingly and intentionally possessed with intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.
All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

Count 11
(18 U.S.C. § 924(c)(1))

The Grand Jury further charges that:
On or about July 31, 2003, in the District of Hawaii, defendant SILVER JOSE GALINDO, (a.k.a. DANIEL S. GALINDO, a.k.a. TIMOTHY MAU), knowingly used and carried a firearm, as charged in Count 9, during and in relation to a drug trafficking crime, as charged in Count 10.
All in violation of Title 18, United States Code, Section 924(c)(1).

## 2. ARGUMENT

Rule 7(f), Federal Rules of Criminal Procedure, reads,

> [T]he court may direct the government to file a bill of particulars. The Defendant may move for a bill of particulars before or within 10 days after arrangement or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The purposes of a bill of particulars are threefold:

> To inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in case of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purpose.

United States v. Giese, 597 F.2d 1179, 1180 (9th Cir.) (quoting United States v. Birmley, 529 F.2d 103, 108 (6tgh Cir. 1976)), cert. denied, 444 U.S. 979 (1979); United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991).

A bill of particulars will not lie unless the court first finds the indictment too vague or cryptic to reveal the general nature of the charges. Under this standard, the amount of information necessarily contained in the indictment is only the minimum amount of information necessary to permit his own investigation. United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985); see also, United States v. Leonelli, 428 F. Supp. 880, 882 (S.D.N.Y. 1977) ("the law does not impose upon the government an

3

obligation to preview its case or expose its legal theory... nor is the government required to disclose the manner in which it will attempt to prove the charges.").

In this way, the indictment process differs markedly with the discovery process. It is neither the function nor the purpose of a bill of particulars to predicate detailed disclosure of the government's case. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.), cert. denied, 444 U.S. 979 (1979); United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973). Moreover, when the government provides full discovery, the need for a bill of particulars may be obviated, Giese, 597 F.2d at 1180; Ayers, 924 F.2d at 1484 (citing Giese for the same proposition). However, that is not the case here. There, there are at least 4 different incidents arguably covered by Counts 9-11, and Defendant has the right to know which criminal conduct he is on trial for. Defendant has the right to know what acts the Defendant is alleged to have committed that make up Counts 9-11. The reports that reflect the conduct that Defendant presumes will go towards Count 11 are attached hereto as Exhibit 2 which describes at least 4 different scenarios.

Further, the incident that makes up Count 3 is that the Defendant, when arrested, is alleged to have possessed methamphetamine in a jacket that he was **NOT** wearing and a gun that was ing **NOT** on his person in a house occupied by many people of which the Defendant said he was **NOT** a resident. Therefore, the

government should provide the Defendant with some basis for how Defendant is allowed and/or possess a gun in **FURTHERANCE** of a drug trafficking crime.

CONCLUSION

For the foregoing reasons the motion for a bill of particulars must be granted directing the government to file a bill of particulars giving the factual basis for the allegations in Counts 3, 9, 10 & 11, as well as the witnesses to be called by the government in support of the allegations set forth in Counts 3, 9, 10 & 11.

DATED: Honolulu, Hawaii; May 22, 2007

_____
Jack Schweigert, Esq.
Attorney for Defendant