IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| Plaintiff, | ) |
| | ) MEMORANDUM OF LAW |
| vs. | ) IN SUPPORT OF MOTION |
| | ) |
| SILVER JOSE GALINDO, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OF LAW IN SUPPORT OF MOTION

1. BACKGROUND

This case involves the arrest and present detention of Defendant Galindo and has resulted in a third superceding indictment on April 25, 2007. Discovery has produced documents with so many redactions or deleted names as to be in large part unintelligible. (Exhibit 1)

2. ARGUMENT

Under Rule 26.2, a defendant may generally discover a witness's pretrial statements after the witness has testified on direct examination. 18 U.S.C. § 3500(b). However, in the matter at bench, the charges are so numerous that without getting full unredacted copies of Exhibit 1 it will be extremely difficult for counsel to prepare for trial. In such circumstances, the Court should balance the public interest in protecting

the source of information against the Defendant's right to prepare a defense. Roviario v. U.S., 353 U.S. 53, 62 (1957).

Already the Defendant knows who most of the witnesses are against him because their cooperation agreements have been provided. However, many of the reports of interviews (Exhibit 1) are unintelligible, forcing the defense to have to guess what the evidence will turn out to be on the different counts set forth in the Third Superceding Indictment.

Because there are so many different charges, the defense should be given unredacted and complete reports for pages. Further, any other reports that have not already been turned over dealing with the Defendant, the Court should order that they be turned over as well, unredacted.

CONCLUSION

For the foregoing reasons the motion to compel must be granted so that unredacted copies of Exhibit 1 attached be provided as well as any other reports of witnesses to testify in this case for fundamental fairness is on the line.

DATED: Honolulu, Hawaii; May 22, 2007

Jack Schweigert, Esq.
Attorney for Defendant

2