IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00053 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW |
| | ) | |
| vs. | ) | |
| | ) | |
| SILVER JOSE GALINDO, | ) | |
| (a.k.a. DANIEL S. GALINDO) | ) | |
| (a.k.a. TIMOTHY MAU) | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM OF LAW

I.   BACKGROUND

On October 27, 2005, a grand jury indicted the
Defendant SILVER JOSE GALINDO, a.k.a. DANIEL S. GALINDO, a.k.a.
TIMOTHY MAU, ("Defendant") in an eight count Second Superceding
Indictment, charging him with:

Count 1
March 11, 2004 = Possession with the Intent to Distribute 5
grams or more of Methamphetamine.

Count 2
March 11, 2004 = Possession of a Firearm in furtherance of a
drug trafficking crime (Count 1).

Count 3
February 29, 2004 - Felon in Possession of a Firearm.
Count 4
January 2004 = Tampering with a Witness.
Count 5
January 2004 = Possession of a Firearm in furtherance of a
Crime of Violence (Count 4).

Count 6
September 6, 2003 = Felon in Possession of a Firearm.

Count 7
August 2003 = Possession with the Intent to Distribute 5
grams or more of Methamphetamine.

Count 8
July 31, 2003 through August 2003 = Possession of a Firearm
in furtherance of a drug trafficking crime (Count 7).

On February 21, 2007, Defendant filed a motion to sever offenses pursuant to Rule 14 of the Federal Rules of Criminal Procedure ("FRCP"), seeking five separate trials. Defendant suggested that the five trials should be separated according to date of occurrence (Counts 1 & 2; Count 3; Counts 4 & 5; Count 6; and Counts 7 & 8). On April 6, 2007, Defendant supplemented his motion to sever offenses by asserting that the Second Superceding Indictment was misjoined under FCRP Rule 8(a).

On April 25, 2006, a grand jury indicted Defendant in a Third Superceding Indictment. In this eleven count indictment, the grand jury charged Defendant with committing crimes on the same five dates as in the Second Superceding Indictment. However, three counts (Counts 1, 5, and 9) of Felon in Possession of a Firearm were added to the incidents of March 11, 2004, January 23, 2004, and July 31, 2003 respectively. Accordingly, all five of the incidents in the Second Superceding Indictment, now include Defendant being a Felon in Possession of a Firearm in the Third Superceding Indictment. The five incidents are as follows:

1. <u>March 11, 2004</u>
Counts 1, 2, and 3 involves Defendant, a convicted felon, possessing five grams or more of methamphetamine with the intent to distribute and possessing a firearm in furtherance of possessing the methamphetamine with a intent to distribute.

2

2.    <u>February 29, 2004</u>
Count 4 involves Defendant, a convicted felon, possessing a
firearm.

3.    <u>January 23, 2004</u>
Counts 5, 6, and 7 involves Defendant, a convicted felon,
possessing a firearm, and using the firearm to tamper with a
witness who had information regarding the distribution of
methamphetamine.

4.    <u>September 6, 2003</u>
Count 8 involves Defendant, a convicted felon, possessing a
firearm.

5.    <u>July 31, 2003</u>
Counts 9, 10, and 11 involves Defendant, a convicted felon,
possessing five grams or more of methamphetamine with the
intent to distribute and possessing a firearm, and using the
firearm in furtherance of possessing the methamphetamine
with an intent to distribute.

On May 11, 2007, Magistrate Kurren heard Defendant's
Motion to Sever Offenses (Exhibit 2 - transcript of proceedings
"TR").  The Magistrate granted Defendant's motion in part,
allowing  the severance of Counts 5, 6, and 7 from the other
counts.  Implicit in the Magistrate's ruling was that the eleven
counts in the Third Superceding Indictment were properly joined
under FRCP Rule 8(a) because the Magistrate severed the three
counts based on prejudice.  ". . . [T]here is a real risk of --
of potential prejudice by having all of these together.  On the
other hand, you know, having five separate trials makes no sense
at all.  But I'm going to take out the -- most inflammatory ones
out 5, 6, and 7, and I'm going to sever." (TR 8-9 ln 24-3)
Accordingly, the basis for the Magistrate's ruling was based on a
Rule 14(a) severance analysis.

On May 24, 2007, the Order Granting in part and Denying in part Defendant['s] Motion to Sever Offenses filed on February 21, 2007 and Supplemented April 9, 2007 (Exhibit 1) was filed.

II.    <u>STANDARD OF REVIEW</u>

A magistrate judge's pretrial order is reversible by the district court, under 28 U.S.C. § 636(b)(1)(A), if it is "clearly erroneous or contrary to law."

III.    <u>ARGUMENT</u>

A.    <u>Proper Joinder under FRCP Rule 8(a)</u>

As argued in the government's Memorandum in Opposition to Defendant's Motion to Sever Counts filed on April 26, 2007 (Exhibit 2), the joinder of the eleven counts in the Third Superceding Indictment was proper.  Counts 1, 2, and 3; Counts 5, 6, and 7; and Count 9, 10, and 11 are properly joinder under FRCP Rule 8(a) by date of occurrence because they " . . . are based on the same act or transaction."[1]  The five transactions: Counts 1, 2, and 3 (March 11, 2003); Count 4 (February 29, 2004); Counts 5, 6, and 7 (January 23, 2003); Count 8 (September 6, 2003); and Counts 9, 10, and 11 (July 31, 2003) are properly joined because they all involve one count in each of the transactions of Felon in Possession of a Firearm (Counts 1, 4, 5, 8, and 9). Therefore, these five transactions are properly joined under FRCP Rule 8(a) because they contain counts that ". . . are of the same or similar character."

---

[1] Defendant implicitly conceded this by arguing both in his Motion to Sever Offenses and at the hearing on the Motion, that severance of the counts should be based in date of occurrence.

B.   <u>Improper Severance under FRCP Rule 14(a)</u>

Given the proper joinder of all 11 counts of the Third Superceding Indictment, the issue before the Magistrate was whether severance under Rule 14(a) was appropriate.  Under FRCP Rule 14(a), a court may sever the offenses in the indictment and order separate trials of counts if the joinder of offenses in the indictment for trial appears to prejudice the defendant.  The decision to sever "rests within the sound discretion of the district court." <u>United States v. Smith</u>, 893 F.2d 1573, 1581 (9th Cir. 1990).  However, the party seeking to sever must meet a heavy burden as Rule 14 sets a "high standard" for proving prejudice.  <u>United States v. Vasquez-Velasco</u>, 15 F.3d 833, 845-46 (9th Cir. 1994).  A defendant needs to show "clear, manifest, or undue prejudice" to justify a severance. <u>Id.</u>

The Magistrate's severance of Counts 5, 6, and 7 (January 23, 2004 transaction) is contrary to law.  The joinder of counts that are of the same character (Felon in Possession of a Firearm - Counts 1, 4, 5, 8, & 9) with counts that are of the same transaction (March 11, 2004, February 29, 2004, January 23, 2004, September 6, 2003, and July 31, 2003) is not prejudicial under Rule 14(a).  Defendant's speculation that prejudice may result without a severance did not meet the heavy burden imposed by Rule 14.  There has been no showing that there would be "clear, manifest, or undue prejudice" to justify a severance.

In <u>United States v. Blake</u>, 941 F.2d 334 (5th Cir. 1991), <u>cert. denied</u>, 506 U.S. 998 (1992), impliedly overruled on

5

other grounds, <u>United States v. Tolliver</u>, 116 F.3d 120 (5th Cir.
1997), the defendant, an illegal alien, who was indicted on seven
counts of various drugs and weapons charges moved to sever the
counts in the indictment into two transactions.  The first
transaction concerned the unlawful possession and acquisition of
firearms in March 1989 and the second transaction concerned the
events surrounding his arrest in April 1990, which included the
drugs and weapons offenses.  The Fifth Circuit affirmed the
district court's denial of defendant's motion to sever and
concluded that the district court's ruling allowing the counts to
proceed to trial under a single indictment was not error.  The
court found that both transactions contained the identical charge
of unlawful possession of firearms by an illegal alien and held
joinder permissible under Rule 8(a)  <u>Id</u>. at 338.

          The facts here are similar to <u>Blake</u>.  However, instead
of two transactions, we have five transactions that contain the
identical charge of Felon in Possession of a Firearm.  Three of
the five transactions involve the use of the firearm in
furtherance of either a drug trafficking offense or a crime of
violence.  Evidence from one transaction will overlap with
evidence of other transactions thereby increasing the need to
have all 11 counts joined for judicial economy.

          While there will be overlapping evidence, there is
sufficiently strong evidence as to each transaction for the jury
to be able to convict Defendant of each transaction and count
independently.  Accordingly, this will not be the situation where

evidence for one transaction is "sparse" and the evidence of
another transaction is "overwhelming" thereby possibly affecting
the jury's ability to weigh the evidence independently as to each
transaction.  Cf. <u>United States v. Lewis</u>, 787 F.2d 1318, 1322-24
(9th Cir. 1986), as amended by 798 F.2d 1250 (9th Cir. 1986)
(reversing denial of severance of two counts where evidence of
killing to avoid apprehension for bank larceny was "sparse" and
"weak" and evidence of felon in receipt of a firearm was
"overwhelming", the trial court failed to properly instruct the
jury to consider the evidence as to each count separately and not
to consider the defendant's prior conviction in determining
guilt, and the prosecutors emphasis that the defendant was a
convicted felon.)  The burden on judicial resources that would
result from having two trials which would have similar witnesses
and evidence outweighs any alleged and minimal prejudice that
Defendant may suffer.

        Any alleged and minimal prejudice can be remedied by
proper jury instructions.  Defendant argued in his Motion
(Exhibit 4) that without a severance, he will be prejudiced
because "proof a defendant is guilty of one of the offense will
probably cause him to be convicted of a second offense."
Defendant further argued that even with a limiting instruction
the "jurors will be confused."  However, this Court can
affirmatively instruct the jurors that they are to decide the
counts separately, and that their verdict on any one count should
not control their verdict on any other.  See <u>Rousseau</u> at 925

(finding joinder proper despite stronger evidence on one count, because the judge instructed the jury to consider the counts separately). Additionally, jurors are, "presumed to follow their instructions," Id., and "when a court charges the jury on the elements of each counts separately, its action militates against a finding of prejudice." Id. Therefore, any alleged possible prejudice Defendant may face without a severance is cured by a jury instruction.

At the hearing on the Motion to Sever, Defendant argued that, at a minimum, without a severance of Counts 5, 6, and 7 (January 23, 2004 incident), jurors would be so tainted by facts of the January 23, 2004 incident[2] it would be unfair to Defendant because Defendant would get "carried away just because of the one count . . . dealing with the alleged torture[3]." The Magistrate seemed convinced by Defendant's argument and asked the government, "Isn't -- Isn't there a real chance that the overload of having these all together really insures to the defendant's detriment and that this is the kind of situation that sort of calls out for separating some of the stuff." (TR 6 ln 8-9) " . . . [F]undamental fairness of the Defendant would require some separation." (TR 8 ln 13-14).

---

[2] In Count 6, Defendant is charged with witness tampering. The government expects the testimony at trial to show Defendant threatened a witness with the use of physical force and using a firearm in order to alter the information the witness was to provided to federal authorities.

[3] "Torture" is a term used by Defendant to describe his actions in taking plyers to the witness' finger.

Despite Defendant's argument, there is nothing in the record that establishes that Defendant would be prejudiced in a manner that FRCP Rule 14(a) contemplates.  A joinder of all eleven counts is not "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] the exercise of the court's discretion to sever." United States v. Brashier, 548 F.2d 1315, 1323 (9th Cir. 1976). See also Lewis at 1321,(defining "manifestly prejudicial" as "of such magnitude that the defendant's right to a fair trial was abridged").

IV.  <u>CONCLUSION</u>

For the reasons stated above, the United States requests that this Court vacate the Order Granting in part and Denying in part Defendant['s] Motion to Sever Offenses filed on February 21, 2007 and Supplemented April 9, 2007, leaving the Third Superceding Indictment undisturbed such that there will be only one trial from Defendant.

DATED: June 1, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Darren W.K. Ching
   DARREN W. K. CHING
   Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA