EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON  #4532
Chief, Major Crimes

DARREN W.K. CHING  #6903
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
|---|---|
| Plaintiff, | ) GOVERNMENT'S OPPOSITION TO |
| | ) DEFENDANT'S MOTION TO SEVER |
| vs. | ) OFFENSES; CERTIFICATE OF |
| | ) SERVICE |
| SILVER JOSE GALINDO, | ) |
| (a.k.a. DANIEL S. GALINDO) | ) |
| (a.k.a. TIMOTHY MAU) | ) |
| Defendant. | ) |

<u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SEVER OFFENSES</u>

Now comes the United States through its undersigned counsel and herein opposes Defendant SILVER GALINDO'S, a.k.a. DANIEL S. GALINDO, a.k.a. TIMOTHY MAU ("GALINDO"), motion to sever offenses. GALINDO's motion requests that this Court sever the eight count Second Superceding Indictment by conducting five separate trials. GALINDO argues that he will be prejudiced


EXHIBIT 3

absent a severance of the offenses charged in the Second Superceding Indictment into five separate trials. GALINDO argues the five incidents (separated by date of occurrence) are distinct and separate, involving discreet and dissimilar acts.

I.  **BACKGROUND**

On October 27, 2005, a federal grand jury indicted GALINDO in an eight count Second Superceding Indictment, charging him with:

Count 1
March 11, 2004 = Possession with the Intent to Distribute 5 grams or more of Methamphetamine.

Count 2
March 11, 2004 = Possession of a Firearm in furtherance of a drug trafficking crime (Count 1).

Count 3
February 29, 2004 - Felon in Possession.

Count 4
January 2004 = Tampering with a Witness.

Count 5
January 2004 = Possession of a Firearm in furtherance of a Crime of Violence (Count 4).

Count 6
September 6, 2003 = Felon in Possession.

Count 7
August 2003 = Possession with the Intent to Distribute 5 grams or more of Methamphetamine.

Count 8
July 31, 2003 through August 2003 = Possession of a Firearm in furtherance of a drug trafficking crime (Count 7).

On February 21, 2007, GALINDO filed a motion to sever

offenses pursuant to Rule 14 of the Federal Rules of Criminal Procedure ("FRCP"), seeking five separate trials. GALINDO suggested that the five trials should be separated according to date of occurrence (Counts 1 & 2; Count 3; Counts 4 & 5; Count 6; and Counts 7 & 8).

On April 6, 2007, GALINDO supplemented his motion to sever offenses by asserting that the Second Superceding Indictment was misjoined under FCRP Rule 8(a).

On April 25, 2006, a grand jury indicted GALINDO in a Third Superceding Indictment. In this eleven count indictment, the grand jury charged GALINDO with committing crimes on the same five dates as in the Second Superceding Indictment. However, three counts (Counts 1, 5, & 9) of Felon in Possession of a Firearm were added to the incidents of March 11, 2004, January 23, 2004, and July 31, 2003 respectively. Accordingly, all five of the incidents in the Second Superceding Indictment, now include GALINDO being a felon in possession of a firearm in the Third Superceding Indictment. The five incidents are as follows:

1. <u>March 11, 2004</u>

Counts 1, 2, and 3 involves GALINDO, a convicted felon, possessing five grams or more of methamphetamine with the intent to distribute and possessing a firearm in furtherance of possessing the methamphetamine with a intent to distribute.

2.  <u>February 29, 2004</u>

Count 4 involves GALINDO, a convicted felon, possessing a firearm.

3.  <u>January 23, 2004</u>

Counts 5, 6, and 7 involves GALINDO, a convicted felon, possessing a firearm, and using the firearm to tamper with a witness who had information regarding the distribution of methamphetamine.

4.  <u>September 6, 2003</u>

Count 8 involves GALINDO, a convicted felon, possessing a firearm.

5.  <u>July 31, 2003</u>

Counts 9, 10, and 11 involves GALINDO, a convicted felon, possessing five grams or more of methamphetamine with the intent to distribute and possessing a firearm, and using the firearm in furtherance of possessing the methamphetamine with an intent to distribute.

## II. **DISCUSSION**

The Third Superseding Indictment addresses any possible claims that the eight counts in the Second Superceding Indictment were misjoined. In filing this memorandum in opposition to GALINDO's motion to sever offenses based on prejudice and misjoinder, the government addresses the proper joinder of the eleven counts in the Third Superseding Indictment.

### A. All 11 Counts of the Third Superseding Indictment Are Properly Joined Under Rule 8(a)

Rule 8(a), Federal Rules of Criminal Procedure, which governs the joinder of offenses, provides:

> The indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The Ninth Circuit has consistently recognized that Rule 8(a) is to be construed in favor of joinder. See United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971), cert. denied Jacobs v. United States, 404 U.S. 958 (1971), ("The availability of Rule 14 as a remedy for prejudice that may develop during the trial permits Rule 8 to be broadly construed in favor of initial joinder, both of offenses and of defendants.") " . . . [J]oinder is the rule rather than the exception." United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980). In determining whether joinder is proper, the district court examines only those allegations in the indictment. United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995); United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990).

#### 1. Same or similar character.

In United States v. Rousseau, 257 F.3d 925, 933 (9th Cir. 2001), the Ninth Circuit affirmed the defendant's

5

conviction, holding that the district court did not abuse its discretion in denying Rousseau's motion to sever. The Court held that Count 1 of the indictment charging defendant with being a felon in possession of a firearm on January 26, 1999 were of the same or similar character to Count 2 of the indictment charging defendant of being a felon in possession of a firearm on August 13, 1999, and therefore, properly joined. Id. at 932.

For purposes of joinder, offenses "are of the same or similar character" if they have any of a number of shared traits. United States v. Coleman, 22 F.3d 126, 131 (7th Cir. 1994). The Seventh Circuit, in Coleman, upheld joinder of four counts of being a felon in possession of firearm charges on the basis that the offenses were of the same or similar character even though offenses allegedly occurred sporadically over a two-year period and were witnessed by separate sets of witnesses.

The Third Superseding Indictment charges GALINDO with being a felon in possession on five separate occasions: Count 1 - March 11, 2004, Count 4 - February 29, 2004, Count 5 - January 23, 2004, Count 8 - September 6, 2003, and Count 9 - July 31, 2003. Under Rousseau, GALINDO's possession of these firearms on five separate occasions, over a span of approximately eight months, are of the "same or similar character" under Rule 8(a).

2.  **Same act or transaction.**

In VonWille, the Ninth Circuit upheld the conviction of

6

the defendant on charges of being a felon in possession and the use of a firearm in relation to a drug trafficking offense. Id. at 922. In doing so, the Court held that the district court properly denied the defendant's motion to sever based on Rule 8(a) and 14. Id. at 929. The defendant's indictment charge him with being a felon possessing of the same firearms (Count 1) that he was charged with using in relation to a drug trafficking offense (Count 2). The Court noted the commonality between the firearms was "sufficient to satisfy Rule 8(a)." Id.

In United States v. Lopez, 477 F.3d 1110, 1116 (9th Cir. 2007), the Ninth Circuit, held that the district court did not abuse its discretion in refusing to sever for trial drug-related counts from other charges, to wit: being a felon and an illegal alien in possession of a firearm, possession of a firearm in furtherance of a drug trafficking offense and illegal re-entry in the United States. The Court held that "joinder was not 'so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled the exercise of the court's discretion to sever.'" United States v. Brashier, 548 F.2d 1315, 1323 (9th Cir. 1976). The Court found that the charges were extensively interrelated and were thus reasonably consolidated into one trial.

Here, Counts 1, 2, and 3; Counts 5, 6, and 7; and Counts 9, 10, and 11 are properly joined under Rule 8(a), as they

7

are part of the same transactions. GALINDO does not argue the propriety of the joinder of these counts into three incidents based on date of occurrence (See Defendant's Motion to Sever Offense filed on February 21, 2007).

Counts 1, 2, and 3 occurred on March 11, 2004 and involves GALINDO, a convicted felon, possessing five grams or more of methamphetamine with the intent to distribute and possessing a firearm in furtherance of possessing the methamphetamine with a intent to distribute. The firearm possessed in Count 1 is the same firearm possessed in Count 3. The firearm possessed in Count 3 was possessed in furtherance of Count 2.

Counts 5, 6, and 7 occurred on January 23, 2004 and involves GALINDO, a convicted felon, tampering with a witness and using a firearm in furtherance of the witness tampering. The firearm possessed in Count 5 is the same firearm used in Count 7. The firearm used in Count 7 was used in furtherance of Count 6.

Counts 9, 10, and 11 occurred on July 31, 2003 and involves GALINDO, a convicted felon, possessing five grams or more of methamphetamine with the intent to distribute and using a firearm in furtherance of possessing the methamphetamine with a intent to distribute. The firearm possessed in Count 9 is the same firearm used in Count 11. The firearm used in Count 11 was used in furtherance of Count 10.

### 3. Joinder of counts that are of the same character with counts that are of the same transaction.

In United States v. Blake, 941 F.2d 334 (5th Cir. 1991), cert. denied, United States v. Blake, 506 U.S. 998 (1992), impliedly overruled on other grounds, United States v. Tolliver, 116 F.3d 120 (5th Cir. 1997), the defendant, an illegal alien, who was indicted on seven counts of various drugs and weapons charges moved to sever the counts in the indictment into two groups. The first group concerned the unlawful possession and acquisition of firearms in March 1989 and the second group concerned the events surrounding his arrest in April 1990, which included the drugs and weapons offenses. The Fifth Circuit affirmed the district court's denial of defendant's motion to sever and concluded that the district court's ruling allowing the counts to proceed to trial under a single indictment was not error. The court found that both groupings of offenses contained the identical charge of unlawful possession of firearms by an illegal alien and held joinder permissible under Rule 8(a) Id. at 338.

All 11 counts of the Third Superseding Indictment are properly joined and should be allowed to proceed in a single trial rather than in five separate trials. Counts 1, 4, 5, 8, and 9 are properly joined as they involved the same crime - felon in possession, occurring on five different dates. Because these five counts are properly joined, the counts that occurred during

9

the same transaction as these five counts are also properly joined: Count 1 with Counts 2 and 3; Count 5 with Counts 6 and 7; and Count 9 with Counts 10 and 11.

### B. Counts 1 Through 11 of the Third Superseding Indictment Should Not Be Severed Under Rule 14

Under Rule 14(a) of the Federal Rules of Criminal Procedure, the Court may sever the offenses in the indictment and order separate trials of counts if the joinder of offenses in the indictment for trial appears to prejudice the defendant. However, the party seeking to sever must meet a heavy burden as Rule 14 sets a "high standard" for proving prejudice. United States v. Vasquez-Velasco, 15 F.3d 833, 845-46 (9th Cir. 1994). The decision to sever "rests within the sound discretion of the district court." United States v. Smith, 893 F.2d 1573, 1581 (9th Cir. 1990).

GALINDO argues that without a severance he will be prejudiced because "proof a defendant is guilty of one of the offense will probably cause him to be convicted of a second offense." Defendant's speculation that prejudice may result from the joinder of the eleven counts in a single trial does not meet the heavy burden imposed by Rule 14.

GALINDO also argues that he "may wish to testify in his own behalf on one offense but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither." This equivocal statement is a hollow attempt to

10

claim a putative prejudice. "[A] defendant must demonstrate that he has important testimony to give concerning some counts and a strong need to refrain from testifying on others." United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir. 1988). Defendant's proffer is insufficient. GALINDO has not shown his desire to testify will be prejudiced without a severance. In order for GALINDO establish prejudice so as to require severance, he must do more than make a bare assertion of a desire to testify. He must provide sufficient information regarding what his testimony would be if a severance was granted. (See United States v. Box, 50 F.3d 345, 357 (5th Circuit 1995)(severance was not required as defendant did not indicate what testimony he would have given if severance were granted).

Lastly, GALINDO argues that even with a limiting instruction the "jurors will be confused." This Court can affirmatively instruct the jurors that they are to decide the counts separately, and that their verdict on any one count should not control their verdict on any other. See Rousseau at 925 (finding joinder proper despite stronger evidence on one count, because the judge instructed the jury to consider the counts separately). Additionally, jurors are, "presumed to follow their instructions," Id., and "when a court charges the jury on the elements of each counts separately, its action militates against a finding of prejudice." Id. Therefore, any alleged possible

prejudice GALINDO may face without a severance is cured by a jury instruction.

### III. CONCLUSION

For the reasons stated above, the United States requests that the Court deny defendant's motion to sever offenses.

DATED: April 26, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Darren W. K. Ching
   DARREN W. K. CHING
   Assistant U.S. Attorney


Attorneys for Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class mail:

JACK SCHWEIGERT, ESQ.
550 Halekauwila, Room 309
Honolulu, HI 96813

Attorney for Defendant

DATED: April 26, 2007, at Honolulu, Hawaii.

/s/ Valerie Domingo

**Responses & Replies**
1:04-cr-00053-DAE USA v. Galindo

## U.S. District Court

### District of Hawaii - CM/ECF V3.04 (3/07)

**Notice of Electronic Filing**

The following transaction was entered by Ching, Darren on 4/26/2007 at 10:01 AM HST and filed on 4/26/2007
**Case Name:** USA v. Galindo
**Case Number:** 1:04-cr-53
**Filer:** USA
**Document Number:** 105

**Docket Text:**
MEMORANDUM in Opposition by USA as to Silver Jose Galindo re [93] MOTION to Sever Defendant *and COS* (Ching, Darren)


**1:04-cr-53-1 Notice has been electronically mailed to:**

Darren W.K. Ching    Darren.Ching@usdoj.gov, USAHI.ECFMajorCrimes@usdoj.gov, Valerie.Domingo@usdoj.gov

**1:04-cr-53-1 Notice will not be electronically mailed to:**

Jack F. Schweigert
The Lawyers Building
550 Halekauwila St Rm 309
Honolulu, HI 96813

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=4/26/2007] [FileNumber=271961-0]
[2007e37178170510d0c117c1c90742afac520d170b0bea4bfa381069ba05c193b347
0b1734daa6080b288b5f36fc3954d9d17be308b13364a7aae001e35fa1ed]]