EDWARD H. KUBO, JR.     #2499
United States Attorney
District of Hawaii

DARREN W.K. CHING     #6903
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00053 DAE |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S OPPOSITION TO |
| | ) | DEFENDANT'S MOTION COMPEL |
| vs. | ) | DISCOVERY; EXHIBIT 1; |
| | ) | CERTIFICATE OF SERVICE |
| SILVER JOSE GALINDO, | ) | |
| aka DANIEL S. GALINDO, | ) | |
| aka TIMOTHY MAU, | ) | Date: June 12, 2007 |
| | ) | Time: 2:30 p.m. |
| Defendant. | ) | Judge: LESLIE E. KOBAYASHI |
| | ) | |

<u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY</u>

    Now comes the United States through its undersigned counsel and herein opposes Defendant Silver Galindo's, aka Daniel S. Galindo, aka Timothy Mau ("Defendant"), Motion to Compel Discovery.  In his motion, Defendant seeks "unredacted and complete reports. . . " and "any other reports that have not already been turned over dealing with Defendant. . . ."

    This Court should deny this motion for several reasons.  First, the government is under no obligation to provide the

material requested.  Second, despite the government being under no obligation to do so, the government has nonetheless provided redacted discovery to Defendant.  Third, despite the government being under no obligation to do so, it will provide unredacted copies of discovery pages 1, 2, 3, 6, 7, 8, 9, 10, 11 and 132, and make available for *in camera* inspection discovery pages 382 - 386.

**I.   Background**

On March 13, 2007, the government documented the discovery that had been provided to Defendant. (Exhibit 1)  This included numerous reports implicating Defendant in numerous crimes.  The government was under no obligation to provided this.  On May 22, 2007, Defendant filed his Motion to Compel Discovery seeking "unredacted and complete reports. . . " and "any other reports that have not already been turned over dealing with Defendant. . . ."  Despite this request to provide unredacted copies of all reports, Defendant attached as exhibits specific pages within the discovery:  pages 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 382, 384, 385, 386, 131 and 132.  Defendant cites to Federal Rules of Criminal Procedure ("FRCP") Rule 26.2 and 18 U.S.C. § 3500(b) in support of his request.

**II.  Discussion**

Under FRCP Rule 26.2 and 18 U.S.C. § 3500(a), a defendant may discover a witness' pretrial statements after the

witness has testified on direct exam.  18 U.S.C. § 3500(b) requires that these pretrial statements relate to the subject matter of the witness' testimony.

18 U.S.C. § 3500(e)(1) reads as follows:

> The term "statement", as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—
>
> > (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
> > (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
> > (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

Therefore, applying FRCP Rule 26.2 and § 3500, the requested material is not yet discoverable.  Rather, the requested material would only be discoverable after the agent who authored the statements testified.  This requested material would not even be discoverable, after the witness/cooperator testified because it is not the statement of the witness/cooperator who was interviewed.

**A.  Pages 1, 2, 3, 6, 7, 8, 9, 10, 11 and 132**

Despite the government being under no obligation to provide this requested material, the government has nonetheless provided redacted discovery to Defendant.  Given safety and security concerns at the time this discovery was made available,

the government redacted the names of the witnesses/cooperators named in the discovery.  While these safety and security concerns still exist, the government has already provided Defendant with the plea agreements and other information regarding these witnesses/cooperators.  Accordingly, Defendant is aware of who will be testifying against him.  Despite this knowledge, Defendant wants unredacted copies of reports.  The government, in making a case by case assessment here will provide unredacted copies of pages 1, 2, 3, 6, 7, 8, 9, 10, 11 and 132.  However, given there are still safety and security concerns, the government requires that this disclosure be accompanied by an agreement that said unredacted material not be possess by Defendant while at FDC to ensure that the material is not dispersed throughout the FDC because the unredacted copies will name witnesses/cooperators who are presently housed at FDC.

    B.    **Pages 382 - 386**

The redacted portions of these reports would not be discoverable even after the witness/cooperator testifies as they are not relevant to the prosecution for the crimes charged in the Third Superceding Indictment.  The redacted information deals with other topics and subjects not involving Defendant's charged crimes.  However, the government can provide this Court with an unredacted copy to conduct an *in camera* review of redacted portions to make its own determination.

**C.     Page 5**

The government will not provide an unredacted copy of page 5 of the discovery.  This report involves a witness that the government does not intend to call.  Therefore, Defendant has no right to have the government disclose this information.

### III. Conclusion

Defendant is not seeking to compel discovery that government is mandated to disclose.  Accordingly, the United States requests that this Court deny Defendant's Motion to Compel Discovery.

Despite being under no obligation to provide requested material the government will disclose some of the information requested (pages 1, 2, 3, 6, 7, 8, 9, 10, 11 and 132) with an agreement that they not be possessed by Defendant.  Additionally, the government can provide to this Court for *in camera* review unredacted copies of reports (pages 382 - 386) that the government opines is not relevant to the prosecution of Defendant.  The government will not provide an unredacted copy of page 5 of the discovery.

DATED: June 5, 2007, at Honolulu, Hawaii.

> EDWARD H. KUBO, JR.
> United States Attorney
> District of Hawaii
>
> By /s/ Darren W.K. Ching
> DARREN W. K. CHING
> Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class mail:

JACK SCHWEIGERT, ESQ.
The Lawyers Building
550 Halekauwila, Room 309
Honolulu, HI 96813

Attorney for Defendant

DATED: June 5, 2007, at Honolulu, Hawaii.

    /s/ Valerie Domingo