EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

DARREN W.K. CHING    #6903
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 04-00053 DAE |
| ) | |
| Plaintiff, ) | GOVERNMENT'S OPPOSITION TO |
| ) | DEFENDANT'S MOTION FOR FILING |
| vs. ) | BILL OF PARTICULARS ON COUNTS |
| ) | 3, 9, 10, & 11; EXHIBIT 1; |
| SILVER JOSE GALINDO, ) | CERTIFICATE OF SERVICE |
|    aka Daniel S. Galindo, ) | |
|    aka Timothy Mau, ) | Date:  June 12, 2007 |
| ) | Time:  2:30 p.m. |
| Defendant. ) | Judge: Leslie E. KOBAYASHI |
| ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR FILING BILL OF PARTICULARS ON COUNTS 3, 9, 10, & 11

Now comes the United States through its undersigned counsel and herein opposes Defendant Silver Galindo's, aka Daniel S. Galindo, aka Timothy Mau ("Defendant"), Motion for Filing Bill of Particulars on Counts 3, 9, 10, & 11. This Court should deny this motion for several reasons. First, the Third Superceding Indictment provides a clear description of the charges. Second, the government has provided discovery to Defendant with detailed

information concerning these counts.  Third, Defendant's request for a Bill of Particulars should not be used as a discovery tool to force the government to disclose how it will prove its case at trial and thereby pre-try it case because Defendant is not seeking information about **what** the government is alleging, but rather **how** the charges will be proven.

I.  BACKGROUND

On April 25, 2006, a grand jury indicted Defendant in a Third Superceding Indictment.  In this eleven count indictment, the grand jury charged Defendant with:

Count 1
March 11, 2004 = Felon in Possession of a Firearm and Ammunition.

Count 2
March 11, 2004 = Possession with the Intent to Distribute 5 grams or more of Methamphetamine.

Count 3
March 11, 2004 = Possession of a Firearm in furtherance of a drug trafficking crime (Count 2).

Count 4
February 29, 2004 = Felon in Possession of a Firearm and Ammunition.

Count 5
January 23, 2004 = Felon in Possession of a Firearm and Ammunition.

Count 6
January 23, 2004 = Tampering with a Witness.

Count 7
January 23, 2004 = Possession of a Firearm in furtherance of a Crime of Violence (Count 7).

Count 8

2

September 6, 2003 = Felon in Possession of a Firearm.

Count 9
July 31, 2003 = Felon in Possession of a Firearm.

Count 10
July 31, 2003 = Possession with the Intent to Distribute 5 grams or more of Methamphetamine.

Count 11
July 31, 2003 = Possession of a Firearm in furtherance of a drug trafficking crime (Count 10).

## II.  DISCUSSION

A defendant has the burden of demonstrating that he would be prejudiced by a denial of a bill of particulars.  This Court has substantial discretion in the matter, and its ruling will not be disturbed absent an abuse of discretion. United States v. Avers, 924 F.2d 1468 (9th Cir. 1991).

A bill of particulars should be granted only where it is necessary to inform the accused of the charge with sufficient precision to enable him to prepare a defense, to avoid prejudicial surprise at trial, or to enable him to plead his acquittal or conviction in bar of further prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77, 82 (1927); United States v. Giese, 597 F.2d 1170 (9th Cir. 1979), cert. denied, 444 U.S. 979 (1979).  A bill of particulars is not necessary if the indictment advises a defendant of the details of an offense. Id. at 1180.  A bill of particulars thus should be ordered only if the indictment is too vague and indefinite to achieve the purposes served by the bill. United States v.

Sullivan, 421 F.2d 676 (5th Cir. 1970). The standard to apply is not whether the information sought is helpful to the defense, but whether it is necessary to the defense. United States v. Kelly, 2000 WL 145468 (S.D.N.Y. February 9, 2000). A bill of particulars is not necessary if the government's discovery adequately advises the defendant of the charges against him. United States v. Lona, 706 F.2d 1044, 1054 (9th Cir. 1983) ("Full discovery will obviate the need for a bill of particulars."); United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984); United States v. Buckner, 610 F.2d 570, 574 (9th Cir. 1979).

A bill of particulars is not an investigative tool for the defense "to obtain detailed disclosure of the government's evidence prior to trial." States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978), cert. denied, 439 U.S. 819 (1978); United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982). Nor is it to be used for generalized discovery. United States v. Anderson, 799 F.2d 1438 (11th Cir. 1986), cert. denied, 480 U.S. 931 (1989). To allow a bill of particulars to serve as discovery would frustrate the purposes of Federal Rule of Criminal Procedure 16. Id.

Additionally, a defendant may not use a motion for bill of particulars to compel the disclosure of a government witness list. United States v. Largent, 545 F.2d 1039 (6th Cir. 1976). Nor should a bill or particulars be used as a inquiry into the

government's legal or evidentiary theory.  See e.g., United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); United States v. Bozza, 234 F. Supp. 15 (E.D.N.Y. 1964); United States v. Kahaner, 203 F. Supp. 78 (S.D.N.Y.), aff'd, 317 F.2d 459 (2d Cir.), cert. denied, 375 U.S. 836 (1963).

Defendant requests that this Court order the government to file a bill of particulars detailing "the factual basis for the allegations in Counts 3, 9, 10, & 11 as well as the witnesses to be called by the government in support of the allegations in Counts 3, 9, 10 & 11."  Despite Defendant's acknowledgment that "it is neither the function nor purpose of a bill of particulars to predicate detailed disclosure of the government's case," and when the government provides full discovery, the need for a bill of particulars may be obviated," he nonetheless argues that the discovery fails to provide him sufficient notice of his criminal conduct.

As of March 13, 2007, Defendant had been provided numerous pages of discovery. (Exhibit 1)  This discovery details the facts and circumstances of all eleven counts in the Third Superceding Indictment.

**A.   Count 3**

In Count 3, Defendant has been charged with using a Smith and Wesson, model SW9V, caliber .9 mm semiautomatic pistol during and relation to a drug trafficking crime as charged in

5

Count 2.  Count 2 charges Defendant with Possession with the Intent to Distribute 5 grams or more of Methamphetamine on March 11, 2004.

Even though a bill of particulars nor Rule 16 of the Federal Rules of Criminal Procedure require the disclosure that Defendant seeks, the government has already provided this information regarding this count in discovery.  The discovery details the facts and circumstances of Counts 1, 2, and 3.  In his motion, Defendant acknowledges the factual basis for the charge:

> [T]he incident that makes up Count 3 is that the Defendant, when arrested, is alleged to have possessed methamphetamine in a jacket that he was **NOT** wearing and a gun that was [sic] **NOT** on his person in a house occupied by many people of which the Defendant said he was **NOT** a resident[1].  Therefore, the government should provide the Defendant with some basis for how the Defendant is allowed and/or possessed a gun in **FURTHERANCE** of a drug trafficking crime. (Emphasis in original).

Therefore, Defendant's Motion for Filing Bill of Particulars goes beyond a request for a factual basis for the charge and instead, it seeks a legal basis for Count 3.  This goes beyond the purpose of a bill of particulars.  Defendant seeks for the government to divulge its factual and legal theory of the case and the evidence it will use to prove its case.

Nonetheless, Defendant's possession of the firearm was

---

[1] The government is unaware of any statement by Defendant to this effect.

6

"in furtherance" of his possession of the five grams or more of methamphetamine because the firearm facilitated or played a role in the crime.  In United States v. Krouse, 370 F.3d 965, 968 (9th Cir. 2004), the Ninth Circuit held that "sufficient evidence supports a conviction under § 924(c) when facts in evidence reveal a nexus between the guns discovered and the underlying offense." Id. at 968. Referencing Krouse, the Ninth Circuit explained in United States v. Rios, 449 F.3d 1009, 1012 (9th Cir. 2006) that, "[w]hether the requisite nexus is present may be determined by examining, inter alia, the proximity, accessibility, and strategic location of the firearms in relation to the locus of drug activities."  (citing Krouse, 370 F.3d at 968).

### B.    Counts 9, 10, and 11

In Counts 9, 10, and 11, the grand jury charged Defendant with being a convicted felon, possessing a firearm and five grams or more of methamphetamine with the intent to distribute, and using the firearm in furtherance of possessing the methamphetamine with an intent to distribute on July 31, 2003.[2]  The government has provided discovery which details these

---

[2] The government alleges that Defendant's crimes as charge in Counts 9, 10, and 11 occurred at Pacific Marina Hotel involving victim H.F.  Accordingly, given the specificity of the discovery provided, Defendant cannot claim ambiguity with regard to the details of his conduct that serve as the basis for these Counts.

crimes.  Defendant has been sufficiently informed of the crimes in Counts 9, 10, and 11, as he, in his declaration attaches the discovery which supports these charges.

Therefore, what Defendant seeks is a more detailed "disclosure of the governments case."  He seeks from the government, its theory and what facts the government will use to prove its case at trial.  This is exactly what the caselaw cited to by Defendant and the government prohibits.

### III. CONCLUSION

Defendant is not seeking information about **what** the government is alleging but rather **how** the charges will be proven.  This is not the purpose of a bill of particulars.  Accordingly, the United States requests that this Court deny Defendant's Motion for Filing Bill of Particulars.

DATED: June 5, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ Darren W.K. Ching
   DARREN W. K. CHING
   Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

       I hereby certify that on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

<u>Served by First Class mail</u>:

    JACK SCHWEIGERT, ESQ.
    The Lawyers Building
    550 Halekauwila, Room 309
    Honolulu, HI 96813

    Attorney for Defendant

       DATED: June 5, 2007, at Honolulu, Hawaii.

                             <u>/s/ Valerie Domingo</u>