EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

DARREN W.K. CHING #6903
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER JOSE GALINDO,<br>aka Daniel S. Galindo,<br>aka Timothy Mau,<br><br>Defendant. | CR. NO. 04-00053 DAE<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS 1, 4, 5, 8 & 9; CERTIFICATE OF SERVICE<br><br>DATE: June 29, 2007<br>TIME: 9:45 a.m.<br>JUDGE: David A. Ezra |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNTS 1, 4, 5, 8 & 9

Now comes the United States through its undersigned counsel and herein opposes Defendant Silver Galindo's, aka Daniel S. Galindo, aka Timothy Mau ("GALINDO" or "Defendant"), motion to dismiss counts 1, 4, 5, 8 and 9.

**I. Background**

On April 25, 2006, a grand jury indicted GALINDO in a Third Superceding Indictment. In this eleven count indictment,

GALINDO was charged with five counts (1, 4, 5, 8 and 9) of being a Felon in Possession of a Firearm and/or Ammunition in violation of 18 U.S.C. § 922(g)(1). GALINDO argues that § 922(g) is unconstitutional as applied to him because his alleged possession of these firearms did not have a "substantial effect on interstate commerce."

## II. Discussion

GALINDO's argument is contrary to well-established precedent. The Ninth Circuit recently rejected the same argument made by a defendant.

In United States v. Latu, 479 F.3d 1153 (9th Cir. 2007), the Ninth Circuit Court affirmed the denial of a motion to dismiss by this very Court based on the same arguments proffered by GALINDO. The Ninth Circuit reiterated:

> . . . [W]e have repeatedly upheld § 922(g), both facially and as applied, in the face of Commerce Clause challenges. See, e.g., United States v. Hanna, 55 F.3d 1456, 1461-62 (9th Cir. 1995), as amended; United States v. Jones, 231 F.3d 508, 514-15 (9th Cir. 2000); United States v. Davis, 242 F.3d 1162, 1163 (9th Cir. 2001); United States v. Rousseau, 257 F.3d 925, 932-33 (9th Cir. 2001).
>
> * * * *
>
> Latu's remaining argument, that § 922(g) cannot be justified as having a substantial effect on interstate commerce, is equally unavailing. We held in United States v. Stewart, 451 F.3d 1071, 1073, 1078 (9th Cir. 2006), that Congress rationally concluded that possession of a homemade machine gun manufactured intrastate could substantially affect interstate commerce in machine guns. The de minimis character of each individual possession is irrelevant where, as in

> this case, possession is regulated as part of a general regulatory statute that substantially relates to interstate commerce in firearms. See id. at 1078.

Id. at 1156-1157

Counts 1, 4, 5, 8 and 9 of the Third Superseding Indictment, which charges GALINDO with possessing a firearm while being an convicted felon. 18 U.S.C. § 922(g)(1) provides in pertinent part: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to possess **in or affecting commerce**, any firearm or ammunition . . . ." (emphasis added).

Section 922(g)(1) requires the government to prove that the firearm was transported at some point in interstate or foreign commerce. Scarborough v. United States, 431 U.S. 563 (1977). It is not necessary to prove that the defendant was the one who transported the firearm, only that it was transported at some point before the defendant possessed it or during his possession of it. United States v. Hanna, 55 F.3d 1456, 1462 (9th Cir. 1995).

GALINDO, does not argue the firearms that he is charge with possessing did not travel in interstate commerce. Rather, the issue raised by GALINDO is whether the prohibition against GALINDO's subsequent possession of the firearm, as set forth in subsections 922(g)(1), violates the Commerce Clause as applied to

him when he possessed it in an intrastate non-economic capacity.

In United States v. Rousseau, 257 F.3d 925 (9th Cir. 2001), a defendant brought an as-applied challenge to section 922(g), claiming that the government had not shown that his possession of a firearm had any individualized, substantial effect on commerce. Like the defendant in Rousseau, GALINDO claims that section 922(g) is unconstitutional as applied to the facts of his case. He argues that his possession of the firearm did not substantially affect interstate commerce. The Ninth Circuit affirmed the conviction of Rousseau, finding that the Constitution required only "a minimal nexus that the firearm have been, at some time, in interstate commerce." Id. at 933 (quoting Scarborough, 431 U.S. at 575).

Under United States v. Lopez, 514 U.S. 549, 558 (1995), there are three "broad categories of activity that Congress may regulate under its commerce power." 514 U.S. at 558. These categories are: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce; and (3) those activities having a substantial relation to interstate commerce. See id. The "Morrison" test, which requires that non-economic activity have a "substantial effect" on commerce before Congress may exercise its Commerce Clause power, applies only to the third category. See United States v. Morrison, 529 U.S. 598, 610-11

(2000).

With respect to firearms possessed after being shipped or transported in interstate commerce, in United States v. Jones, 231 F.3d 508 (9th Cir. 2000), the Ninth Circuit specifically noted that 18 U.S.C. § 922(g) "can rationally be seen as regulating the interstate transportation of firearms and ammunition and so constitutes a valid exercise of Congress' power to regulate activity in the second of these three [Lopez] categories." Id. at 514 (emphasis added). The court further distinguished section 922(g) from Morrison, noting that, whereas "Section 922(g)(8) regulates the possession of firearms that travel in interstate commerce and have an effect on interstate commerce[,] . . . the statute at issue in Morrison regulates gender-motivated violence, a non-commercial activity. . . ." Id. at 515.

The rationale in Jones has been followed in Rousseau and other subsequent Ninth Circuit cases where the defendants have challenged the constitutionality of section 922(g) under the Commerce Clause. See United States v. Davis, 242 F.3d 1162, 1162-63 (9th Cir. 2001) (per curiam) ("[W]e conclude that, just as Congress lawfully exercised its authority to regulate interstate commerce when it enacted § 922(g)(8), it lawfully exercised its authority in enacting § 922(g)(1)."); United States v. Gonzales, 307 F.3d 906, 914 (9th Cir. 2002)

(following Davis in rejecting a Commerce Clause challenge to section 922(g)(1)).

The Ninth Circuit relied upon Rousseau in United States v. Younger, 398 F.3d 1179 (9th Cir. 2005) to reject a Commerce Clause challenge to § 922(g):

> Defendant's argument that the jurisdictional element of § 922(g) requires proof that the firearm either recently moved across state lines or that defendant's conduct had an actual economic impact likewise lacks merit: "**A one-time past connection to interstate commerce is sufficient under § 922(g)(1)**." United States v. Beasley, 346 F.3d 930, 936 (9th Cir. 2003); see also United States v. Casterline, 103 F.3d 76, 77 (9th Cir. 1996).
>
> Defendant relies on United States v. Morrison, 529 U.S. 598 (2000), and United States v. Lopez, 514 U.S. 549 (1995), characterizing those cases as fatally undermining the model instruction's approach to the jurisdictional element. This court has, however, expressly and repeatedly rejected defendant's reading of the law, even after Morrison and Lopez were decided. See, e.g., United States v. Rousseau, 257 F.3d 925, 932-33 (9th Cir. 2001) (finding past connection to interstate commerce sufficient for § 922(g) conviction). The evidence in this case was undisputed that defendant's guns were manufactured in Massachusetts and found in California. Consequently, the district court's jury instruction was proper and the evidence sufficient to sustain defendant's conviction on count two.

398 F.3d at 1193 (emphasis added).

Here, like in Younger, it is not disputed that the firearms allegedly possessed by GALINDO were manufactured outside the State of Hawaii and subsequently shipped and transported in interstate commerce to Hawaii before he possessed

them. That minimal nexus is all that is required under Scarborough, Younger, Davis, Gonzales, and Rousseau, and under the Commerce Clause.

**III. Conclusion**

For the reasons stated above, the United States requests that this Court deny Defendant's Motion to Dismiss Counts 1, 4, 5, 8, and 9.

DATED: June 5, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ Darren W.K. Ching
DARREN W. K. CHING
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class mail:

JACK SCHWEIGERT, ESQ.
The Lawyers Building
550 Halekauwila, Room 309
Honolulu, HI 96813

Attorney for Defendant

DATED: June 5, 2007, at Honolulu, Hawaii.

/s/ Valerie Domingo