EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

DARREN W.K. CHING    #6903
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>SILVER JOSE GALINDO,<br>   aka DANIEL S. GALINDO,<br>   aka TIMOTHY MAU,<br><br>        Defendant. | CR. NO. 04-00053 DAE<br><br>GOVERNMENT'S OPPOSITION TO<br>DEFENDANT'S MOTION FOR GRAND<br>JURY TRANSCRIPT; CERTIFICATE<br>OF SERVICE<br><br>Date: June 12, 2007<br>Time: 2:30 p.m.<br>Judge: Leslie E. KOBAYASHI |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR FOR GRAND JURY TRANSCRIPT

      Now comes the United States through its undersigned counsel and herein opposes Defendant Silver Galindo's, aka Daniel S. Galindo, aka Timothy Mau ("Defendant"), Motion for Grand Jury Transcript. This Court should deny this motion for two reasons. First, Defendant has not shown a "particularized need" to have copies of "grand jury testimony of each witness the government intends to call at trial for each time they appeared before the

Grand Jury" at this time.  Second, such information will be disclosed by the government earlier than required by Federal Rule of Criminal Procedure ("FRCP") Rule 26.2 and 18 U.S.C. § 3500.

## I. BACKGROUND

On January 29, 2004, Defendant was originally indicted in this case.  A Superseding Indictment was filed on April 1, 2004.  The Second Superseding Indictment was filed October 27, 2005.  The Third Superseding Indictment was filed on April 25, 2007.

On January 22, 2007, during a previous Final Pretrial Conference for the Second Superceding Indictment, the United States agreed to make Jencks disclosures by the Friday before trial.

Trial for the Third Superceding Indictment is set for July 10, 2007, with the Final Pretrial Conference set for June 12, 2007.  It is expected that at the Final Pretrial Conference, the court will request that the government agree to make Jencks disclosures by the July 6, 2007 (the Friday before trial).

## II. DISCUSSION

Defendant requests the grand jury transcript of key prosecution witnesses who appeared before the jury panels that returned the Indictment on January 29, 2004; the Superseding Indictment on April 1, 2004; the Second Superseding Indictment on October 27, 2005; and the Third Superseding Indictment on April

25, 2007. Defendant seeks the grand jury transcript now rather than on July 6, 2007 (the Friday before trial) "for their testimony is critical to proving/disproving the allegations of the indictment" and that it "will greatly facilitate and expedite Defendant's cross examination of the government witnesses at trial and will help streamline the trial of the case."

The Jencks Act, codified at 18 U.S.C. § 3500 provides, in part, that:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

This would include grand jury transcripts of any witnesses that would testify in the government's case. See 18 U.S.C. § 3500(e)(3).

FRCP Rule 6(e) governs the disclosure of grand jury transcripts. A party seeking disclosure of the grand jury transcripts must demonstrate a "particularized need" for the disclosure. United States v. Perez, 67 F.3d 1371, 1381 (9th Cir. 1995), withdrawn in part on other grounds, 116 F.3d 840 (9th Cir. 1997)(en banc), citing Dennis v. United States, 384 U.S. 855, 870 (1966); United States v. Procter & Gamble, 356 U.S. 677, 682-683 (1958). Typically particularized needs include impeachment, refreshing the recollection of, and testing the credibility of

trial witnesses.  Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 n. 12 (1979).

Speculation cannot meet the particularized need test. United States v. Hardy, 762 F. Supp. 1403, 1414 (D. Haw. 1991), citing United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir. 1987), reversed on other grounds, (request for production of grand jury records on nothing but baseless speculation); United States v. Walczak, 783 F.2d 852 (9th Cir. 1986) (defendant not entitled to discovery of grand jury transcripts for reason that defendant alleged no facts to support his reason for the grand jury transcripts and was therefore speculative.)

Defendant's request falls short of showing the required "particularized need" for the **earlier** disclosure of grand jury transcripts.  The only stated reason for requesting these grand jury transcripts earlier is to prepare for cross-examination. Defendant will be provided with an early disclosure of grand jury transcripts on the Friday before trial (by agreement) rather than until the witnesses have testified on direct examination in the trial (as required by Rule 26.2 and 18 U.S.C. § 3500).  The government anticipates that its case-in-chief will possibly be two weeks long, with numerous witnesses testifying about five different transactions.  Disclosure of the grand jury transcripts on the Friday before trial will allow defendant more than ample time to prepare for the cross examination of the government's

witnesses.  This is especially true since the government has already provided Defendant with extensive discovery which includes the agents' reports and witness/cooperators plea agreements.

Further, defense counsel's Declaration fails to meet the "particularized need" standard and is speculative.  Defense counsel justifies his request for earlier disclosure because he speculates that the credibility of the key prosecution witnesses will be an issue at trial, and many of the government witnesses are convicted felons who are seeking further reduction in their jail sentences and that they have already benefitted with a reduction of their sentence they would otherwise receive as a result of executing cooperation agreements with the government.  However, Defendant's justification assumes: 1) that many of the government witnesses have testified at Grand Jury and 2) credibility issues of key prosecution witnesses were raised during Grand Jury.

## II. CONCLUSION

Defendant has not met his burden in establishing a "particularized need" that requires disclosure of the request material at this time.  Defendant will receive said-material earlier than required by FRCP Rule 26.2 and 18 U.S.C. § 3500.

//

//

Accordingly, the United States requests that this Court deny Defendant's Motion for Grand Jury Transcripts.

DATED: June 5, 2007, at Honolulu, Hawaii.

                         EDWARD H. KUBO, JR.
                         United States Attorney
                         District of Hawaii

                         By /s/ Darren W.K. Ching
                           DARREN W. K. CHING
                           Assistant U.S. Attorney

                         Attorneys for Plaintiff
                         UNITED STATES OF AMERICA

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

<u>Served by First Class mail</u>:

    JACK SCHWEIGERT, ESQ.
    The Lawyers Building
    550 Halekauwila, Room 309
    Honolulu, HI 96813

    Attorney for Defendant

DATED: June 5, 2007, at Honolulu, Hawaii.

                                        <u>/s/ Valerie Domingo</u>