**ORIGINAL**

JACK SCHWEIGERT, ESQ.
550 Halekauwila Street, Room 309
Honolulu, HI 96813
Phone: (808) 533-7491
CJA Attorney for Silver Jose Galindo



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 5 2007

at \_\_\_ o'clock and \_\_\_ min. \_\_M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER JOSE GALINDO,<br><br>Defendant. | ) CR. NO. 04-00053 DAE<br>)<br>) DEFENDANT'S RESPONSE<br>) TO APPEAL AND REQUEST TO<br>) THE DISTRICT COURT TO<br>) RECONSIDER A PRETRIAL<br>) MATTER DETERMINED BY THE<br>) MAGISTRATE JUDGE DATED<br>) JUNE 1, 2007; CERTICIATE OF<br>) SERVICE<br>)<br>) TRIAL: July 10, 2007<br>)<br>) NON-HEARING MOTION<br>) |

DEFENDANT'S RESPONSE TO APPEAL AND REQUEST TO THE DISTRICT
COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE
MAGISTRATE JUDGE DATED JUNE 1, 2007

The Government has filed an Appeal and Request to the District Court to

reconsider the Magistrate Judge's decision severing counts 5, 6, & 7 from the

remainder of an 11-count indictment. Its request is without merit.

In that regard, a District Judge may reconsider a Magistrate's order in a pretrial

matter **ONLY IF** order is "clearly erroneous" or "contrary to law." Osband v.

Woodford, 290 F.3d 1036 (9th Cir. 2002) Neither standard is met in the matter at bench.

1. <u>Severance was appropriate because joinder of counts 1-4 & 8-11 with Counts 5, 6 & 7 was improper as there was no nexus in the fact patterns involved</u>

When examining 9th Circuit case law dealing with improper joinder of offenses, the Court requires that there be some form of nexus between the counts, which is found from concepts like temporal proximity, physical location, modes of operation, identity of victims, likelihood of evidentiary overlap, and the like. <u>U.S. v. Jawara</u>, 474 F.3d 565, 574 (9th Cir. 2007).

Looking at the indictment in this case, which is all the Court is supposed to look at in analyzing joinder (Id @ 573), counts 5, 6 & 7 deal with a situation on a different day, probably involving different victims, probably at different locations, and probably involving different guns, although counts 5, 6 & 7 and 9, 10 & 11 are unspecific. Therefore, the Court is left to wonder about the required proof of a nexus which cannot be made with this indictment which fails to disclose the needed factors <u>Jawara</u> requires be examined. In that regard, "where the government seeks joinder of counts on the basis of same or similar character, it crafts bare bone indictment at its **OWN** risk." Id. 578. Therefore the Government prove an error of law by severing out

counts 5, 6 & 7 deemed to be improperly joined. To do so would go beyond the facts pleaded herein.

Further, the Magistrate's order did not imply joinder, contrary to the Government's suggestion. The Court's order involved both a motion to sever on Rule 8 and a motion to sever based on Rule 14. In that regard, the Magistrate's oral ruling was not limited to selection of one Rule over the other. Because the Government can not show why joinder was proper, because the indictment is so unspecific, there is no error of law on the severance granted in this case from an improper joinder.

2. <u>The Government fails to meet its burden of proving severing counts 5, 6 & 7 from counts 1-4 & 8-11 was clearly erroneous</u>

The Government does not attack any of the Magistrate's findings which include:

-- there is no tie between one felon possessing a firearm and another, they are all completely separate (a fact even the Government conceded) (Government Exhibit 2 @ 7)

-- there is a real risk of potential prejudice to having all these cases together (Government Exhibit 2 @ 8)

-- counts 5, 6 & 7 are inflammatory. (Government Exhibit 2 @ 9)

Moreover, although there are 5 different incidents, no one incident involving a felon with a firearm relates to another incident dealing with a felon with a firearm. They all occur on different dates, involve different weapons, etc. Further, contrary to

3

the Government's inuendo that torture is a misnomer, the facts will show counts 5, 6 & 7 involve the defendant's alleged use of pliers to the pointer finger of a government witness to extract a confession that the witness was cooperating with the "feds." The defendant contends this is torture, for it constitutes punishment or coercion by causing excruciating pain,.

Further, the Government is wrong to argue this is not a case involving one transaction for which the evidence is "sparse" and another transaction where the evidence is overwhelming. (Memo @ 6-7) In that regard, count 4 involves a gun found under the bed of a totally different drug dealer in a house that the defendant was not even a resident, so that the evidence is sparse, whereas counts 5, 6 & 7 involve eye witness testimony, which is usually considered very strong evidence. The prejudice from an inflamed jury, after hearing testimony on counts 5, 6 & 7, will probably be substantial. It will also probably spill over into count 4 for which the evidence is "sparse."

From these facts, the Court cannot be left from these facts with a with a definite and firm conviction the Magistrate made a mistake in attempting to avoid such prejudice by severing out the torture charges from the rest of the indictment. Since this is the required standard for "clearly erroneous," <u>Economics v. Gartner Group,</u>

4

<u>Inc.</u>, 50 F.Supp.2 980, 983 (S.D. Cal. 1999), the Government fails to meet its burden of proof according.

Conclusion

For the foregoing reasons, the appeal must be dismissed and reconsideration denied.

DATED: Honolulu, Hawaii; June 15, 2007.

_____
Jack Schweigert, Esq.
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| Plaintiff, | ) )  ) CERTIFICATE OF SERVICE |
| vs. | ) ) |
| SILVER JOSE GALINDO, | ) ) |
| Defendant. | ) |

CERTIFICATE OF SERVICE

It is hereby certified that on June 15, 2007, one copy of the attached document was served on the below individual by U.S. Mail, first class postage pre-paid addressed as follows:

Darren W.K. Ching, Esq.
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, HI 96850
    Attorney for U.S.A.,

_____
Jack Schweigert, Esq.
Attorney for Defendant