# MINUTES

CASE NUMBER:   CR NO. 04-00053DAE

CASE NAME:    United States of America Vs. Silver Jose Galindo

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

JUDGE:   Leslie E. Kobayashi          REPORTER:

DATE:    06/19/2007                    TIME:

COURT ACTION:  EO: COURT'S IN CAMERA REVIEW.

    On June 12, 2007, the Court granted in part and denied in part Defendant Silver Jose Galindo's ("Defendant") Motion to Compel Discovery, filed on May 25, 2007.  The Court ordered that the United States of America ("the Government") submit certain documents by June 18, 2007 for in camera review.

    On June 18, 2007, this Court received for in camera review the following documents: (1) a redacted report of investigation, bates-stamped numbers 382 through and including 386; and (2) a report of investigations without redaction, bates-stamped numbers C000000001-C000000005.  This Court reviewed these documents to determine whether any portions should be produced to Defendant Silver Galindo ("Defendant") as Brady and/or Giglio material. Where exculpatory or impeachment evidence exist, the Government's obligation to produce such materials has been clearly defined by case law:

> Brady stands for the principle that suppression of evidence by the government that is favorable to the defense is a violation of due process.  Brady, 373 U.S. at 87, 83 S.Ct. 1194. The government's obligation to disclose evidence extends to that which could be used for impeachment purposes, when the reliability of the witness may be determinative of the defendant's guilt or innocence.  Giglio, 405 U.S. at 154, 92 S. Ct. 763. The prosecutor can meet that duty by turning over relevant information to the judge. United States v. Dupuy, 760 F.2d 1492, 1501 (9th Cir.

1985).

United States v. Villa, 189 Fed. Appx. 639, 641 (9th Cir. 2006) (citing Brady v. State of Maryland, 373 U.S. 83, 88-89 (1963); Giglio v. United States, 405 U.S. 150 (1972)).

The Court finds the following redacted information should be produced to Defendant as Giglio material:

At C000000002 (which corresponds to 383 of the redacted material), the entire second paragraph starting with "Circa 2001 to 2002 . . . ." The names of persons identified other than "Heffelfinger" should remain redacted; and the third sentence of the fourth full paragraph, with the names of the persons identified other than "Heffelfinger" which remain redacted.

At C000000003 (which corresponds to 384 of the redacted material), the paragraph numbered 8 which is the second full paragraph starting with "HEFFELFINGER explained . . . ." The names of the persons identified other than "Heffelfinger" should remain redacted and the entire last sentence of that paragraph should remain redacted; and the last sentence of the paragraph numbered 10 which is the fourth full paragraph, with the exception of the name of the person identified other than "Heffelfinger" which should remain redacted.

At C000000004 (which corresponds to 385 of the redacted material), the paragraph numbered 15 which is the third full paragraph starting with "HEFFLINGER said . . . ." The names of persons and the group identified other than "Heffelfinger" should remain redacted; the paragraph numbered 17 which is the last full paragraph starting with "Another gun, . . . ." The names of persons identified other than "Heffelfinger" should remain redacted.

The Government is hereby ordered to produce the redacted documents with the information described above to Defendant by no later than **June 25, 2007**. Further, the documents identified above as having been reviewed in camera shall be filed under seal and shall not be provided to the parties without a prior court order.

IT IS SO ORDERED.

Submitted by Leslie L. Sai, Courtroom Manager