IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00053 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SILVER JOSEPH GALINDO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### REPORT OF FINAL PRETRIAL CONFERENCE, MINUTES AND ORDER

A final pretrial conference was held pursuant to CrimLR17.1.1 on June 12, 2007, before the Honorable Leslie E. Kobayashi, United States Magistrate Judge. Appearing at the conference were Darren W.K. Ching, Esq., Assistant United States Attorney on behalf of the United States and Jack F. Schweigert, Esq. on behalf of Defendant.

Jury trial in this matter will begin at 9:00 a.m. on July 10, 2007 before the Honorable David Alan Ezra, United States District Judge. The United States represented that it will take 2 trial weeks to complete the presentation of its case in chief inclusive of cross examination. Counsel for Defendant represented that it will take 1-2 trial days to complete the presentation of his/her case in chief inclusive of cross examination.

Counsel for the United States made certain representations on the record concerning the need for interpreters {CrimLR17.1.1(e)}, the dismissal of certain counts and the elimination from the case of certain issues {CrimLR17.1.1(f)}, severance of trial as to any co-defendant or counts {CrimLR17.1.1(g)}, the joinder of any related cases {CrimLR17.1.1(g)}, the use or identification of informants, use of line-up or other identification procedures, and the use of evidence of prior convictions of any witness {CrimLR17.1.1(h)}, and whether there are any percipient witnesses whom the government does not intend to call in its case-in-chief {CrimLR17.1.1(n)}.

 X Counsel for the United States represented to this Court that  Defendant requested disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(C) and (E) and that the United States has complied with those requests.  This Court therefore finds that Fed. R. Crim. P. 16(b)(1)(A) and (C) apply to Defendant  in this case.

After due consideration of the stipulations, representations and arguments of counsel, this Court enters the following orders concerning matters discussed at the pretrial conference:

1.      Fed. R. Evid. 404(b) - The United States shall serve upon opposing counsel and file with the Court by June 13, 2007 a written statement of intent to use evidence of any Defendant's acts covered by Fed. R. of Evid. 404(b).  Defendants

shall oppose the use of such evidence by filing motions in limine as hereafter provided.

2. <u>Motions in limine</u> -

    a. All motions in limine shall be filed with the Court and served upon opposing counsel by June 20, 2007.

    b. Memoranda in opposition to any motions in limine shall be filed with the Court and served upon opposing counsel by .

3. <u>Brady and Giglio Material</u> - The United States shall complete its production of evidence favorable to the Defendant on the issue of guilt or punishment, as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and related authorities and impeachment material, cooperation agreements, plea agreements, promises of leniency and records of criminal convictions, required by <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and its progeny defendants herein by June 20, 2007. The United States is under a continuing obligation to produce <u>Brady</u> and <u>Giglio</u> material which may come into its possession right through the trial of this matter.

 X  4. <u>Jury Instructions</u> -

    a. Jury instructions shall be prepared and submitted in accordance with LR51.1. The parties shall serve upon each other a set of proposed jury instructions on or before June 20, 2007. The proposed instructions shall include an

"elements which must be proven by the prosecution" instruction for each offense charged and proposed language to fill in the charge and elements of the crime blanks of 9TH CIR. CRIM. JURY INSTR. 1.02 (1995).

      b.    The parties shall thereafter meet and confer for the purpose of preparing one complete set of agreed upon jury instructions. The jury instructions which are agreed upon shall be filed with the Court.

      c.    Supplemental instructions which are not agreed upon and a concise argument supporting the appropriateness of the proposed instruction shall be filed with the Court. All objections to the non-agreed upon instructions shall be in writing and filed.

      d.    All filings required by subparagraphs b and c above shall be completed by June 27, 2007.

_X_ 5. <u>Witnesses</u> - Pursuant to stipulation by all parties, each party shall serve upon opposing counsel and file a final comprehensive witness list indicating the identity of each witness that the party will call at trial in each respective case-in-chief by July 3, 2007.

6. <u>Exhibits</u> -

  _X_ a. The parties shall meet and exchange copies or, when appropriate, make available for inspection all exhibits to be offered and all schedules,

summaries, diagrams and charts to be used at the trial other than for impeachment or rebuttal.  Upon request, a party shall make the exhibit or the underlying documents of any exhibit available for inspection and copying.  The parties shall meet and confer regarding possible stipulations to the authenticity and admissibility of proposed exhibits.

    b. The original set of exhibits tabbed and (in binders), and one copy (in a binder) and the list of all exhibits shall be submitted to the court by the Friday before the trial date.

7.    <u>Stipulations</u> - Stipulations shall be in writing and shall be filed with the Court by June 27, 2007.

8.    <u>Voir Dire Questions</u> - The parties shall prepare in writing and submit to the court any special voir dire inquiries they wish the judge to ask the jury panel by June 27, 2007.

9.    <u>Trial Briefs</u> - Each party shall serve upon opposing counsel and file with the Court by June 27, 2007 a trial brief on all significant disputed issues of law, including foreseeable procedure and evidentiary issues, setting forth briefly the party's position and the supporting arguments and authorities.  If a defendant objects to the filing of a full trial brief because such a filing would disclose a

theory of defense, that defendant shall file a trial brief stating such objection and briefing the Court on matters not covered by such objection.

 X      10. Jencks Disclosures - The United States has agreed to make disclosures of witness statements pursuant to the Jencks Act (18 U.S.C. §3500) the Friday before the trial.

11.    Other Matters -

This order shall remain in effect until modified by the Court and shall be modified by the Court only to prevent manifest injustice.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, June 20, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**USA V. SILVER JOSEPH GALINDO; CR. NO. 04-00053 DAE; REPORTS OF FINAL PRETRIAL CONFERENCE, MINUTES AND ORDER**