**ORIGINAL**

CC:DAE

JACK SCHWEIGERT, ESQ.
550 Halekauwila Street, Room 309
Honolulu, HI 96813
Phone: (808) 533-7491
CJA Attorney for Silver Jose Galindo

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 20 2007

at ___o'clock and ___min. __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
|---|---|
| Plaintiff, | ) NOTICE OF HEARING; |
| | ) DEFENDANT'S MOTION IN |
| vs. | ) LIMINE REGARDING |
| | ) "UNITED STATES' WRITTEN |
| SILVER JOSE GALINDO, | ) NOTICE PURSUANT TO |
| | ) FEDERAL RULE OF EVIDENCE |
| | ) 404(b) DATED DECEMBER 27, |
| | ) 2006"; DECLARATION OF JACK |
| | ) SCHWEIGERT, ESQ.; EXHIBIT 1; |
| | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) TRIAL: July 10, 2007 |
| | ) |
| | ) HEARING: |
| | ) Date: _____ |
| | ) Time: _____ |
| | ) Judge: _____ |

NOTICE OF HEARING

TO:   Darren W.K. Ching, Esq.
      Assistant U.S. Attorney
      Room 6100, PJKK Federal Building
      300 Ala Moana Blvd., Box 50183
      Honolulu, HI 96850
            Attorney for U.S.A.

1

Notice is hereby given that the attached motion shall come on for hearing before the Honorable _____, Judge of the above-entitled Court, in his or her courtroom at 300 Ala Moana Blvd., Honolulu, Hawaii, on _____, 2007, at _____ \_\_\_\_ .m., or as soon thereafter as counsel and all parties may be heard.

DATED: Honolulu, Hawaii; June 20, 2007

_____
Jack Schweigert, Esq.
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>SILVER JOSE GALINDO,<br><br>  Defendant. | ) CR. NO. 04-00053 DAE<br>)<br>)<br>) DEFENDANT'S MOTION IN<br>) LIMINE REGARDING<br>) "UNITED STATES WRITTEN<br>) NOTICE PURSUANT TO<br>) FEDERAL RULE OF EVIDENCE<br>) 404(b) DATED DECEMBER 27,<br>) 2006" |

DEFENDANT'S MOTION IN LIMINE REGARDING "UNITED STATES
WRITTEN NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)
DATED DECEMBER 27, 2006"

COMES NOW DEFENDANT SILVER JOSE GALINDO, by and through counsel, and moves this Honorable Court in limine with regards to the alleged "bad acts" set forth in "United States Written Notice Pursuant to Federal Rule of Evidence 404(b) dated December 27, 2006," to instruct the government's attorneys and witnesses called by the government not to mention, refer to, or bring before the Jury directly or indirectly upon Voir Dire examination, reading of the pleadings, statements of the case, interrogation of witnesses, argument, objections before the jury, or in any manner mention those "bad acts" set forth below, until and unless such matters have first been called to the Court's attention out of the presence and hearing of the jury and

a favorable ruling has been received as to the admissibility and relevance of such "bad act" which are as follows:

1. Defendant's alleged involvement with Robert Tomaszycki's drug distribution ring. The Defendant has not been charged with such offense so that such allegation is irrelevant. Moreover, on balance, the prejudice from introducing such "bad act" outweighs any relevance under Rule 403, F.R.E.

2. Defendant's alleged possession and use of firearms on occasions **OTHER THAN** counts 1, 4, 8, and 9. The Defendant has not been charged with such other offenses so that any allegation of other offenses is irrelevant. Moreover, on balance, the prejudice from introducing such "bad acts" outweighs any relevance under Rule 403, F.R.E.

3. Defendant's alleged possession and use of drugs on occasions **OTHER THAN** counts 2 and 10. The Defendant has not been charged with such other offenses so that any allegation of other offenses is irrelevant. Moreover, on balance, the prejudice from introducing such "bad acts" outweighs any relevance under Rule 403, F.R.E.

4. Defendant's alleged involvement with Dan LANGAMAN's drug distribution ring. The Defendant has not been charged with such offense so that any

2

allegation of Dan LANGAMAN'S drug distribution ring is not relevant. Moreover, on balance, the prejudice from introducing such "bad act" outweighs any relevance under Rule 403, F.R.E.

5.  Defendant's alleged robbery of Gilbert "Baka" SORIANO. The Defendant has not been charged with this offense so that this allegation is not relevant. Moreover, on balance, the prejudice from introducing such "bad act" outweighs any relevance under Rule 403 F.R.E.

6.  Defendant's alleged robbery of Travis HEFFELFINGER. The Defendant has not been charged with this offense so that this allegation is not relevant. Moreover, on balance, the prejudice from introducing such "bad act" outweighs any relevance under Rule 403 F.R.E.

7.  Defendant's alleged theft of Hector FERRER's wife's 1999 Nissan. The Defendant has not been charged with this offense so that this allegation is not relevant. Moreover, on balance, the prejudice from introducing such "bad act" outweighs any relevance under Rule 403 F.R.E.

8.  Items recovered at 91-2240 Fort Weaver Road on March 11, 2004 for they include items which are inflammatory like pornography and syringes and a spoon with methamphetamine crystals and not confirmed as Defendant's property so not relevant. Also, on balance, the prejudice

3

outweighs their probative value under Rule 403, F.R.E.

9. Items recovered from Haleiwa for they are inflammatory like 2 hooded masks, and not confirmed the Defendant's so as to be not relevant. Moreover, on balance, the prejudice outweighs their probable value under Rule 403 F.R.E.

DATED: Honolulu, Hawaii  June 20, 2007.

_____
JACK SCHWEIGERT, ESQ.
Attorney for Defendant

4