ORIGINAL

JACK SCHWEIGERT, ESQ.
550 Halekauwila Street, Room 309
Honolulu, HI 96813
Phone: (808) 533-7491
CJA Attorney for Silver Jose Galindo

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 0 2007

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER JOSE GALINDO,<br><br>| ) CR. NO. 04-00053 DAE<br>)<br>)<br>) DEFENDANT'S PROPOSED<br>) JURY INSTRUCTIONS;<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>) TRIAL: July 10, 2007<br>)<br>) HEARING:<br>) Date: _____<br>) Time: _____<br>) Judge: _____<br>) |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

COMES NOW DEFENDANT SILVER JOSE GALINDO by and through counsel and respectfully submits the attached Proposed Jury Instructions, which are in addition to the Court's Standard Jury Instructions. Permission of the Court is requested to subsequently withdraw any of the attached instructions or add any

1

additional instructions as may become appropriate.

DATED: Honolulu, Hawaii; June 20, 2007.

                                            Respectfully submitted,

By: _____
      Jack Schweigert, Esq.
      CJA Panel Attorney for Defendant

## PROPOSED JURY INSTRUCTION # 1.

The ⟨D⟩ has been charged in count 1 with knowingly possessing in and effecting commerce, a firearm, having been convicted of a crime punishable by imprisonment for a term exceeding one year.

In order for the Defendant to be found guilty of this charge, the government must prove each of the following 3 elements beyond a reasonable doubt:

First, on March 11, 2004, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Second, on March 11, 2004, the Defendant possessed a firearm; and,

Third, this firearm had been shipped or transported interstate commerce.

AUTHORITY:   18 U.S.C. Sec. 922(g)(1)


GIVEN _____
REFUSED _____
MODIFIED _____

## PROPOSED JURY INSTRUCTIONS # 2

The Defendant has been charged in count 2 of the indictment with possessing with the intent to distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of isomers, on March 11, 2004, a Schedule 2 Controlled Substance.

In order for the Defendant to be found guilty of this charge, the government must prove each of the following 3 elements beyond a reasonable doubt:

First, on March 11, 2004, the Defendant knowingly possessed 5 grams or more of methamphetamine;

Second, the Defendant possessed such methamphetamine with the intent to distribute the methamphetamine to another person; and,

Third, the Defendant knew what he possessed was methamphetamine or some other prohibited drug.


AUTHORITY:   9th Circuit Criminal Jury Instruction 9.15 (2000) (modified); U.S. v. Sua, 307 F.3d 1150 (9th Cir. 2002)

GIVEN _____
REFUSED _____
MODIFIED _____

## PROPOSED JURY INSTRUCTION # 3.

Defendant has been charged in count 3 with knowingly carrying and possessing a firearm in furtherance of a drug trafficking crime on or about March 11, 2004.

In order for the Defendant to be found guilty of this charge, the government must prove each of the following 2 elements beyond a reasonable doubt:

First, the Defendant knowingly carried and possessed a firearm on March 11, 2004; and,

Second, the Defendant's possession of the firearm was in furtherance of a drug trafficking crime.

AUTHORITY:   18 U.S.C. 924(c)(1)

GIVEN _____
REFUSED _____
MODIFIED _____

<u>PROPOSED JURY INSTRUCTION #4.</u>

The △ has been charged in count 4 with knowingly possessing in and effecting commerce, a firearm, having been convicted of a crime punishable by imprisonment for a term exceeding one year.

In order for the Defendant to be found guilty of this charge, the government must prove each of the following 3 elements beyond a reasonable doubt:

First, on February 29, 2004, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Second, on February 29, 2004, the Defendant possessed a firearm; and,

Third, this firearm had been shipped or transported interstate commerce.

AUTHORITY:   18 U.S.C. Sec. 922(g)(1)

GIVEN _____
REFUSED _____
MODIFIED _____

## PROPOSED JURY INSTRUCTION # 5

The ∧ has been charged in count 8 with knowingly possessing in and effecting commerce, a firearm, having been convicted of a crime punishable by imprisonment for a term exceeding one year.

In order for the Defendant to be found guilty of this charge, the government must prove each of the following 3 elements beyond a reasonable doubt:

First, on September 6, 2003, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Second, on September 6, 2003, the Defendant possessed a firearm; and,

Third, this firearm had been shipped or transported interstate commerce.

AUTHORITY:   18 U.S.C. Sec. 922(g)(1)

GIVEN _____
REFUSED _____
MODIFIED _____

## PROPOSED JURY INSTRUCTION # 6

The Δ has been charged in count 9 with knowingly possessing in and effecting commerce, a firearm, having been convicted of a crime punishable by imprisonment for a term exceeding one year.

In order for the Defendant to be found guilty of this charge, the government must prove each of the following 3 elements beyond a reasonable doubt:

First, on July 31, 2003, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Second, on July 31, 2003, the Defendant possessed a firearm; and,

Third, this firearm had been shipped or transported interstate commerce.

AUTHORITY:   18 U.S.C. Sec. 922(g)(1)

GIVEN _____
REFUSED _____
MODIFIED _____

## PROPOSED JURY INSTRUCTIONS # 7

The Defendant has been charged in count 10 of the indictment with possessing with the intent to distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of isomers, on July 31, 2003, a Schedule 2 Controlled Substance.

In order for the Defendant to be found guilty of this charge, the government must prove each of the following 3 elements beyond a reasonable doubt:

First, on July 31, 2003, the Defendant knowingly possessed 5 grams or more of methamphetamine;

Second, the Defendant possessed such methamphetamine with the intent to distribute the methamphetamine to another person; and,

Third, the Defendant knew what he possessed was methamphetamine or some other prohibited drug.

AUTHORITY:  9th Circuit Criminal Jury Instruction 9.15 (2000) (modified);
U.S. v. Sua, 307 F.3d 1150 (9th Cir. 2002)

GIVEN _____
REFUSED _____
MODIFIED _____

## PROPOSED JURY INSTRUCTION # 8

Defendant has been charged in count 11 with knowingly carrying and possessing a firearm in furtherance of a drug trafficking crime on or about July 31, 2003.

In order for the Defendant to be found guilty of this charge, the government must prove each of the following 2 elements beyond a reasonable doubt:

First, the Defendant knowingly carried and possessed a firearm on July 31, 2003; and,

Second, the Defendant's possession of the firearm was in furtherance of a drug trafficking crime.

AUTHORITY:   18 U.S.C. 924(c)(1)

GIVEN _____
REFUSED _____
MODIFIED _____

## PROPOSED JURY INSTRUCTIONS #9 .

You have heard testimony that the Defendant made a statement. It is for you to decide:

1) whether the Defendant made the statement, and,

2) if so, how much weight to give to it.

In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the Defendant is alleged to have made it.

AUTHORITY: 9th Cir. Crim. Jury Instr. 4.1 (2000)

GIVEN _____
REFUSED _____
MODIFIED _____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| Plaintiff, | )<br>)<br>) CERTIFICATE OF SERVICE |
| vs. | )<br>) |
| SILVER JOSE GALINDO, | )<br>) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

It is hereby certified that on June 20, 2007, one copy of the attached document was served on the below individual by U.S. Mail, first class postage pre-paid addressed as follows:

Darren W.K. Ching, Esq.
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, HI 96850
    Attorney for U.S.A.,

_____
Jack Schweigert, Esq.
Attorney for Defendant

1