IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 04-00053 DAE |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SILVER JOSE GALINDO, ) | |
| aka Daniel S. Galindo, ) | |
| aka Timothy Mau, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS COUNTS 1, 4, 5, 8 & 9

On June, 29, 2007, the Court heard Defendant's Motion. Darren W.K. Ching, Assistant U.S. Attorney, appeared at the hearing on behalf of Plaintiff; Jack Schweigert, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion.

BACKGROUND

Having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, Defendant Silver Jose Galindo, was charged with five counts (1, 4, 5, 8, & 9) of being a Felon in Possession of a

Firearm and/or Ammunition in violation of 18 U.S.C. § 922 (g)(1). Specifically, the indictment provides that on or about March 11, 2004, Defendant did knowingly possess in and affecting commerce, a firearm, to wit: a Smith & Wesson, model SW9V, caliber 9 mm semiautomatic pistol, and ammunition, to wit: nine (9) 9 mm caliber Winchester brand cartridges, in violation of Title 21, U.S.C. § 841 (a)(1) & § 841(b)(1)(B) (Count 1 of indictment). On or about February 29, 2004, Defendant did knowingly possess in and affecting commerce, a firearm, to wit: a Beretta, model 950 BS, caliber .25 semiautomatic pistol, bearing serial number BER 11983V, and ammunition, to wit: four (4) Winchester brand, .25 caliber cartridges and one (1) Winchester brand, .38 caliber Special cartridge, in violation of Title 18, U.S.C. § 922 (g)(1) & § 924 (a)(2) (Count 4 of indictment). On or about January 23, 2004, Defendant did knowingly possess in and affecting commerce, a firearm, in violation of Title 18, U.S.C. § 922 (g)(1) & § 924 (a)(2) (Count 5 of indictment). On or about September 6, 2003, Defendant did knowingly possess in and affecting commerce, a firearm, to wit: a Colt, Model 1911A1, caliber .45 semiautomatic pistol bearing Serial Number 2741124, and ammunition, to wit: seven (7) rounds of .45 caliber ammunition, in violation of Title 18, U.S.C. § 922 (g)(1) & § 924 (a)(2) (Count 8 of indictment). On or about July 31, 2003, Defendant did

knowingly possess in and affecting commerce, a firearm, in violation of Title 18, U.S.C. § 922 (g)(1) and § 924(a)(2) (Count 9 of indictment).

On May 22, 2007, Defendant filed a Motion to Dismiss counts 1, 4, 5, 8 & 9 of the indictment. Defendant argues that § 922(g) is unconstitutional as applied to him because his alleged possession of these firearms did not have a substantial effect on interstate commerce. On June 5, 2007, the Government filed an opposition to the Defendant's motion claiming that his argument is contrary to the well-established Ninth Circuit precedent. It is undisputed that firearms were manufactured outside of Hawaii and shipped though interstate commerce prior to Defendant's alleged possession of them.

STANDARD OF REVIEW

Pursuant to the Federal Rules of Criminal Procedure, a defendant may "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). All facts in the indictment are taken as true and viewed in the light most favorable to the government. United States v. Yashar, 166 F.3d 873, 880 (7th Cir. 1999). The Court "should not consider evidence not appearing on the face of the indictment." United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996). The Court may decide questions of law raised in a motion to dismiss, but must reject arguments that are

3

based upon factual disputes.  See United States v. Shriver, 989 F.2d 898, 906 (7th Cir. 1992).

## DISCUSSION

Defendant argues that Counts 1, 4, 5 8 and 9 of the Indictment should be dismissed because 18 U.S.C. § 922(g) is unconstitutional as applied to him since his alleged activity was non-commercial, non-economic, and wholly intra-state and therefore, did not have a substantial effect on interstate commerce.  The Government asserts that it need only prove a minimal nexus that the at one time in the past the firearms where shipped through interstate commerce.

The Ninth Circuit has recently rejected Defendant's argument and upheld this Court's denial of a motion to dismiss an indictment in a similar case. See United States v. Latu, 479 F.3d 1153, 1156 (9th Cir. 2007).  In Latu, the defendant argued that "§ 922(g), as applied to him, represent[ed] an unconstitutional extension of Congress' power to regulate interstate commerce." Id.  The Ninth Circuit stated that it has "repeatedly upheld § 922(g), both facially and as applied, in the face of Commerce Clause challenges."  Id. (citing United States v. Hanna, 55 F.3d 1456, 1461-62 (9th Cir. 1995), as amended; United States v. Jones, 231 F.3d 508, 514-15 (9th Cir. 2000); United States v. Davis, 242 F.3d

4

1162, 1163 (9th Cir. 2001); and United States v. Rousseau, 257 F.3d 925, 932-33 (9th Cir. 2001) (finding past connection to interstate commerce sufficient for § 922(g) conviction)).  The Ninth Circuit further held that "Congress rationally concluded that possession of a homemade machine gun manufactured intrastate could substantially affect interstate commerce in machine guns. The de minimis character of each individual possession is irrelevant where . . . possession is regulated as part of a general regulatory statute that substantially relates to interstate commerce in firearms." Id. at 1156-57 (citing United States v. Stewart, 451 F.3d 1071, 1073, 1078 (9th Cir. 2006)).

        Indeed, in Hanna, the Ninth Circuit noted that the United States Supreme Court had "concluded that 18 U.S.C. § 1202(a), the predecessor of § 922(g)(1), required only the minimal nexus that the firearm have been, at some time, in interstate commerce." 55 F.3d at 1462 (citation and internal quotations omitted).  The Supreme Court had noted that "Congress sought to reach possessions broadly, with little concern for when the nexus with commerce occurred." Id. (citation and internal quotations omitted).  Thus, holding that a past connection is enough, the Ninth Circuit found that § 922(g)(1) was not unconstitutional as applied to the defendant since the serial number of the gun found in California revealed that it had been stolen in Nevada. Id.

In <u>United States v. Younger</u>, 398 F.3d 1179, 1193 (9th Cir. 2005), the Ninth Circuit reiterated that "'[a] one-time past connection to interstate commerce is sufficient under § 922(g)(1).'" (quoting <u>United States v. Beasley</u>, 346 F.3d 930, 936 (9th Cir. 2003)). The Ninth Circuit found that the defendant's argument "that the jurisdictional element of § 922(g) requires proof that the firearm either recently moved across state lines or that defendant's conduct had an actual economic impact . . . lack[ed] merit." <u>Id.</u> The Ninth Circuit upheld the defendant's conviction in part because it was undisputed that the defendant's guns were made in Massachusetts and found in California.

Here, it is undisputed that the firearms allegedly possessed by Defendant were manufactured outside of Hawaii and found in Hawaii. That nexus is sufficient to withstand a challenge based upon the Commerce Clause as applied to Defendant. <u>See</u> <u>United States v. Davis</u>, 242 F.3d 1162, 1163 (9th Cir. 2001) (Congress lawfully exercised its authority to regulate interstate commerce when it enacted § 922(g)(1)).

Accordingly, Defendant's motion is DENIED.

CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Dismiss Counts 1, 4, 5, 8 & 9.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 17, 2007.



_____
David Alan Ezra
United States District Judge

United States of America v. Silver Jose Galindo, CR No. 04-00053 DAE; ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 1, 4, 5, 8 & 9