IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00053 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SILVER JOSE GALINDO, | ) | |
| (a.k.a. DANIEL S. GALINDO) | ) | |
| (a.k.a TIMOTHY MAU) | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEVER OFFENSES AND DENYING APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the Government's motion and the supporting and opposing memoranda, the Court AFFIRMS the Magistrate Judge's order and DENIES the Government's appeal.

BACKGROUND

On October 27, 2005, a grand jury indicted Defendant with eight separate counts in a Second Superceding Indictment. On February 21, 2007, Defendant filed a Motion to Sever Offenses, requesting the counts be severed into

five separate trials according to the five dates the alleged offenses occurred. On April 6, 2007, Defendant filed a supplemental memorandum in support of his motion to sever offenses arguing that the counts in the Second Superceding Indictment should not have been joined according to Federal Rule of Criminal Procedure 8(a) ("Rule 8(a)"). The Government filed an Opposition to the Defendant's Motion to Sever Offenses on April 26, 2007.

On April 25, 2007, Defendant was indicted by a grand jury in an eleven count Third Superceding Indictment. The counts can be grouped into five incidents by date. Counts 1, 2, and 3 allege that on or about March 11, 2004, Defendant possessed with intent to distribute five grams or more of methamphetamine, possessed a firearm in furtherance of drug trafficking, and was a felon in possession of a firearm. Count 4 alleges that on or about February 29, 2004, Defendant was a felon in possession of a firearm. Counts 5, 6, and 7 allege that on or about January 23, 2004, Defendant was a felon in possession of a firearm, used physical force and threats to hinder a witness from testifying, and used a firearm in a crime of violence. Count 8 alleges that on or about September 6, 2003, Defendant was a felon in possession of a firearm. Counts 9, 10, and 11 allege that on or about July 31, 2003, Defendant possessed with intent to distribute

five grams or more of methamphetamine, possessed a firearm in furtherance of drug trafficking, and was a felon in possession of a firearm.

On May 11, 2007, Magistrate Judge Barry M. Kurren severed Counts 5, 6, and 7 from the other counts of the indictment. On May 24, 2007, the Magistrate Judge Granted in Part and Denied in Part Defendant's Motion to Sever Offenses Filed February 21, 2007 and Supplemented April 9, 2007.

On June 1, 2007, the Government filed an Appeal and Request to the District Court to reconsider the Magistrate Judge's decision to sever (the "Appeal"). The Government claims that the Counts in the Third Superceding Indictment were properly joined pursuant to Rule 8(a), and improper severance was used by the Magistrate Judge pursuant to Federal Rule of Criminal Procedure 14(a) ("Rule 14(a)"). On June 15, 2007, Defendant filed a response to the Appeal.

## STANDARD OF REVIEW

The district court reviews the magistrate judge's decision on nondispositive motions using a "clearly erroneous or contrary to law" standard. 28 U.S.C. §636(b)(1)(A); United States v. Raddatz, 447 U.S. 667, 673 (1980).

3

DISCUSSION

The Government argues that the Magistrate Judge's decision to sever the indictment into two trials was clearly erroneous and should be reversed by this Court. Defendant argues the severance was proper and should be upheld.

At the hearing, the Magistrate Judge questioned the Government as to whether joinder of all eleven counts of the indictment was proper because there was no apparent tie between them and no common plan. The Government argues in its appeal that all counts were properly joined under Rule 8(a)[1] because they "are of the same or similar character."

Rule 8(a) is generally to be construed in favor of joinder. United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971); United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980). The Magistrate Judge acknowledged that often joinder is favored over severance in these types of cases. However, he did not agree with the Government that having the common charge of being a felon in possession of a firearm in all five incidents was enough to properly join all counts. Indeed, as presented by Defendant at the hearing, the incidents all

---

[1] Rule 8(a) provides that "the indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

took place on different dates and at different locations.  For example, one count alleges that a gun was found in a house Defendant was in, and another alleges that Defendant had a gun while sleeping in a restaurant.[2]  The indictment itself alleges that in at least three of the five incidents entirely different weapons were used.  As a result, there is no nexus tying together the counts of being a felon in possession of a firearm, and the Government did not put forth any other reason justifying the joining of all counts.  The Magistrate Judge reasonably determined based on the circumstances and details of this case that the counts were too unrelated to be tried together, and should be split for "fundamental fairness."  The Magistrate Judge's decision on improper joinder is not clearly erroneous and will not be overturned.

        This Court also reviews whether severance under Rule 14(a) was "clearly erroneous or contrary to law."  28 U.S.C. 636(b)(1)(A).  Defendant argued and the Magistrate Judge agreed that Counts 5, 6, and 7 were the most inflammatory and should be split from the rest of the indictment.  (Hrg. Tr. at 8.)  The severed counts deal with an alleged incident of Defendant physically abusing a witness who planned to testify against him.  At the hearing, Defendant characterized this accusation as "torture," arguing that details of this incident

---

[2]The Government did not contest these assertions presented by Defendant at the hearing.

5

would prejudice the jury against him.  The Magistrate Judge felt that there was a "real risk of . . . potential prejudice by having all these [counts] together" and therefore severed the most inflammatory counts.  (Hrg. Tr. at 8-9.)

A court may sever counts of an indictment if joinder appears to prejudice the defendant or the government.  Fed. R. Crim. P. 14(a).  The Ninth Circuit has interpreted Rule 14(a) as setting "a high standard for a showing of prejudice."  United States v. Vasquez-Velasco, 15 F.3d 833, 845 (9th Cir. 1994).  The test for deciding to sever is "whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion . . . ."  United States v. Kenny, 645 F.2d 1345, 1345 (9th Cir. 1981); see also United States v. Brashier, 548 F.2d 1315, 1323 (9th Cir. 1976); United States v. Campanale, 518 F.2d 352, 359 (9th Cir. 1975).  The Circuit has also held in the case of a defendant appealing a denial of severance that he "bears the burden of proving such 'clear,' 'manifest' or 'undue' prejudice from the joint trial, that [it] violates one of his substantive rights, so that the prejudice is of 'such a magnitude that the defendant was denied a fair trial.'"  Vasquez-Velasco, 15 F.3d at 845-46 (citing United States v. Felix-Gutierrez, 940 F.2d 1200, 1209 (9th Cir. 1991) (quoting United States v. Connors, 825 F.2d 1384, 1391 (9th Cir. 1987))).

The Magistrate Judge decided in this case that the prejudice was severe enough to warrant severance and that Defendant had met his burden in showing such prejudice.  He felt that the need for fundamental fairness outweighed the need for judicial economy, and that it is reasonable to hold two trials.  The three counts severed from the indictment were inflammatory because of the potentially brutal nature of the torture allegations.  The emotional nature of testimony on these counts has the potential to prejudice the jury against Defendant on the unrelated counts dealing with drugs and firearms.  The Government did not show that the Magistrate Judge was erroneous in finding that Defendant was not prejudiced by having a joint trial, and did not show that the Magistrate Judge's decision was contrary to established law.  It was reasonable for the Magistrate Judge to determine that Defendant would be prejudiced from inflammatory charges, and the decision to sever was not "clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A).

Accordingly, as ordered by the Magistrate Judge, there will be two trials in this matter.  The first trial will be on all non-severed counts, and the second trial will be for severed Counts 5, 6, and 7.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the Magistrate Judge's order and DENIES the Government's appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 6, 2007.



_____
David Alan Ezra
United States District Judge

U.S. v. Silver Jose Galindo, CR. NO. 04-00053 DAE; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEVER OFFENSES AND DENYING APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE