Silver Jose Galindo
Reg. #95184-022
(FDC) Honolulu
P.O. Box 30080
Honolulu, Hawaii 96820

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| Plaintiff, | ) |
| | ) NOTICE AND DEMAND TO DISMISS |
| | ) FOR LACK OF CRIMINAL |
| vs. | ) JURISDICTION |
| | ) |
| Silver Jose Galindo | ) 28 U.S.C.S. 1359 |
| | ) FRCP Rules 9(b), |
| Defendant. | ) 12(b)(1), (2), |
| | ) 12(h)(3) |
| | ) |

NOTICE AND DEMAND TO DISMISS FOR LACK OF CRIMINAL JURISDICTION

COMES NOW, defendant Silver Jose Galindo, through counsel Jack Schweigert, Citizen of Hawaii State and defendant in the entitled matter (hereinafter "defendant"), to demand an immediate dismissal of the instant criminal case, with prejudice, for lack of criminal jurisdiction to proceed in the first, either over the person or the property of the defendant, and to provide formal notice to all interrested parties of the same. Defendant hereby incorporates by reference all authorities cited in Exhibit "A": Federal Criminal Jurisdiction, and in His MEMORANDUM OF LAW IN SUPPORT OF CHALLENGE TO CRIMINAL JURISDICTION OF THIS COURT [i.e., There is none], Rules 301, 302,: Federal Rules of Evidence, as if all were set forth fully herein.

_____,    at Honolulu, Hawaii,   8-09-2007
        Date                                          Date
Adopted:

_____.    **EXHIBIT 1**    _Silver J. Galindo_ (signature)
Attorney for Defendant                         Silver J. Galindo

KNOW ALL BY THESE PRESENTS:

I, Silver Jose Galindo, through counsel, Jack Schweigert, defendant in the above entitled matter, hereby demand that this territorial (legislative) tribunal dismiss the instant criminal case with prejudice because it lacks exclusive jurisdiction over the exact geographical location where the alleged activity mentioned in the indictment is alleged to have taken place. I was not arrested in any fort, magazine, arsenal, dockyard, federal enclave or other "needful building" within the Hawaii State, nor was my person or private property situated within any of the aforementioned federal areas (a/k/a the federal zone).

A very recent U.S. Supreme Court decision, dated April 26, 1995 addressed the issue of Exclusive Legislative Jurisdiction of The Congress, and the powers of the federal government. Justice Thomas, in a concurring majority opinion in U.S. vs. Lopez, 115 S.Ct.1624(1995),131 L.Ed 2nd. 626, very clearly says:

> Indeed, on this crucial point, the majority and Justice Breyer [dissenting] agree in principal: The Federal Government has nothing approaching in police power. Id. *64
>
> Justice Thomas went on to discuss "a regulation of police" *86, wherein he stated as follows:
>
> U.S. vs. DeWitt, 76 U.S. 41, 9 Wall. 41, 19 L Ed. 593(1870) marked the first time the Court struck down a federal law as exceeding the power conveyed by the commerce clause. In a two page opinion, the court invalidated a nationwide law prohibiting all sales of naptha, and illuminating oils. In doing so, the court remarked that the commerce clause "has always been limited by its terms; and as a virtual denial of any power to interfere with the internal trade and business of the separate states." Id *44.

The law in question was "plainly a regulation of police," which could have constitutional application only where Congress had exclusive authority, such as the territories. Id.*pp 44-45.

Earlier in the text, Justice Thomas, Id. *85, said, "Even before Gibbons, Chief Justice Marshal, writing for the court in Cohens vs. Virginia, 19 U.S. 264, 6 Wheat 264, 5 L Ed. 257 (1821), noted that Congress had no general right to punish murder committed within any of the states, and the Congress could not punish felonies generally. However, Congress could enact laws for places where it enjoyed plenary powers, for instance, over the District of Columbia, and whatever effect ordinary murders, or robbery, or gun possession might have on interstate commerce was irrelevant to the question of Congressional power.

The first Federal Criminal Act did not establish a nationwide prohibition against murder and the like. see Act of April 30, 1790 chapter 9 [1 Stat. 112]; rather, only when committed in the United States territories and possessions, or on the high seas. With the single exceptions of treason and/or counterfeiting, and notwithstanding any of the effects which murder, robbery, and gun possession might have on interstate commerce. Congress understood it could not establish nationwide prohibitions.

Justice Thomas summed up his opinion dramatically with the statement quoted herein:

**"If we wish to be true to a Constitution that does not cede a police power to the Federal Government, our Commerce Clause's boundaries simply cannot be defined as being commensurate with the national needs.... Such a formulation of Federal power is not a test at all: It is a blank check."** (citations omitted)

(1) "All federal crimes are statutory." Doble, "Venue and Criminal Cases in the United States District Court," Virginia Law Review, 287, 289 (1926). ".......[O]n the other hand, since all Federal Crimes are statutory and all criminal prosecutions in the Federal territorial Courts are based on Acts of Congress, "Federal Criminal Rules of Procedures Rule 26, in "taking of testimony," notes of Advisor Committee on Rules, paragraph 2.

(2) Rule 54, Application and Exception, paragraph (c), Federal Rules of Criminal Procedure, "Act of Congress" includes any Act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession.

(3) There is no presumption in favor of jurisdiction, and the basis for jurisdiction must be affirmatively shown, Hanford vs. Davis, 16 S.Ct. 1051, 163U.S. 273, 41 L.Ed. 157 (1896).

(4) See exact wording of Article I, Section 8, Clause 17, Constitution for the United States of America, which grant of authority does not extend over every square inch of the 50 contiguous Union States.

(5) In principle, the exclusive legislative jurisdiction of the federal government is not addressed to subject matter, but to geographical location. See U.S. vs. Bevans, 16 U.s. (Wheat) 336 (1818).

(6) It is axiomatic that the prosecution must prove territorial jurisdiction over a crime in order to sustain a conviction therefore. U.S. vs. Benson, 495 F 2d. 475 at481 (1974). The jurisdictional challenge can never be waived by the accused, nor acquiesced by the accused, in the absence of a positive showing upon the record that the jurisdiction was clearly and unambiguously established.

(7) Without proof of the requisite ownership or possession by the United States, the crime has not been made out. U.S. vs. Watson, 80 Fed. Supp. 649 (1948, E.D.va.). Only in America can We be forced into the status of subjects of a foreign corporation by fiat legislation, and the stroke of a CEO's pen, at the point of a gun, and thereby be immediately divested of standing in judicio, and declared to be debtors and enemies of our own government.

(8) In criminal prosecutions, where the federal government is the moving party, it must not only establish ownership of the property upon which the crime was allegedly committed, but it must also produce documentation that the state has ceded jurisdiction over that property. It was held by the U.S. Supreme Court in the case of Fort Leavenworth Railway Co. vs. Iowa, 114 U.S. 525 at 531 (1885):

> **Where lands are acquired without such consent, the possession of the United States, unless political jurisdiction be ceded to them in some other way, is simply that of an ordinary proprietor.**

(9) No jurisdiction exists in the United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands has been published and filed in behalf of the United States, as provided in 40 U.S.C. sec. 255, now sec.3111 and 3112, and the fact that the state authorized the government to take and exercise jurisdiction was immaterial. See Adams vs. United States, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943).

(10) All courts of justice are duty-bound to take judicial notice of the territorial extent of jurisdiction, although those acts are not formally put into evidence, nor accord with pleadings. Jones vs. U.S., 137 U.S. 202, 11 S.Ct. 80 (1890).

(11) Where a federal court is without jurisdiction of the offense, judgement of conviction of the court and/or the jury is void ab initio, on its face. Bauman vs. U.S., 156 F.2d. 534 (5th Cir. 1946).

(12) Federal criminal jurisdiction is never presumed; it must always be proven; and it can never be waived. U.S. vs. Rogers, 23 Fed. 658 (D.C., W.D. Ark., 1885).

(13) The federal courts are limited both by the constitution and by Acts of Congress. Owen Equip. & Erection Co. vs. kroger, 98 S.Ct. 2396, 437 U.S. 365, 57 L.Ed. 2d. 274 (1978).

(14) The jurisdiction of the federal courts is defined in the Constitution at Article III for judicial courts; in Article I for legislative courts; and in Article IV for territorial courts. Some courts created by Acts of Congress have been referred to as "Constitutional Courts," whereas others are regarded as "Legislative Tribunals." O'Donoghue vs. U.S., 289 U.S. 516 (1933), 77 L.Ed. 1356, 53 S.Ct. 74; Mookini vs. U.S., 303 U.S. 201 at 205 (1938), 82 L.Ed. 748, 58 S.Ct. 543.

(15) Legislative court judges do not enjoy Article III Guarantees; "inherently judicial" tasks must be performed by judges deriving from power under Article III. See U.S. vs. Sanders, 641 F.2d. 659 (1981), cert. den. 101 S.Ct. 3055, 452 U.S. 918, 69 L.Ed. 422.

The United States District Court creation and composition were accomplished by Acts of Congress on June 25, 1948 [62 Stat. 895], and November 13, 1963 [77 Stat. 331], currently codified at U.S.C. 132; and the jurisdiction thereof previously demonstrated herein, i.e., Chapter 85 of Title 28, lists civil, admirality, maritime, patent, bankruptcy, etc., and does not once list, mention, or describe any criminal jurisdiction It just is not there, so don't go bother looking for it!

(16) Acts of Congress creating the United States District Courts do not vest said territorial tribunals with any criminal jurisdiction; these courts have only such jurisdiction as is conferred upon them by Act of Congress under the Constitution. See Hubbard vs. Ammerman, 465 F.2d. 1169 (5th Cir. 1972), cert. den. 93S.Ct. 967, 410 U.S. 910, 35 L.Ed.2d. 272.

(17) The United States District Court is not a court of general jurisdiction, and has no other power bestowed except as prescribed by Congress. See Graves vs. Snead, 541 F.2d.159 (6th Cir. 1976), cert. den. 97 S.Ct. 1106, 429 U.S. 1093, 51 L.Ed.2d. 539.

(18) It is apparent that the United States District Court for the District of Hawaii was created and established under 28 U.S.C. 132, and its jurisdiction is defined and limited by Chapter 85 of Title 28, United States Code.

(19) The Courts of appropriate jurisdiction for violations of Title 18 U.S.C. are designated at Section 3231, specifically naming them as "district courts of the United States" [sic].

(20) There is a distinct and definite difference between a "United States District Court" and a "District Court of the United States". The words "District Court of the United States" commonly describe constitutional courts created under Article III of the Constitution, not the legislative courts of the territories. See International Longshoremen's & Warehousemen's Union vs. Juneau Spruce Corp., 342 U.S. 237 at 241 (1952), 72 S.Ct. 235, 96 L.Ed. 275, 13 Alaska 536.

(21) The term "District Court of the United States" commonly describes Article III courts or "courts of the United States", and not legislative courts of the territories. See American Insurance Co. vs. 356 Bales of Cotton, 1 Pet. 511 (1828), 7 L.Ed. 242; International Longshoremen's and Warehousemen's Union vs. Wirtz,170 F.2d. 183 (9th Cir. 1948), cert. den. 336 U.S. 919,

93 L.Ed. 1082, 69 S.Ct. 641, reh. den. 336 U.S. 971, 93 L.Ed. 1121, 69 S.Ct. 936.

(22) Though the judicial system set up in a territory of the United States is a part of federal jurisdiction, the phrase "court of the United States" when used in a federal statute is generally construed as not referring to "territorial courts". See Balzac vs. Porto Rico, 258 U.S. 298 at 312 (1921), 42 S.Ct. 343, 66 L.Ed. 627. In Balzac the High Court stated:

> **The United States District Court is not a true United States court established under Article III of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under Article IV, Section 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court.** [emphasis added]

The distinction within the dual nature of the federal court system is also noted in Title 18 U.S.C. 3241, Which states that the United States District Court for the Virgin Islands shall have jurisdiction "concurrently with the district Courts of the United States, of offenses against the laws of the United States committed upon the high seas".

This distinction is the reason why federal jurisdiction over prosecutions is more than a technical concept; it is Constitutional requirement. See U.S. vs. Johnson, 337 F.2d. 180, aff'd 383 U.S. 169 (1966), 86 S.Ct. 749, 15 L.Ed.2d. 681, cert. den. 87 S.Ct. 44, 134, and 385 U.S. 846, 17 L.Ed.2d. 77, 117.

(23) Beside the recent Lopez decision, it is interesting to note that at least two other courts, i.e., United States District Courts, have come to the same or similar conclusions. See U.S.A. vs. Wilson, Stambaghr, Skott, Ketchum, Braun and Ballin, Case No.94-CR-140 (March 16, 1995) (U.S.D.C. Wisconsin); and U.S. vs. Kearns, Case No. SA-95-CR-201 (October 6, 1995) (U.S.D.C. Texas).

(24) Interestingly enough, in a bankruptcy case in the U.S. Bankruptcy Court, Middle District of Pennsylvaniia (Chapter 13), Case No. 5-94-00839, titled In re:Francis Patrick Farrell vs. IRS/BATF, the alleged creditor submitted its proof of claim.

The counter claim showed an extent of corruption unparalleled in American history, to which agencies of the federal government will often resort, specifically by placing a "T-Code" on someone's Individual Master File ("IMF").

In this way, the IRS/BATF used Admirality and Maritime forfeiture laws to deprive a States Citizen of property and assets, and to mis-classify Him as a "high level narcotics trafficker". This occurred on November 17, 1995! Why? See U.S. vs. Good, 114 S.Ct. 492 at 502, footnote 2 (1993).

S U M M A R Y

The United States District Courts have no criminal jurisdiction whatsoever to prosecute a State Citizen within one of the 50 States of the Union which comprises the United States of America, until and unless Congress says so. Until and unless the federal government can prove ownership over the said geographical land mass, the United States District Courts have no criminal jurisdiction whatsoever within the 50 Union States. Not a single Act of Congress vests in the United States District Courts, as distinct from the District Courts of the United States, with anything but "civil" authority. There is absolutely no criminal jurisdiction vested in said territorial tribunals.

### REMEDY DEMANDED

Therefore, Defendant hereby demands that this legislative tribunal establish exclusive jurisdiction by producing certified documents consisting of the following:

(a) Documentation showing "United States" (federal government) owner of each and every geographical location mentioned in the instant indictment, wherein the alleged criminal activity took place;

(b) Documentation from the Hawaii Legislature which provides evidence of a cession by Hawaii State surrendering jurisdiction to the "United States" (federal government) over the same geographical location as stated in (a) above;

(c) Documentation pursuant to Title 40 U.S.C. sec. 255 now sec. 3111 & 3112, wherein the "United States" (federal government) accepted jurisdiction to the same geographical location as stated in (a) above, or, documentation showing concurrent jurisdiction with Hawaii State over the geographical location as stated in (a) above;

(d) Alternatively, absent the requisite documentation, Defendant

- 10 -

hereby demands that this United States District Court dismiss the instant case with prejudice and in the interest of justice.

_____          8-09-2007
Silver Jose Galindo, Defendant       Date
Citizen of Hawaii State.



_____          _____
Jack Schweigert                      Date
Attorney for Defendant

## Exhibit "A" : Federal Criminal Jurisdiction

It is a well established principle of law that "all federal legislation applies only within the territorial jurisdiction of the United States unless a contrary intent appears"; See Caha vs. U.S., 157 U.S. 211, 215, 14 S.Ct. 513 (1894); American Banana Company vs. United Fruit Company 213 U.S. 347, 357, 29 S.Ct. 511 (1909); United States vs. Bowman 260 U.S. 94, 97, 98, 43 S.Ct. 39 (1922); Bkackmer vs. U.S. 284 U.S. 421, 437, 52 S.Ct. 252 (1932); Foley Bros. vs. Filardo 336 U.S. 281, 285, 69 S.Ct. 575 (1949); U.S. vs. Spelar 338 U.S. 217, 222, 70 S.Ct. 10 (1949); U.S. vs. First National City Bank 321 F.2d. 14, 23 (2d. Cir. 1963). And this principle of law is expressed in a number of cases from the federal appellate courts; See Mckeel vs. Islamic Republic of Iran 722 F.2d. 582, 589 (9th Cir. 1983) (holding the Foreign Sovereign Immunities Act as territorial); Meredith vs. U.S. 330 F.2d. 9, 11 (9th Cir. 1964) (holding the Federal Torts Claim Act as territorial); U.S. vs. Cotroui 527 F.2d 708, 711 (2nd Cir. 1975) (holding federal wire tap laws as territorial); Stow vs. Devoy 588 F.2d.336, 341 (2nd Cir. 1978); Cleary vs. United States Lines Inc. 728 F.2d. 607, 609 (3rd Cir. 1984) (holding federal discrimation laws as territorial); Thomas vs. Brown & Root 745 F.2d. 479, 281 (4th Cir. 1984) (holding same as Cleary, supra); U.S. vs. Mitchell 553 F.2d. 996, 1002 (5th Cir. 1977) (holding Marine Mammals Protection Act as territorial); Pfeiffer vs. William Wrigley, Jr. Co. 755 F.2d. 554, 557 (7th Cir. 1985) (holding age discrimination laws as territorial); Airline Stewards & Stewardesses Assn. vs. Northwest Airlines Inc. 267 F.2d. 170,175 (8th Cir. 1959) (holding Railway Labor Act as territorial); Zahourek vs. Arthur Young and Co. 750 F.2d. 827, 829 (10th Cir. 1984) (holding age discrimination laws as territorial); Commodities Future Trading Comm. vs. Nahas 738 F.2d. 487, 493 (D.C. Cir. 1984) (holding commission's subpoena power under federal law as territorial); Reyes vs. Secretary of H.E.W. 476 F.2d. 910, 915 (D.C.Cir. 1973) (holding Administration of Social Security Act as territorial); Schoenbaum vs. Firstbrook 268 F.Supp. 385, 392 (S.D.N.Y. 1967) (holding Securities Act as territorial). But, because of statutory language, certain federal drug laws operate extra-territorially; See U.S. vs. King 552 F.2d. 833, 851 (9th Cir. 1976).

The United States has territorial jurisdiction only in Washington, D.C., the federal enclaves within the States, and in the territories and insular possessions of the "United States". However, it has no territorial jurisdiction over non-federally owned areas inside the territorial jurisdiction of the States within the American Union. And this proposition of law is supported by literally hundreds of cases.

As a general rule, the power of th United States criminally to prosecute is, for the most part, confined to offenses committed within "its jurisdiction". This is born out simply by the examination of Title 18 U.S.C. Sec. 5 which defines the term "United States" in clear jurisdictional terms. Section 7 contains the statutory definition of the "jurisdiction of the United States" [sic]. The United States District Courts have jurisdiction of the offenses occurring within "United States", pursuant to Title 18 U.S.C. Sec. 3231.

Examples of this proposition are numerous. In Pothier vs. Rodman 291 F. 311 (1st Cir. 1923), the question involved whether a murder committed at Camp Lewis Military Reservation in the State of Washington was a federal crime. Here, the murder was committed more than a year before the U.S. acquired a deed for the property in question. Pothier was arrested and incarcerated in Rhode Island and filed a Habeas Corpus petition seeking his release on the grounds that the federal court had no jurisdiction over an offense not committed in U.S. jurisdiction. The First Circuit agreed that there were no federal jurisdiction and ordered his release. But, on appeal to the U.S. Supreme Court in Rodman vs. Pothier 264 U.S. 399, 44 S.Ct. 360 (1924), that court reversed; although agreeing with the jurisdictional principals enunciated by the First Circuit Court, it held that only the federal court in Washington State could hear that issue. In the United States vs. Unzeuta 35 F.2d. 750 (8th Cir. 1929), the Eighth Circuit held that the U.S. had no jurisdiction over murder committed on a railroad car at Fort Robinson, the State cession statute being construed as not including railroad rights-of-way. This decision was reversed in U.S. vs.Unzeuta 281 U.S. 138, 50 S.Ct. 284 (1930), the court holding that the U.S. did not have jurisdiction over the railroad rights-of-way Fort Robinson.

In Bowen vs. Johnson 97 F.2d. 860 (9th Cir. 1938), the question presented was whether or not jurisdiction over an offense prosecuted in federal court

could be raised in a petition for Habeas Corpus. The denial of Bowen's petition was reversed in Bowen vs. Johnson 306 U.S. 19, 59 S.Ct. 442 (1939) the court concluding that such a jurisdictional challenge could be raised in a Habeas Corpus petition. But, the Court then addressed the issue, and found that the U.S. both owned the property in question and had a States legislative grant ceding jurisdiction to the United States, thus there was jurisdiction in the United States to Prosecute Bowen. But, if jurisdiction is not vested in the United States pursuant to the statute, there is no jurisdiction; See Adams vs. United States 319 U.S. 312, 63 S.Ct. 1122 (1943). And the lower federal courts also require the presence of federal jurisdiction in criminal prosecutions. In Kelly vs. U.S. 27 F. 616 (D.Me. 1885), federal jurisdiction of a manslaughter committed at Fort Popham was upheld when it was shown that the U.S. owned the property where the offense occurred and the State had ceded jurisdiction. In U.S. vs. Andem 158 F. 996 (D.N.J. 1908), federal jurisdiction for a forgery offense was upheld on a showing that the United States owned the property where the offense was committed and that the State had ceded jurisdiction of the property to the U.S. . In United States vs. Penn 48 F. 669 (E.D.Va. 1880), since the U.S. did not have jurisdiction over Arlington National Cemetery, a federal larceny was dismissed. In U.S. vs. Lovely 319 F.2d. 673 (4th Cir. 1963), federal jurisdiction was found to exist by U.S. ownership of the property and a States cession of jurisdiction. In U.S. vs. Watson 81 F.Supp. 649 (E.D.Va. 1948), federal criminal charges were dismissed, the court stating as follows:

> **Without proof of the requisite ownership or the possession of the United States, the crime has not been made out. 80 F.Supp., at 651.**

In Brown vs. U.S. 257 F. 46 (5th Cir. 1919), federal jurisdiction was on the basis that the U.S. owned the post office site where the murder was committed and the State had ceded jurisdiction; See also England vs. U.S. 174 F.2d. 466 (5th Cir. 1949), Krull vs. U.s. 240 F.2d. 122 (5th Cir. 1957); Hudspeth vs. U.S. 223 F2d. 848 (5th Cir. 1955); and Gainey vs. U.S. 324 F.2d. 731 (5th Cir. 1963).

In United States vs. Townsend 474 F.2d. 209 (5th Cir. 1973), a conviction for stolen property was reversed when the court reviewed the record and learned that there was exactly no evidence disclosing that the defendant has committed this offense within the jurisdiction of the United States. And in U.S. vs. Benson 495 F.2d. 475 (5th Cir. 1974), in finding federal jurisdiction for a robbery committed at Fort Rucker, the court stated:

> **It is axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction therefor 495 F.2d., at 481.**

In two Sixth Circuit cases, U.S. vs. Tucker 122 F. 518 (W.D.Ky. 1903), an assault committed at a federal dam, and U.S. vs. Blunt 558 F.2d. 1245 (6th Cir. 1977), a case involving an assault within a federal penitentiary, jurisdiction was sustained by finding that the U.S. owned the property in question and the State involved had ceded jurisdiction. In In re Kelly 71 F. 545 (E.D.Wis. 1895), a federal assault charge was dismissed when the court held that the State cession statute in question was not adequate to convey jurisdiction of the property in question to the United States. In U.S. vs. Johnson 426 F.2d. 1112 (7th Cir. 1970), a case involving a federal burglary prosecution, federal jurisdiction was sustained upon the showing of U.S. ownership and cession. And cases from the Eighth and Tenth Circuits likewise require the same elements to be shown to demonstrate the presence of federal jurisdiction; See U.S. vs. Heard 270 F.Supp. 198 (W.D.Mo. 1967); U.S. vs. Redstone 488 F.2d. 300 (8th Cir. 1973), U.S. vs. Goings 504 F.2d. 809 (8th Cir. 1974), (demonstrating lost of jurisdiction); Hayes vs. U.S. 367 F.2d. 216 (10th Cir. 1966); U.S. vs. Carter 430 F.2d. 1278 (10th Cir. 1970); Hall vs. U.S. 404 F.2d. 1367 (10th Cir. 1969); and U.S. vs. Cassidy 571 F.2d. 534 (10th Cir. 1978).

"**No sanction can be imposed absent proof of jurisdiction**"
<u>Standard vs. Olsen,</u> 74 S.Ct. 768.

Of all the circuits, the Ninth Circuit has addressed jurisdictional issues more than any of the rest. In U.S. vs. Bateman 34 F. 86 (N.D. Cal. 1888), it was determined that the U.S. did not have jurisdiction to prosecute for a murder committed at the Presidio because California had never ceded jurisdiction; See also U.S. vs. Tully 140 F. 899 (D.Mon. 1905). But later, California ceded jurisdiction for the Presidio to the U.S., and it was held in U.S. vs. Watkins 22 F2d. 437 (N.D.Cal. 1927), that this enabled the U.S. to maintain a murder prosecution; See also U.S. vs. Holt 168 F. 141 (W.D.Wash. 1909), U.S. vs. Lewis 253 F. 469 (S.D.Cal. 1918), and U.S. VS. Wartzbarger 276 F. 753 (D.Or. 1921). Because the U.S. owned ,and had a State cession of jurisdiction for, Fort Douglas in Utah, it was held that the U.S. had jurisdiction for a rape prosecution in Rogers vs. Squier 157 F.2d.948 (9th Cir. 1946). But, without a cession, the U.S. has no jurisdiction; See Arizona vs. Manypenny 455 F.Supp. 1123 (D.Ariz. 1977).

The above cases from the U.S. Supreme Court and the federal appellate courts set forth the rule that in criminal prosecutions, the government, as the party seeking to establish the existence of federal jurisdiction, must prove U.S. ownership of the property in question and a State cession of jurisdiction. This same rule manifests itself in State cases. State courts are courts of general jurisdiction and in a State criminal prosecution, the State must only approve that the offenses was committed within the State and County thereof. If a defendant contends that only the federal government has jurisdiction over the offense, he, as proponent for the existence of federal jurisdiction, must likewise prove U.S. ownership of the property where the crime was committed and State cession of jurisdiction.

Examples of the operation of this principle are numerous. In Arizona, the State has jurisdiction over federal lands in the public domain, the State not having ceded jurisdiction over that property to the U.S.; See State vs. Dykes 114 Ariz. 592, 562 P.2d. 1090 (1977). In California, if it is not proved by a defendant in a State prosecution that the State has ceded jurisdiction, it is presumed that the State has jurisdiction over a criminal offense; See People vs. Brown 69 Cal.App.2d. 602, 159 P.2d. 686 (1945). If the cession exists, the State has no jurisdiction; See People vs. Mouse 203 Cal. 782, 265 P. 944 (1928).

In Montana, the State has jurisdiction over property if it is not proved there is a State cession of jurisdiction to the U.S.; See State ex rel Parker vs. District Court 147 mon. 151, 410 P.2d. 459 (1966); the existence of a State cession of jurisdiction to the U.S. ousts the State of jurisdiction; See State vs. Tully 31 Mont. 365, 78 P. 760 (1904). The same applies in Nevada; See State vs. Mack 23 Nev. 359, 47 P. 763 (1897), and Pendleton vs. State 734 P.2d. 693 (Nev. 1987); and in Washington; See State vs. Williams 23 Wash. App. 694, 598 P.2d. 731 (1979).

In People vs. Hammond 1 Ill.2d. 65, 115 N.E. 2d. 331 (1953), a burglary of an IRS office was held to be in the State jurisdiction, the court holding that the defendant was required to prove existence of federal jurisdiction by U.S. ownership of the property and State cession of jurisdiction. In two cases from Michigan, larcenies committed at U.S. Post Offices which were rented, were held to be within the State jurisdiction; See People vs. Burke 161 Mich. 397, 126 N.W. 446 (1910), and People vs. Van Dyke 276 Mich. 32, 267 N.W. 778 (1936); See also In re Kelly 311 Mich. 596, 19 N.W.2d. 218 (1945). In Kansas City vs. Garner 430 S.W.2d. 630 (Mo. App. 1968), State jurisdiction over a theft offense occurring in a federal building was upheld, and the court stated that a defendant had to show federal jurisdiction by proving U.S. ownership of the building and a cession of jurisdiction from the State to the United States. A similar holding was made for a theft at a U.S. missile site in State vs. Rindall 146 Mon. 64, 404 P.2d. 327 (1965). In Pendleton vs. State 734 P.2d. 693 (Nev. 1987), the State court was held to have jurisdiction over a DUI ("driving under the influence") committed on federal lands, the defendant having failed to show U.S. ownership and State cession of jurisdiction.

In People vs. Gerald 40 Misc.2d. 819, 243 N.Y.S.2d. 1001 (1963), the State was held to have jurisdiction on an assault at a U.S. Post Office since the defendant did not meet his burden of presence of federal jurisdiction; and because a defendant failed to prove title and jurisdiction in the United States for an offense committed at a customs station, State jurisdiction was upheld in People vs. Fisher 97 A.D.2d. 651, 469 N.Y.S.2d. 187 (A.D. 3 Dept. 1983).

The proper method of showing federal jurisdiction in State Court is demonstrated by the decision in People vs. Williams 136 Misc.2d. 294, 518 N.Y.S.2d. 751 (1987). This rule was likewise enunciated in State vs. Burger 33 Ohio App.3d. 231, 515 N.E.2d. 640 (1986), in a case involving a DUI ("driving under the influence") committed on a road near a federal arsenal.

In Kuerschner vs. State 493 P.2d. 1402 (Okl. Cr. App. 1972), the State was held to have jurisdiction of a drug sales offense occurring at an Air Force Base, the defendant having not attempted to prove federal jurisdiction by showing title and jurisdiction of the property in question in the United States; See also Towry vs. State 540 P.2d. 597 (Okl. Cr. App. 1975). Similar holdings for murders committed at U.S. Post Offices were made in State vs. Chin Ping 91 Or. 593, 176 P. 188 (1918), and U.S. vs. Pate 393 F.2d. 44 (7th Cir. 1968). Another Oregon case, State vs. Aguilar 85 Or. App. 410, 736 P.2d. 620 (1987), demonstrates this rule. And finally, in Curry vs. State 111 Tex. Cr. 264, 12 S.W.2d. 796 (1928), it was held that, in the absence of proof that the State has ceded jurisdiction of a place to the United States, the State court has jurisdiction over the offense.

**Therefore, in federal criminal prosecutions, the government must prove the existence of federal jurisdiction by showing U.S. ownership of the place where the crime was committed and State cession of jurisdiction. If the government contends for the power to criminally prosecute for an offense occurring outside "its jurisdiction", it must prove an extra-territorial application of the statute in question as well as a Constitutional foundation supporting the same. Absent this showing, no federal prosecution can be commenced for offenses committed outside "its jurisdiction", i.e., the federal zone.**

8-09-2007
Date
_____
Silver Jose Galindo, Defendant
Citizen of Hawaii State.

8-09-2007
Date
_____
Jack Schweigert
Attorney for Defendant