IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00053 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SILVER JOSE GALINDO, | ) | |
| aka Daniel S. Galindo, | ) | |
| aka Timothy Mau, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S "NOTICE AND
DEMAND TO DISMISS FOR LACK OF CRIMINAL JURISDICTION"

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion.

Having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, Defendant Silver Jose Galindo was charged with five counts of being a Felon in Possession of a Firearm and/or Ammunition in violation of 18 U.S.C. § 922 (g)(1).

On May 22, 2007, Defendant's counsel filed a Motion to Dismiss counts 1, 4, 5, 8 & 9 of the Indictment. Defendant argued that § 922(g) is unconstitutional as applied to him because his alleged possession of the firearms did not have a substantial effect on interstate commerce. This Court denied that motion on July 17, 2007, finding that there was a sufficient nexus to withstand a Commerce Clause challenge as applied to Defendant since the firearms allegedly possessed by Defendant were manufactured outside of Hawaii and found in Hawaii.

On August 10, 2007, Defendant filed the instant "Notice and Demand to dismiss for Lack of Criminal Jurisdiction." Defendant drafted the motion pro se and directed his attorney to file it. Although unclear, Defendant appears to make the same arguments that were previously made by his attorney in the first motion to dismiss, as he discusses the Commerce Clause and Congress' power to regulate industry nationwide. To the extent Defendant is making a Commerce Clause argument, his motion is denied for the same reasons stated in this Court's July 17, 2007 Order.

Defendant also appears to assert that this Court does not have jurisdiction over a prosecution of a citizen of the State of Hawai`i since the

Government has not established ownership of the land mass. This argument is absurd. Accordingly, Defendant's motion is DENIED.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, August 21, 2007.



_____
David Alan Ezra
United States District Judge

<u>United States of America v. Silver Jose Galindo</u>, CR No. 04-00053 DAE; ORDER DENYING DEFENDANT'S "NOTICE AND DEMAND TO DISMISS FOR LACK OF CRIMINAL JURISDICTION"