**ORIGINAL**



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
AUG 21 2007
at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

JACK SCHWEIGERT, ESQ.
550 Halekauwila Street, Room 309
Honolulu, HI 96813
Phone: (808) 533-7491
Attorney for Silver Jose Galindo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| Plaintiff, | ) |
| vs. | ) DEFENDANT'S FIRST AMENDED |
| | ) PROPOSED JURY INSTRUCTIONS; |
| | ) CERTIFICATE OF SERVICE |
| SILVER JOSE GALINDO, | ) |
| | ) TRIAL: September 11, 2007 |

### DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTIONS

COMES NOW DEFENDANT SILVER JOSE GALINDO by and through counsel and respectfully submits the attached Defendant's First Amended Proposed Jury Instructions, which are in addition to the Court's Standard Jury Instructions. Permission of the Court is requested to subsequently withdraw any of the attached

1

instructions or add any additional instructions as may become appropriate.

DATED: Honolulu, Hawaii; August 21, 2007.

Respectfully submitted,

By: /s/ Jack Schweigert
Jack Schweigert, Esq.
CJA Panel Attorney for Defendant

DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTION # _1_.

Defendant is charged in Count 1 of the Third Superceding Indictment with possession on March 4, 2004 of a firearm, to wit: a Smith and Wesson Model SW9V, Calibre 9 mm semi-automatic pistol, and ammunition to wit: 9 mm calibre Winchester brand cartridges in violation of § 922(g)(1) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

1. On March 11, 2004 the Defendant knowingly possessed the firearms and ammunition referred to above;

2. The firearms and ammunition mentioned above had been shipped or transported from one state to another; **AND**,

3. At the time the Defendant possessed the firearm and ammunition referred to above, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant stipulates that on March 11, 2004 he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

AUTHORITY: 9th Circuit Model Criminal Jury Instruction No. 8.59 (2003).

GIVEN _____
REFUSED _____
MODIFIED _____

<u>DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTION #</u> 2.

The Defendant is charged in Count 2 of the Third Superceding Indictment with possession of 5 grams or more of methamphetamine on March 11, 2004 with the intent to distribute the methamphetamine in violation of § 841(a)(1) of Title 21 of the United States Code. In order the Defendant to be found guilty of that charge, the Defendant must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly possessed 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers; and,

Second, the Defendant possessed this drug with the intent to deliver it to another person.

It does not matter whether Defendant knew that the substance was methamphetamine, its salts, isomers, and salts of isomers, but rather is sufficient that the Defendant knew the drug was some kind of prohibited drug.

To possess with intent to distribute means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

AUTHORITY: 9th Circuit Model Criminal Jury Instruction No. 9.13 (2003).

GIVEN _____
REFUSED _____
MODIFIED _____

DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTION # 3.

   Defendant is charged in Count 3 of the Third Superceding Indictment with carrying and possessing a firearm, to wit: a Smith and Wesson model SW9V, caliber 9 mm semi automatic pistol during and in relation to a drug trafficking crime in violation of § 924(c) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the government must prove each of the essential elements beyond a reasonable doubt:

   First, on March 11, 2004, Defendant committed the crime of knowingly possessing 5 grams or more of methamphetamine.

   Second, Defendant knowingly carried and possessed a firearm, to wit: a Smith and Wesson Model SW9V, Caliber .9 mm semi automatic pistol; and,

   Third, defendant carried and possessed the firearm during and in relation to the drug trafficking crime.

   A defendant has used a firearm if he has actively employed the firearm in relation to the drug trafficking crime in any one of the following ways:

   1. Brandishing, displaying, bartaring, striking with, firing, or attempting to fire the firearm.

   2. Referring to the firearm in the offenders possession in order to bring about a change in the circumstances of the predicate offence, or,

   3. The silent but obvious and forceful presence of a firearm in plain view.

   Carrying is not limited to carrying weapons directly on the person but can include circumstances such as carrying in vehicle. A Defendant carries a firearm when he:

   (1) knowingly possesses it; and,

   (2) holds, moves, conveys, or transports it some manner.

A person possesses a firearm if a person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

A Defendant takes such action in relation to the crime if the firearm facilitated or played a role in the crime.

AUTHORITY: 9th Circuit Model Criminal Jury Instruction No. 8.65 (2003).


GIVEN _____
REFUSED _____
MODIFIED _____

## DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTION # 4.

 Defendant is charged in Count 4 of the Third Superceding Indictment with possession on February 29, 2004 of a firearm, to wit: a Barretta Model 950 BS, Calibre .25 semi-automatic pistol bearing serial number BER 11983V, and ammunition, to wit: 4 Winchester brand .25 calibre cartridges and one Winchester brand 38 calibre special cartridge in violation of § 922(g)(1) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

 1. On February 29, 2004 the Defendant knowingly possessed the firearms and ammunition referred to above;

 2. The firearms and ammunition mentioned above had been shipped or transported from one state to another; **AND**,

 3. At the time the Defendant possessed the firearm and ammunition referred to above, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant stipulates that on February 24, 2004 he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

AUTHORITY: 9th Circuit Model Criminal Jury Instruction No. 8.59 (2003).

GIVEN _____
REFUSED _____
MODIFIED _____

<u>DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTION #5</u>

Defendant is charged in Count 8 of the Third Superceding Indictment with possession on September 6, 2003 of a firearm, to wit: a Colt, Model 1911A1, Calibre .45 semi-automatic pistol bearing serial number 2741124, and ammunition, to wit: 7 rounds of .45 caliber ammunition in violation of § 922(g)(1) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

1. On September 6, 2003 the Defendant knowingly possessed the firearms and ammunition referred to above;

2. The firearms and ammunition mentioned above had been shipped or transported from one state to another; **AND**,

3. At the time the Defendant possessed the firearm and ammunition referred to above, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant stipulates that on September 6, 2003 he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

AUTHORITY: 9th Circuit Model Criminal Jury Instruction No. 8.59 (2003).

GIVEN _____
REFUSED _____
MODIFIED _____

## DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTION #6.

Defendant is charged in Count 9 of the Third Superceding Indictment with possession on or about July 31, 2003 of a firearm in violation of § 922(g)(1) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

1. On July 31, 2003 the Defendant knowingly possessed a firearm;

2. This firearm had been shipped or transported from one state to another;

**AND**,

3. At the time the Defendant possessed the firearm, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant stipulates that on July 31, 2003 he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

AUTHORITY: 9th Circuit Model Criminal Jury Instruction No. 8.59 (2003).

GIVEN _____
REFUSED _____
MODIFIED _____

## DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTION #1

The Defendant is charged in Count 10 of the Third Superceding Indictment with possession of 5 grams or more of methamphetamine on July 31, 2003 with the intent to distribute the methamphetamine in violation of § 841(a)(1) of Title 21 of the United States Code. In order the Defendant to be found guilty of that charge, the Defendant must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly possessed 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers; and,

Second, the Defendant possessed this drug with the intent to deliver it to another person.

It does not matter whether Defendant knew that the substance was methamphetamine, its salts, isomers, and salts of isomers, but rather is sufficient that the Defendant knew the drug was some kind of prohibited drug.

To possess with intent to distribute means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

AUTHORITY: 9th Circuit Model Criminal Jury Instruction No. 9.13 (2003).

GIVEN _____
REFUSED _____
MODIFIED _____

## DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTION # 8

Defendant is charged in Count 11 of the Third Superceding Indictment with carrying and possessing a firearm, during and in relation to a drug trafficking crime in violation of § 924(c) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the government must prove each of the essential elements beyond a reasonable doubt:

First, on July 31, 2003, Defendant committed the crime of knowingly possessing 5 grams or more of methamphetamine.

Second, Defendant knowingly carried and possessed a firearm; and,

Third, defendant carried and possessed the firearm during and in relation to the drug trafficking crime.

A defendant has used a firearm if he has actively employed the firearm in relation to the drug trafficking crime in any one of the following ways:

1. Brandishing, displaying, bartaring, striking with, firing, or attempting to fire the firearm.

2. Referring to the firearm in the offenders possession in order to bring about a change in the circumstances of the predicate offence, or,

3. The silent but obvious and forceful presence of a firearm in plain view.

Carrying is not limited to carrying weapons directly on the person but can include circumstances such as carrying in vehicle. A Defendant carries a firearm when he:

(1) knowingly possesses it; and,

(2) holds, moves, conveys, or transports it some manner.

A person possesses a firearm if a person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

      A Defendant takes such action in relation to the crime if the firearm facilitated or played a role in the crime.

AUTHORITY: 9th Circuit Model Criminal Jury Instruction No. 8.65 (2003).


GIVEN _____
REFUSED _____
MODIFIED _____

DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTION # 9.

You have heard testimony that Walter Cacho, Travis Heffelinger, Dan Langaman, Christopher Mabanag, and Robert Tomaszycki have already received and may yet receive, more benefits or favored treatment from the government in connection with their testimony in this case.

In evaluating their testimony, you should consider the extent to which it may have been influenced by these factors and you should examine his testimony with greater caution than that of other witnesses.

AUTHORITY:  9th Circuit Model Criminal Jury Instruction No. 4.9 (2005).
            [modified]

GIVEN _____
REFUSED _____
MODIFIED _____

## DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTION # 10

If two conclusions can reasonably be drawn from the evidence, one of innocence, and one of guilt, the jury must adopt the one of innocence.

AUTHORITY:   Compton v. U.S., 305 F.2d 119, 120 (9th Cir. 1962); U.S. v. Witt, 215 F.2d 580 (2nd Cir. 1954).

GIVEN _____
REFUSED _____
MODIFIED _____

## DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTION # 11.

Mere proximity to drugs and/or firearms does not establish knowing possession. The government must show some link between the defendant and the firearms and/or drugs.

AUTHORITY: U.S. v. Ocampo, 937 F.2d 485, 489 (9th Cir. 1991) (Modified)

GIVEN _____
REFUSED _____
MODIFIED _____

DEFENDANT'S FIRST AMENDED PROPOSED JURY INSTRUCTION # 12.

You have heard evidence of other crimes, acts, and/or wrongs, engaged in by the defendant. You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, and for no other purpose.

AUTHORITY: Rule 404(b), Federal Rules of Evidence.

GIVEN _____
REFUSED _____
MODIFIED _____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| Plaintiff, | ) |
| | ) CERTIFICATE OF SERVICE |
| vs. | ) |
| SILVER JOSE GALINDO, | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

It is hereby certified that on August 21, 2007, one copy of the attached document was served on the below individual by U.S. Mail, first class postage pre-paid addressed as follows:

Darren W.K. Ching, Esq.
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, HI 96850
   Attorney for U.S.A.,

_____
Jack Schweigert, Esq.
Attorney for Defendant