IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br>  <br>Plaintiff,  <br>  <br>vs.  <br>  <br>SILVER JOSE GALINDO,  <br>  <br>Defendant. | ) CR. NO. 04-00053 DAE  <br>)  <br>) DECLARATION OF JACK  <br>) SCHWEIGERT, ESQ.  <br>)  <br>)  <br>)  <br>)  <br>)  <br>) |

DECLARATION OF JACK SCHWEIGERT, ESQ.

I, Jack Schweigert, Esq., declare as follows:

1. I am Defendant Silver Jose Galindo's present CJA counsel, which service began with my appointment on January 26, 2007 when I took over from CJA Attorney Jerry Wilson.

2. This case is complex, for it now involves preparation for 2 trials, with a total of 11 Counts, involving 5 different fact scenarios, where my client, a convicted felon, is alleged to have illegally possessed a firearm and/or ammunition.

3. In addition to the firearms charges, my client is also alleged to have used a firearm on two of those occasions in furtherance of a drug activity, and on two occasions also possessed 5 grams or more of methamphetamine with the intent to distribute it. Based on these charges, my client, if convicted on all counts, is looking at a very long prison sentence, for the gun possession charges are to be sentenced

consecutively and a second conviction of using a firearm to facilitate a drug offense must be a minimum sentence of 25 years.

4. This case is also very time consuming because of the number of government witnesses who are expected to testify against my client, who have themselves been convicted of a drug or gun offense and who have entered into cooperation agreements as a result of their criminal matters. Time spent in this area requires that I review and STUDY each of these witness's court docket sheets, as well as their plea bargains, statements to the police, criminal histories, and sentences.

5. Because of the seriousness of these charges, I have tried to be as thorough as I can and have filed several motions to protect my client's interest, including; motion to dismiss; bill of particulars, compel discovery (granted in part 6/12/07), early production of the grand jury transcript, and severance of the offenses (granted in part 5/24/07).

6. Much time has also been spent responding to my client's inquiries and legal arguments because he has insisted on being fully involved in the defense of his case. His insistence has even resulted in my choosing to file a second motion to dismiss to keep harmony with my client, which was subsequently denied by the Court as "absurd."

7. Up to this time I have spent approximately 260 hours which has pretty much consumed the bulk of my practice for the year and yet for which I have received no income, and have advanced certain costs.

8. Moreover, I have yet to interview several witnesses, complete the preparation of my cross examination and trial documents, such as witness list, exhibit list, trial memoranda, and jury instructions. Further, because the case now involves 2 trials, I will undoubtedly spend an additional 240 hours. In that regard, the government has listed 41 witness and 182 Exhibits for the first trial alone.

9. Based on the foregoing, I request the Court approve my request to waive the $7,000 maximum fee limit set forth under 18 U.S.C. § 3006A(d)(3), and, approve fees of up to $45,000, subject to final review by the Court of my fee request to be submitted at the end of trial number 2.

I declare under penalty of perjury the foregoing is true and correct.

Executed in Honolulu, Hawaii this 17th of September 2007.

_____
Declarant