IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 04-00053 DAE |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT |
| ) | |
| vs. ) | |
| ) | |
| SILVER JOSE GALINDO, ) | |
|   aka DANIEL S. GALINDO, ) | |
|   aka TIMOTHY MAU, ) | |
| ) | |
| Defendant. ) | |

<u>MEMORANDUM IN SUPPORT</u>

Federal Rules of Criminal Procedure Rule 16(b)(1)(B) requires reciprocal disclosure by a defendant of results and reports of physical and mental examinations and scientific tests or examinations. It reads pertinent part:

> the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>     (I) the item is within the defendant's possession, custody, or control; and
>     (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

The comments to the 1974 amendment to Rule 16 states:

> Subdivision (b)(1)(B) provides that the defendant shall disclose the results of physical or mental examinations and scientific tests or experiments if (a) they were made in connection with a particular case; (b) the defendant has them under his control; and (c) he

> intends to offer them in evidence in his case in chief
> or which were prepared by a defense witness and the
> results or reports relate to the witness's testimony.
> In cases where both prosecution and defense have
> employed experts to conduct tests such as psychiatric
> examinations, it seems as important for the government
> to be able to study the results reached by defense
> experts which are to be called by the defendant as it
> does for the defendant to study those of government
> experts.

In United States v. Dennison, 937 F.2d 559 (10th Cir. 1991), the Tenth Circuit Court of Appeals, defined "medical report" as "an official statement of facts concerning a patient's condition," and defined "medical result" as "a conclusion derived from facts gleaned during an examination." Id. at 566.

On December 3, 2007, defense counsel, Jack Schweigert provided the government with a report dated November 16, 2007 written by psychologist Kevin M. Connors. Dr. Connors administered numerous tests to Defendant (Minnesota Multiphasic Personality Inventory, Substance Abuse Subtle Screening Inventory, Shipely Institute of Living Scale, Chemical Dependency Assessment Profile, Alcohol Addiction Test, Trauma Questionnaire and Cage Test, Buss Durke Hostility Inventory) to reach the conclusion documented in his report. Based on these tests, Dr. Connors opined that "the data relied upon for this assessment support the inference that Mr. Galindo suffered a memory loss for the events during the relevant period time."

Mr. Schweigert has informed the government that Defendant intends to call Dr. Connors as an expert to opine about Defendant's state of mind at the time of offense as charged in Count 8 of the Third Superceding Indictment (felon in possession of a firearm on September 6, 2003). On January 30, 2008, the government hired its own expert, psychologist Harold Hall to review Dr. Connors' opinion as well as examine Defendant.

Here, it is undisputed that Defendant has in his "possession, custody or control" "results or reports" of examinations that Dr. Connors conducted in anticipation of Dr. Connors' expert testimony at trial. These results and reports are the Minnesota Multiphasic Personality Inventory, the Substance Abuse Subtle Screening Inventory, the Shipely Institute of Living Scale, the Chemical Dependency Assessment Profile, the Alcohol Addiction Test, the Trauma Questionnaire and Cage Test, and the Buss Durke Hostility Inventory. Given Defendant has indicated he intends to call Dr. Connors as an expert to testify about Dr. Connors' opinion as stated in his November 16, 2007 report and Dr. Connors' report is premised on examinations performed on Defendant, such "results or reports" of these examinations must be disclosed pursuant to Rule 16(b)(1)(B). The government's expert needs access to these materials to be

able to review Dr. Connors' examination and opinion. Such a review is critical to the government's ability to prepare for trial[1].

III. **CONCLUSION**

Accordingly, the government asks that this Court order Defendant to produce as discovery, pursuant to FRCP Rule 16(b)(1)(B), any and all results or reports of any physical or mental examinations and of any scientific tests or experiments in the defendant's possession, custody, or control; and that the defendant intends to use at trial, or intends to call the witness who prepared the report and the report relates to the witness' testimony. This would include but is not limited to: the Minnesota Multiphasic Personality Inventory, the Substance Abuse Subtle Screening Inventory, the Shipely Institute of Living Scale, the Chemical Dependency Assessment Profile, the Alcohol Addiction Test, the Trauma Questionnaire and Cage Test, and the

---

[1] The Advisory Committee on Federal Rules of Criminal Procedure comments as follows in its Note to Rule 16(c):

While the government normally has resources adequate to secure the information necessary for trial, there are some situations in which mutual disclosure would appear necessary to prevent the defendant from obtaining an unfair advantage. For example, in cases where both prosecution and defense have employed experts to make psychiatric examinations, it seems as important for the government to study the opinions of the experts to be called by the defendant in order to prepare for trial as it does for the defendant to study those of the government's witnesses.

4

Buss Durke Hostility Inventory as referenced in Dr. Connors' report of November 16, 2007.

Dated: February 8, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
DARREN W.K. CHING
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA