IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00053 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT |
| | ) | |
| vs. | ) | |
| | ) | |
| SILVER JOSE GALINDO, | ) | |
| aka DANIEL S. GALINDO, | ) | |
| aka TIMOTHY MAU, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT

I.    **Background**

On December 3, 2007, defense counsel for the defendant,
Silver Jose Galindo, ("GALINDO" or "Defendant"), Jack Schweigert
provided the government with a report dated November 16, 2007
written by psychologist Kevin M. Connors.  Based on tests
conducted on Defendant, Dr. Connors opined in a portion of his
report titled "Clinical Impressions Relating to Diminished
Capacity Defense" that Defendant " . . . was not operating at a
normal, sober baseline of cognitive functioning . . . .  The data
relied upon for this assessment support the inference that Mr.
Galindo suffered a memory loss for the events during the relevant
period of time."

Mr. Schweigert has informed the government that
Defendant intends to call Dr. Connors as an expert to opine about
Defendant's state of mind at the time of offense as charged in
Count 8 of the Third Superceding Indictment (felon in possession

of a firearm on September 6, 2003).

On January 30, 2008, the government hired its own expert, psychologist Harold Hall to review Dr. Connors opinion as well as examine Defendant.   Pursuant to an agreement, Defendant was to be examined by Dr. Hall on February 8, 2008.

On February 1, 2008, Mr. Schweigert confirmed that he would need to be present during Dr. Hall's examination of Defendant.   Dr. Hall will not conduct an examination with a third party present given it will invalidate the integrity and validity of the examination.   The presence of defense counsel during the examination may result in Defendant looking to or seeking advice or input from defense counsel and defense counsel's interruption of Dr. Hall's examination.   Dr. Hall does not object to the recording of the examination for defense counsel's review at a later time.   This option was provided to defense counsel and was refused.

## II.   Discussion

Defendant's verbal communication of his intention to use a psychologist to opine about Defendant's "diminished capacity" at the time of the offense as charged in count 8 of the Third Superceding Indictment and his disclosing Dr. Connors' report, constitutes an implicit notice[1] to "introduce expert

---

[1] Defendant has not filed a written notice pursuant to Federal Rules of Criminal Procedure Rule 12.2.

evidence relating to a mental disease or defect or any other

mental condition of the defendant bearing in the [ ] issue of

guilt . . . ." See FRCP Rule 12.2. Given this intention,

Defendant agreed to allow the government's expert to examine him.

However, Defendant will not agree to this examination without the

presence of his counsel.

The ability for the government to conduct its own

independent examination of Defendant is supported by caselaw. In

Karstetter v. Cardwell, 526 F.2d 1144 (9th Cir. 1975), the

defendant raised an insanity defense and refused to allow the

state to independently examine him, invoking his 5th Amendment

privilege. At trial, the prosecutor elicited testimony from the

state's expert witness that the defendant had "refused" to be

examined. Twice in his closing argument the prosecutor alluded

to the defendant's refusal to be examined by the State's expert.

Id. at 1145. The Ninth Circuit held the prosecutor's action did

not infringe on the defendant's 5th Amendment right and stated:

> Under the law of this circuit, once a defendant
> indicates his intention to invoke the insanity defense
> and present expert testimony on the issue, he may be
> ordered to submit to a psychiatric examination by
> psychiatrists available to testify for the government,
> and his refusal to talk to the State's psychiatrists
> may be sanctioned by the court at the least by
> exclusion of defendant's own experts' testimony on the
> insanity issue. (Citations omitted). Id.

In Estelle v. Smith, 101 S.Ct. 1866, 1874, the United

States Supreme Court cited Karstetter for this proposition and

stated, "When a defendant asserts the insanity defense and introduces supporting psychiatric testimony, his silence may deprive the State of the only effective means it has of controverting his proof on an issue that he interjected into the case."  Id.  The Supreme Court further discussed how a government examination may be conducted without the presence of a defense counsel.  The Supreme Court did not explicitly rule that there is no " . . . constitutional right to have counsel actually present during the examination."  Id. at 1877.  However, it noted, "an attorney present during the psychiatric interview could contribute little and might seriously disrupt the examination."  (Citations omitted.)  Id.

In United States v. Cohen, 530 F.2d 43, 48 (5th Cir 1976), the Fifth Circuit Court rejected the defendant's argument that he had a 6th Amendment right to have his attorney present at the government's psychiatric examination.  The Court noted the presence of the defendant's counsel " . . . might defeat the purpose of the examination and since the examination is not the kind of critical stage at which assistance of counsel is needed or even useful.  There would be no need for counsel to instruct the accused not to answer questions for fear of factual self-incrimination, for any such matter is subject to suppression; and interference with the examination by counsel on other grounds would be improper." (Footnotes omitted.)  Id.

4

Here, Defendant intends to introduce Dr. Connors' opinion regarding Defendant's "diminished capacity" at the time of the offense as charge in Count 8 of the Third Superceding Indictment.  Therefore, the government is entitled to examine Defendant without the presence of his defense counsel because it will not infringe on Defendant's constitutional rights.

## III. Conclusion

Accordingly, the government asks this Court for an order to allow the government to conduct psychological examination of Defendant without the presence of defense counsel.

Dated:  February 8, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
DARREN W.K. CHING
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA