IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 04-00053 DAE |
| ) | |
| Plaintiff, ) | DECLARATION OF COUNSEL |
| ) | |
| vs. ) | |
| ) | |
| SILVER JOSE GALINDO, ) | |
| aka DANIEL S. GALINDO, ) | |
| aka TIMOTHY MAU, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

DECLARATION OF COUNSEL

Darren W.K. Ching deposes and says:

1. Your Declarant is the Assistant United States Attorney responsible for the prosecution of the above-entitled case.

2. I am informed and of the belief that:

   a. Trial in this case is scheduled for April 1, 2008.

   b. On December 3, 2007, defense counsel, Jack Schweigert provided the government with a report dated November 16, 2007 written by psychologist Kevin M. Connors.

   c. Based on tests conducted on Defendant, Dr. Connors opined in a portion of his report titled "Clinical Impressions Relating to Diminished Capacity Defense" that Defendant " . . . was not operating at a normal, sober baseline of cognitive functioning . . . . The data relied upon for this assessment support the inference that Mr. Galindo suffered a memory loss for

the events during the relevant period of time."

d. Mr. Schweigert has informed the government that Defendant intends to call Dr. Connors as an expert to opine about Defendant's state of mind at the time of offense as charged in Count 8 of the Third Superceding Indictment (felon in possession of a firearm on September 6, 2003).

e. On January 30, 2008, the government hired its own expert, psychologist Harold Hall to review Dr. Connors' opinion as well as examine Defendant.

f. Pursuant to an agreement, Defendant was to be examined by Dr. Hall on February 8, 2008.

g. On February 1, 2008, Mr. Schweigert confirmed that he would need to be present during Dr. Hall's examination of Defendant.

h. Dr. Hall will not conduct an examination with a third party present given it will invalidate the integrity and validity of examination. The presence of defense counsel during the examination may result in Defendant looking to or seeking advice or input from defense counsel and defense counsel's interuption of Dr. Hall's examination.

i. Dr. Hall does not object to the recording of the examination for defense counsel's review at a later

time.

j.  This option was provided to defense counsel and was refused.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2008, at Honolulu, Hawaii.

                                              Darren W.K. Ching
                                              Assistant U.S. Attorney