EDWARD H. KUBO, JR.        #2499
United States Attorney
District of Hawaii

DARREN W.K. CHING        #6903
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>SILVER JOSE GALINDO,<br>    aka DANIEL S. GALINDO,<br>    aka TIMOTHY MAU,<br><br>        Defendant. | CR. NO. 04-00053 DAE<br><br>SUPPLEMENTAL MEMORANDUM IN<br>SUPPORT OF GOVERNMENT'S MOTION<br>TO COMPEL DEFENDANT TO PRODUCE<br>DISCOVERY PURSUANT TO FEDERAL<br>RULES OF CRIMINAL PROCEDURE<br>RULE 16(b)(1)(B); DECLARATION<br>OF COUNSEL; EXHIBITS 1-2;<br>CERTIFICATE OF SERVICE |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
GOVERNMENT'S MOTION TO COMPEL DEFENDANT TO PRODUCE DISCOVERY
PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE RULE 16(b)(1)(B)

        Comes now the United States Attorney, on behalf of the

plaintiff, United States of America, by and through its

undersigned counsel, and hereby files this supplemental

memorandum is support of its motion to compel discovery pursuant

to Federal Rules of Criminal Procedure Rule ("FRCP") 16(b)(1)(b)

filed on February 8, 2008.

        In its motion filed on February 8, 2008, the government

cited FRCP Rule 16(b)(1)(B) as the basis for its discovery request.  Additionally, the government now cites to Criminal Local Rule ("CrimLR")16.1 in support of its motion to compel discovery.

Criminal Local Rule 16.1 - Standing Order for Routine Discovery in Criminal Cases requests discovery on behalf of the defendant for material pursuant to FRCP Rule 16 and CrimLR16.1 unless the defendant opts out of this request for discovery. CrimLR16.1(b) also requires reciprocal discovery from the defendant if the defendant has not opted out of CrimLR16.1. CrimLR16.1(b)2 requires the reciprocal disclosure of:

> Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, that the defendant intends to introduce as evidence in chief at the trial;

Defendant did not file a notice, pursuant to CrimLR16.1(b), opting out of the standing order requesting discovery.  Additionally, on March 23, 2005 and November 9, 2005, Defendant made two written requests for discovery.  (Exhibit 1 and 2 respectively).  In these requests, Defendant sought material pursuant to FCRP Rule 16 and CrimLR16.1.  On January 8, 2008, Defendant inquired of the government if Defendant had requested "results or reports of any physical or mental examination of Galindo."  Implicit in this inquiry maybe Defendant's thought that only if the government first provides

discovery of "results or reports of any physical or mental examination of Galindo" will Defendant then be obligated to provide reciprocal discovery.

This possible thought process fails for two reasons. First, FCRP or CrimLR cannot be ready so narrowly as to require that the government first disclose "results or reports of any physical or mental examinations of Galindo" before the defense must reciprocate.  All that is required is that the government has complied with FRCP 16(a)(1)(F) and CrimLR16.1.  Second, any government disclosure of "results or reports of any physical or mental examination of Galindo" would not be possible as none exists because it was Defendant who first raised the issues of whether the "defendant had the mental state required for the offense charged" (CrimLR16.1(b)3) and gave informal notice of his intention to use an expert who prepared a report (FCRP Rule 16(b)(1)(B)(ii).

The government has complied with FRCP Rule 16(a)(1)(F) and CrimLR16.1(a).  Given Defendant is subject to CrimLR16.1, he is now obligated to provide reciprocal discovery which includes the material the government had requested in a January 29, 2008 letter and in a February 8, 2008 motion.  Therefore, in addition to the reasons provided in government's motion to compel filed on February 8, 2008 for disclosure of discovery, the government seeks the requested discovery material pursuant to CrimLR16.1.

Accordingly, the government asks that this Court order Defendant to produce as discovery, pursuant to CrimLR Rule 16.1(b), any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, that the defendant intends to introduce as evidence in chief at the trial.  This would include but is not limited to: the Minnesota Multiphasic Personality Inventory, the Substance Abuse Subtle Screening Inventory, the Shipely Institute of Living Scale, the Chemical Dependency Assessment Profile, the Alcohol Addiction Test, the Trauma Questionnaire and Cage Test, and the Buss Durke Hostility Inventory as referenced in Dr. Connors' report of November 16, 2007.

Dated:  February 12, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
DARREN W.K. CHING
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4

CERTIFICATE OF SERVICE

I hereby certify that on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by Facsimile:

JACK SCHWEIGERT, ESQ.
The Lawyers Building
550 Halekauwila, Room 309
Honolulu, HI 96813
(808) 533-7490

Attorney FOR Defendant
SILVER JOSE GALINDO

DATED:   February 12, 2008, at Honolulu, Hawaii.