IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 04-00053 DAE |
| ) | |
| Plaintiff, ) | DECLARATION OF COUNSEL |
| ) | |
| vs. ) | |
| ) | |
| SILVER JOSE GALINDO, ) | |
| aka DANIEL S. GALINDO, ) | |
| aka TIMOTHY MAU, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

DECLARATION OF COUNSEL

Darren W.K. Ching deposes and says:

1. Your Declarant is the Assistant United States Attorney responsible for the prosecution of the above-entitled case.

2. I am informed and of the belief that:

   a. Trial in this case is scheduled for April 1, 2008.

   b. Defendant did not file a notice, pursuant to CrimLR16.1(b), opting out of the standing order requesting discovery.

   c. On March 23, 2005 and November 9, 2005, Defendant made two written requests for discovery. (Exhibit 1 and 2 respectively). In these requests, Defendant sought material pursuant to FCRP Rule 16 and CrimLR16.1.

   d. The government is not in possession of "results or reports of any physical or mental examination of Galindo" conducted by the government.

   e. The government has complied with FRCP Rule 16(a)(1)(F)

and CrimLR16.1(a).

f.   On December 3, 2007, defense counsel, Jack Schweigert provided the government with a report dated November 16, 2007 written by psychologist Kevin M. Connors.

g.   Dr. Connors administered numerous tests to Defendant (Minnesota Multiphasic Personality Inventory, Substance Abuse Subtle Screening Inventory, Shipely Institute of Living Scale, Chemical Dependency Assessment Profile, Alcohol Addiction Test, Trauma Questionnaire and Cage Test, Buss Durke Hostility Inventory) to reach his conclusion.

h.   Based on these tests, Dr. Connors opined that "the data relied upon for this assessment support the inference that Mr. Galindo suffered a memory loss for the events during the relevant period time."

i.   Mr. Schweigert has informed the government that Defendant intends to call Dr. Connors as an expert to opine about Defendant's state of mind at the time of offense as charged in Count 8 of the Third Superceding Indictment (felon in possession of a firearm on September 6, 2003).

j.   On January 29, 2008, pursuant to FRCP Rule 16(b)(1)(B), the government requested the results or reports of any physical or mental examinations of any scientific tests

or experiments that is within Defendant's possession, custody or control and that he intends to use at trial or intends to call the witness who prepared the report and the report relates to the witness' testimony.

k.  On January 30, 2008, the government hired its own expert, psychologist Harold Hall to review Dr. Connors' opinion as well as examine Defendant.

l.  On January 31, 2008, Mr. Schwiegert indicated that he would not provide the requested material and suggested we look to the court to seek resolution of this discovery issue.

m.  In its motion filed on February 8, 2008, the government cited FRCP Rule 16(b)(1)(B) as the basis for its discovery request.

n.  On February 8, 2008, Defendant inquired of the government if Defendant had requested "results or reports of any physical or mental examination of Galindo."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2008, at Honolulu, Hawaii.

/s/ Darren W. K. Ching
Darren W. K. Ching
Assistant U.S. Attorney