**ORIGINAL**

JACK SCHWEIGERT, ESQ.
550 Halekauwila Street, Room 309
Honolulu, HI 96813
Phone: (808) 533-7491

CJA Attorney for Silver Jose Galindo

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 4 2008

at 1 o'clock and __ min __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>SILVER JOSE GALINDO,<br><br>        Defendant. | CR. NO. 04-00053 DAE<br><br>DEFENDANT'S OPPOSITIONS TO MOTION TO ALLOW THE GOVERNMENT TO CONDUCT A PSYCHOLOGICAL EXAMINATION OF THE DEFENDANT WITHOUT THE PRESENCE OF DEFENSE COUNSEL AND MOTION TO COMPEL DEFENDANT TO PRODUCE DISCOVERY PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE RULE 16(b)(1)(B); CERTIFICATE OF SERVICE<br><br><u>Hearing</u>:<br><br>Date:  February 28, 2008<br>Time:  10:00 a.m.<br>Judge: Leslie E. Kobayashi<br><br>Trial: April 1, 2008 |

**DEFENDANT'S OPPOSITIONS TO MOTION
TO ALLOW THE GOVERMENT TO CONDUCT
A PSYCHOLOGICAL EXAMINATION OF THE
DEFENDANT WITHOUT THE PRESENCE OF
DEFENSE COUNSEL AND MOTION TO
COMPEL DEFENDANT TO PRODUCE
DISCOVERY PURSUANT TO FEDERAL RULES
OF CRIMINAL PROCEDURE RULE 16(b)(1)(B)**

Comes now Defendant, Silver Jose Galindo, by and through counsel and opposes the Government's (1) Motion to Allow the Government to Conduct a Psychological Examination of the Defendant Without the Presence of Defense Counsel, and (2) Motion to Compel Defendant to Produce Discovery Pursuant to Federal Rules of Criminal Procedure Rule 16(b)(1)(B) based on the following.

1. **BACKGROUND**

The Defendant has been charged with several crimes, one of which allegedly occurred when he was found sleeping in a stolen car in the parking lot of the Golden Coin Restaurant in Kalihi, with a stolen gun sitting under an armrest next to him. (Count 8, Third Superseding Indictment) At the time the Defendant was a felon so that this set of circumstances would violate federal law prohibiting felons from knowingly possessing firearms, which is the federal charge he was arrested on.

Unfortunately for the Defendant he has no memory of much of the events leading up to his arrest so that a request was made to authorize the Defendant to hire

2

Kevin M. Connors, Ph.D. to attempt to explain how the Defendant could lose his memory of events leading up to this arrest.

After Dr. Connors conducted his exam he did generate a report that gave the results of his mental exam of the Defendant and the bases for it. (This document will be provided to the Court for an in-camera inspection but should be kept sealed for it involves confidential information). The Government wants to do two things: examine the Defendant by way of an expert identified as Dr. Hall and to have a more thorough disclosure of the various tests Dr. Connor performed. The defense objects to both motions based on the legal arguments that follow.

2. **LEGAL ARGUMENTS**

The critical rule dealing with mental exams is CrimLR 16.1(b)(2) which directs that only the results of physical or mental examinations need be provided to the Government. Further Rule 16(C), Federal Rules of Criminal Procedure merely directs that a written summary of Dr. Connor's report needs to be given to the Government. Therefore the Government has been given all that it is entitled to.

Further, as to the right of a defendant to have his counsel present during an independent medical examination, although the cases go both ways, it has been

recognized that such examination constitutes a "critical stage" of the criminal proceeding at which the presence of counsel is constitutionally required. *Houston v. State*, 602 P.2d 784 (Alaska 1979); *Lee v. County Court of Eerie County*, 267 N.E.2d 452 (NY 1971); *People v. Cerami*, 306 N.E.2d 799 (NY 1973). Although the courts have sometimes limited defense counsel to be more of an observer, the right has been found to exist nonetheless.

3.  **CONCLUSION**

For the foregoing reasons the Government's (1) Motion to Allow the Government to Conduct a Psychological Examination of the Defendant Without the Presence of Defense Counsel, and (2) Motion to Compel Defendant to Produce Discovery Pursuant to Federal Rules of Criminal Procedure Rule 16(b)(1)(B) must be denied.

DATED: Honolulu, Hawaii; February 14, 2008.

_____
JACK SCHWEIGERT
Attorney for Defendant

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>SILVER JOSE GALINDO,<br><br>        Defendant. | ) CR. NO. 04-00053 DAE<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

It is hereby certified that on February 14, 2008, a copy of the attached document was served on the below individual by U.S. Mail, first class postage pre-paid, addressed as follows:

    Darren W.K. Ching, Esq.
    Assistant U.S. Attorney
    Room 6100, PJKK Federal Building
    300 Ala Moana Blvd., Box 50183
    Honolulu, HI 96850

    Attorney for U.S.A.

                /s/ Jack Schweigert
                JACK SCHWEIGERT
                Attorney for Defendant