IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 04-00053 DAE |
| | ) | |
| Plaintiff(s), | ) | REPORT OF FINAL PRETRIAL |
| | ) | CONFERENCE MINUTES AND |
| vs. | ) | ORDER (Counts 1, 2, 3, 4, 8, 9, 10 |
| | ) | and 11) |
| SILVER JOSE GALINDO, also | ) | |
| known as Daniel S. Galindo, also | ) | |
| known as Timothy Mau, | ) | |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

REPORT OF FINAL PRETRIAL CONFERENCE,
MINUTES AND ORDER
(Counts 1, 2, 3, 4, 8, 9, 10 and ll)

A final pretrial conference was held pursuant to CrimLR17.1.1 on March 3, 2008, before the Honorable Kevin S. C. Chang, United States Magistrate Judge. Appearing at the conference were Darren Ching, Assistant United States Attorney on behalf of the United States and Jack Schweigert.

Jury trial (as to Counts 1, 2, 3, 4, 8, 9, 10 and 11) in this matter will begin at 9:00 a.m. on April 1, 2008 before the Honorable David Alan Ezra, United States District Judge. The United States represented that it will take 8 trial days to complete the presentation of its case in chief inclusive of cross examination. Counsel for Defendant Silver Jose Galindo represented that it will take 3 trial days

to complete the presentation of his/her case in chief inclusive of cross examination.
(Counsel represented that trial time will be 3 weeks total.)

Counsel for the United States made certain representations on the record
concerning the need for interpreters {CrimLR17.1.1(e)}, the dismissal of certain
counts and the elimination from the case of certain issues {CrimLR17.1.1(f)},
severance of trial as to any co-defendant or counts {CrimLR17.1.1(g)}, the joinder
of any related cases {CrimLR17.1.1(g)}, the use or identification of informants,
use of line-up or other identification procedures, and the use of evidence of prior
convictions of any witness {CrimLR17.1.1(h)}, and whether there are any
percipient witnesses whom the government does not intend to call in its case-in-
chief {CrimLR17.1.1(n)}.


 X  Counsel for the United States represented to this Court that  Defendant
Silver Jose Galindo requested disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(C)
and (E) and that the United States has complied with those requests.  This Court
therefore finds that  Fed. R. Crim. P. 16(b)(1)(A) and (C) apply to Defendant Silver
Jose Galindo in this case.

After due consideration of the stipulations, representations and arguments of counsel, this Court enters the following orders concerning matters discussed at the pretrial conference:

1.    <u>Fed. R. Evid. 404(b)</u> - The United States shall serve upon opposing counsel and file with the Court by March 5, 2008 a written statement of intent to use evidence of any Defendant's acts covered by Fed. R. of Evid. 404(b).  Defendants shall oppose the use of such evidence by filing motions in limine as hereafter provided.

2.    <u>Motions in limine</u> -

a.    All motions in limine shall be filed with the Court and served upon opposing counsel by March 12, 2008.

b.    Memoranda in opposition to any motions in limine shall be filed with the Court and served upon opposing counsel by March 17, 2008.

3.    <u>Brady and Giglio Material</u> - The United States shall complete its production of evidence favorable to the Defendant on the issue of guilt or punishment, as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and related authorities and

impeachment material, cooperation agreements, plea agreements, promises of leniency and records of criminal convictions, required by <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and its progeny defendants herein by March 12, 2008.  The United States is under a continuing obligation to produce <u>Brady</u> and <u>Giglio</u> material which may come into its possession right through the trial of this matter.


 <u>X</u>  4. <u>Jury Instructions</u> -

        a.      Jury instructions shall be prepared and submitted in accordance with LR51.1.  The parties shall serve upon each other a set of proposed jury instructions on or before March 12, 2008.  The proposed instructions shall include an "elements which must be proven by the prosecution" instruction for each offense charged and proposed language to fill in the charge and elements of the crime blanks of 9TH CIR. CRIM. JURY INSTR. 1.02 (1995).

        b.      The parties shall thereafter meet and confer for the purpose of preparing one complete set of agreed upon jury instructions.  The jury instructions which are agreed upon shall be filed with the Court.

        c.      Supplemental instructions which are not agreed upon and a concise argument supporting the appropriateness of the proposed instruction shall

be filed with the Court.  All objections to the non-agreed upon instructions shall be in writing and filed.

        d.    All filings required by subparagraphs b and c above shall be completed by March 19, 2008.

 X  5. <u>Witnesses</u> - Pursuant to stipulation by all parties, each party shall serve upon opposing counsel and file a final comprehensive witness list indicating the identity of each witness that the party will call at trial in each respective case-in-chief by March 25, 2008.

6. <u>Exhibits</u> -

     X  a. The parties shall meet and exchange copies or, when appropriate, make available for inspection all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the trial other than for impeachment or rebuttal.  Upon request, a party shall make the exhibit or the underlying documents of any exhibit available for inspection and copying.  The parties shall meet and confer regarding possible stipulations to the authenticity and admissibility of proposed exhibits.

   b. The original set of exhibits tabbed and (in binders), and one copy (in a

binder) and the list of all exhibits shall be submitted to the court by the Friday

before the trial date.


7.    <u>Stipulations</u> - Stipulations shall be in writing and shall be filed with the

Court by March 19, 2008.


8.    <u>Voir Dire Questions</u> - The parties shall prepare in writing and submit to the

court any special voir dire inquiries they wish the judge to ask the jury panel by

March 19, 2008.


9.    <u>Trial Briefs</u> - Each party shall serve upon opposing counsel and file with the

Court by March 19, 2008 a trial brief on all significant disputed issues of law,

including foreseeable procedure and evidentiary issues, setting forth briefly the

party's position and the supporting arguments and authorities.  If a defendant

objects to the filing of a full trial brief because such a filing would disclose a

theory of defense, that defendant shall file a trial brief stating such objection and

briefing the Court on matters not covered by such objection.

 X     10. <u>Jencks Disclosures</u> - The United States to make disclosures of witness statements pursuant to the Jencks Act (18 U.S.C. §3500)by the Friday before the trial.

11.    <u>Other Matters</u> -

   None.

   This order shall remain in effect until modified by the Court and shall be modified by the Court only to prevent manifest injustice.

   IT IS SO ORDERED.

   DATED: Honolulu, Hawaii, March 4, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge