IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| Plaintiff, | ) <br> ) DEFENDANT'S SUPERCEDING <br> ) MOTION IN LIMINE REGARDING |
| vs. | ) "UNITED STATES WRITTEN <br> ) NOTICE PURSUANT TO |
| SILVER JOSE GALINDO, | ) FEDERAL RULE OF EVIDENCE <br> ) 404(b) DATED DECEMBER 27, |
| Defendant. | ) 2006" <br> ) |

### DEFENDANT'S SUPERCEDING MOTION IN LIMINE REGARDING "UNITED STATES WRITTEN NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b) DATED DECEMBER 27, 2006"

COMES NOW DEFENDANT SILVER JOSE GALINDO, by and through counsel, and moves this Honorable Court in limine with regards to the alleged "bad acts" set forth in "United States Written Notice Pursuant to Federal Rule of Evidence 404(b) dated December 27, 2006," to instruct the government's attorneys and witnesses called by the government not to mention, refer to, or bring before the Jury directly or indirectly upon Voir Dire examination, reading of the pleadings, statements of the case, interrogation of witnesses, argument, objections before the jury, or in any manner mention those "bad acts" set forth below, until and unless such matters have first been called to the Court's attention out of the presence and hearing

of the jury and a favorable ruling has been received as to the admissibility and relevance of such "bad act" which are as follows:

1. Defendant's alleged involvement with Robert Tomaszycki's drug distribution ring. The Defendant has not been charged with such offense so that such allegation is irrelevant. Moreover, on balance, the prejudice from introducing such "bad act" outweighs any relevance under Rule 403, F.R.E.

2. Defendant's alleged possession and use of firearms, guns, grenade launchers, weapons of any sort for any occasion not charged in the Third Superseding Indictment. The Defendant has not been charged with any other offenses so that any allegation of other offenses for which he is not charged is irrelevant and on balance, the prejudice from introducing such "bad acts" outweighs any relevance under Rule 403, F.R.E.

3. Defendant's alleged possession and use of drugs on occasions **OTHER THAN** charged in the Third Superseding Indictment. Since the Defendant has not been charged with such other offenses, any testimony about these other bad acts is irrelevant. Moreover, on balance, the prejudice from introducing such "bad acts" outweighs any relevance under Rule 403, F.R.E.

4. Defendant's alleged involvement with Dan LANGAMAN's drug distribution ring. The Defendant has not been charged with such offense so that any

allegation of Dan LANGAMAN's drug distribution ring is irrelevant. Moreover, on balance, the prejudice from introducing such "bad act" outweighs any relevance under Rule 403, F.R.E.

    5.    Defendant's alleged robbery of Gilbert "Baka" SORIANO, Travis HEFFELFINGER, Brian HIGA, Deon VALENCIA, Craig FRANCE or any other person not charged in the Third Superseding Indictment. Since the Defendant has not been charged with any other robbery including from the people above named, such testimony is irrelevant. Moreover, on balance, the prejudice from introducing such "bad act" outweighs any relevance under Rule 403, F.R.E.

    6.    Any reference to Defendant's alleged holding of drugs and/or weapons or giving of drugs or weapons to Travis HEFFELFINGER for the Defendant has not been charged with such offenses so that such testimony is irrelevant. Moreover, on balance, the prejudice from introducing such "bad act" outweighs any relevance under Rule 403, F.R.E.

    7.    Defendant's alleged theft of Hector FERRER's wife's 1999 Nissan. The Defendant has not been charged with this offense so that this allegation is irrelevant. Moreover, on balance, the prejudice from introducing such "bad act" outweighs any relevance under Rule 403, F.R.E.

8. Items recovered at 91-2240 Fort Weaver Road on March 11, 2004 for they include items which are inflammatory like pornography and syringes and a spoon with methamphetamine crystals and not confirmed as Defendant's property so not relevant. Also, on balance, the prejudice outweigh their probative value under Rule 403, F.R.E.

9. Items recovered from Haleiwa for they are inflammatory like two hooded masts, and not confirmed the Defendant's so as to be not relevant. Moreover, on balance, the prejudice outweighs their probable value under Rule 403, F.R.E.

10. The Defendant's criminal history other than the Stipulation worked out by counsel that prior to July 31, 2003 the Defendant Silver Jose Galindo had been convicted of a crime punishable by imprisonment for a term exceeding one year.

11. Any reference to the Defendant being on Crime Stoppers Most Wanted List because it is irrelevant to this case and on balance unduly prejudicial.

12. Any mask seized as evidence from either the Haleiwa property or the Ewa Beach property for there was no use of a mask in any of the counts for wihch the defendant stands accused. Further, on balance such evidence would be unduly prejudicial.

DATED: Honolulu, Hawaii, March 12, 2008.

JACK SCHWEIGERT
Attorney for Defendant