ORIGINAL

JACK SCHWEIGERT
550 Halekauwila Street, Room 309
Honolulu, Hawaii 96813
Phone: (808) 533-7491
Attorney for Defendant
Silver Jose Galindo

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 2 2008

at _____ o'clock and ____ min. ____ M.
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER JOSE GALINDO,<br><br>Defendant. | ) CR. NO. 04-00053 DAE<br>)<br>)<br>) DEFENDANT'S SECOND<br>) AMENDED PROPOSED JURY<br>) INSTRUCTIONS;CERTIFICATE<br>) OF SERVICE<br>)<br>)<br>)<br>) Trial: April 1, 2008<br>)<br>) |

## DEFENDANT'S SECOND
## AMENDED PROPOSED JURY INSTRUCTIONS

COMES NOW DEFENDANT SILVER JOSE GALINDO, by and through

counsel, and respectfully submits Defendant's Second Amended Proposed

Jury Instructions, which are in addition to the Court's Standard Jury Instructions.

Permission of the Court is requested to subsequently withdraw any of the attached

instructions or add any additional instructions as may become appropriate.

DATED:  Honolulu, Hawaii, _March 12th 2008_ .

Respectfully submitted,

By: _____

Jack Schweigert, Esq.
CJA Panel Attorney for Defendant

## **DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #1**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Third Superseding Indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the Third Superseding Indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charges against this defendant.

AUTHORITY:    Ninth Circuit Model Jury Instruction 3.10 (2007).

GIVEN      _____
REFUSED    _____
MODIFIED   _____

## **DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #2**

(1)     The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any ways.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

(2)     Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

AUTHORITY:     6th Circuit Pattern Criminal Jury Instructions No. 2.01A (2005).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #3

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt to proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

AUTHORITY:    General Federal Instructions in Criminal Cases, David Alan
              Ezra, U.S. District Court, District of Hawaii, Instruction No. 3B.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

## <u>DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #4</u>

The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate" -- with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt from all the evidence in the case. * * * A presumption continues in effect until overcome or outweighed by evidence to the contrary; * * * unless so outweighed, the jury are bound to find in accordance with the presumption. Unless and until outweighed by evidence to the contrary, the law presumes that a person is innocent of a crime or wrong; * * * and that the law has been obeyed."

AUTHORITY:    <u>Compton v. U.S.</u>, 305 F.2d 119, 120 (9th Cir. 1962).

GIVEN    _____
REFUSED    _____
MODIFIED    _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #5

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

AUTHORITY:    9th Circuit Model Criminal Jury Instruction No. 3.2 (2003).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## <u>DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #6</u>

Defendant is charged in Count 1 of the Third Superseding Indictment with possession of a firearm, to wit: a Smith and Wesson Model SW9V, Caliber 9 mm semi-automatic pistol, and ammunition to wit: 9 mm caliber Winchester brand cartridges in violation of § 922(g)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

1. On March 11, 2004 the defendant knowingly possessed the firearms and ammunition referred to above;

2. The firearms and ammunition mentioned above had been shipped or transported from one state to another; and,

3. At the time the defendant possessed the firearm and ammunition referred to above, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant stipulates that on December 1, 1987 the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

AUTHORITY:    9th Circuit Model Criminal Jury Instruction No. 8.59 (2003).

GIVEN    _____
REFUSED    _____
MODIFIED    _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #7

The defendant is charged in Count 2 of the Third Superseding Indictment with possession of 5 grams or more of methamphetamine on March 11, 2004 with the intent to distribute the methamphetamine in violation of § 841(a)(1) of Title 21 of the United States Code.  In order the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, on March 11, 2004 the defendant knowingly possessed 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers; and,

Second, the defendant possessed this drug with the intent to deliver it to another person.

It does not matter whether defendant knew that the substance was methamphetamine, its salts, isomers, and salts of isomers, but rather is sufficient that the defendant knew the drug was some kind of prohibited drug.

To possess with intent to distribute means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

AUTHORITY:     9th Circuit Model Criminal Jury Instruction No. 9.13 (2003).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #8

Defendant is charged in Count 3 of the Third Superseding Indictment with carrying and possessing a firearm in furtherance of a drug trafficking crime, to wit: a Smith and Wesson model SW9V, caliber 9 mm semi automatic pistol during and in relation to a drug trafficking crime in violation of § 924(c) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on March 11, 2004, Defendant committed the crime of knowingly possessing 5 grams or more of methamphetamine.

Second, defendant knowingly carried and possessed a firearm, to wit: a Smith and Wesson Model SW9V, Caliber .9 mm semi automatic pistol; and,

Third, defendant carried and possessed the firearm in furtherance of a drug trafficking crime.

Fourth, that defendant possessed the weapon mentioned to promote or facilitate the underlying crime.

AUTHORITY:    United States v. Krouse, III, 370 F.3d 965 (9th Cir. 2004).

GIVEN    _____
REFUSED    _____
MODIFIED    _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #9

Defendant is charged in Count 4 of the Third Superseding Indictment with possession of a firearm, to wit: a Barretta Model 950 BS, Caliber .25 semi-automatic pistol bearing serial number BER 11983V, and ammunition, to wit: 4 Winchester brand .25 caliber cartridges and one Winchester brand 38 caliber special cartridge in violation of § 922(g)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

1.     On February 29, 2004 the defendant knowingly possessed the firearms and ammunition referred to above;

2.     The firearms and ammunition mentioned above had been shipped or transported from one state to another; and,

3.     At the time the defendant possessed the firearm and ammunition referred to above, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant stipulates that on December 1, 1987, defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

AUTHORITY:     9th Circuit Model Criminal Jury Instruction No. 8.59 (2003).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #10

Defendant is charged in Count 8 of the Third Superseding Indictment with possession of a firearm, to wit: a Colt, Model 1911A1, Caliber .45 semi-automatic pistol bearing serial number 2741124, and ammunition, to wit: 7 rounds of .45 caliber ammunition in violation of § 922(g)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

1.     On September 6, 2003 the defendant knowingly possessed the firearms and ammunition referred to above;

2.     The firearms and ammunition mentioned above had been shipped or transported from one state to another; and,

3.     At the time the defendant possessed the firearm and ammunition referred to above, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant stipulates that on December 1, 1987, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

AUTHORITY:     9th Circuit Model Criminal Jury Instruction No. 8.59 (2003).

GIVEN     _____
REFUSED     _____
MODIFIED     _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #11

Defendant is charged in Count 9 of the Third Superseding Indictment with possession of a firearm in violation of § 922(g)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

1.    On July 31, 2003 the defendant knowingly possessed a firearm;

2.    This firearm had been shipped or transported from one state to another; and,

3.    At the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Defendant stipulates that on December 1, 1987, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

AUTHORITY:    9th Circuit Model Criminal Jury Instruction No. 8.59 (2003).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #12

The Defendant is charged in Count 10 of the Third Superseding Indictment with possession of 5 grams or more of methamphetamine on July 31, 2003 with the intent to distribute the methamphetamine in violation of § 841(a)(1) of Title 21 of the United States Code. In order the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, on July 31, 2003, the defendant knowingly possessed 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers; and,

Second, the defendant possessed this drug with the intent to deliver it to another person.

It does not matter whether defendant knew that the substance was methamphetamine, its salts, isomers, and salts of isomers, but rather is sufficient that the defendant knew the drug was some kind of prohibited drug.

To possess with intent to distribute means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

AUTHORITY:     9th Circuit Model Criminal Jury Instruction No. 9.13 (2003).

GIVEN     _____
REFUSED     _____
MODIFIED     _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #13

Defendant is charged in Count 11 of the Third Superseding Indictment with carrying and possessing a firearm, during and in relation to a drug trafficking crime in violation of § 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on July 31, 2003, defendant committed the crime of knowingly possessing 5 grams or more of methamphetamine.

Second, defendant knowingly carried and possessed a firearm; and,

Third, defendant carried and possessed the firearm during and in relation to the drug trafficking crime.

A defendant has used a firearm if he has actively employed the firearm in relation to the drug trafficking crime in any one of the following ways:

1.     Brandishing, displaying, bartering, striking with, firing, or attempting to fire the firearm.

2.     Referring to the firearm in the offenders possession in order to bring about a change in the circumstances of the predicate offence, or,

3.     The silent but obvious and forceful presence of a firearm in plain view.

Carrying is not limited to carrying weapons directly on the person but can include circumstances such as carrying in vehicle. A defendant carries a firearm when he:

    (1)    knowingly possesses it; and,

    (2)    holds, moves, conveys, or transports it some manner.

A person possesses a firearm if a person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

A defendant takes such action in relation to the crime if the firearm facilitated or played a role in the crime.

AUTHORITY:    9th Circuit Model Criminal Jury Instruction No. 8.65 (2003). (Unpublished; available on 9th Cir. website dated January 2007).

GIVEN    _____
REFUSED    _____
MODIFIED    _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #14

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime [crime charged], unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be consider by the jury along with other evidence in the case.

AUTHORITY:    9th Circuit Model Criminal Jury Instruction No. 6.9 (2003).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## **DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #15**

Mere proximity to drugs and/or firearms does not establish knowing possession. The government must show some link between the defendant and the firearms and/or drugs.

AUTHORITY:    U.S. v. Ocampo, 937 F.2d 485, 489 (9th Cir. 1991).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

**DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #16**

The mere proximity of a weapon to an occupant in a car goes only to its accessability, not to the dominion or control which must be proved to establish possession.  It is insufficient to establish possession.

AUTHORITY:    United States v. Behanna, 814 F.2d 1318, 1320 (modified).

GIVEN         _____
REFUSED       _____
MODIFIED      _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #17

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

AUTHORITY:    Ninth Circuit Model Jury Instruction 3.18 (2007).

The Ninth Circuit has approved language similar to that contained in this instruction. United States v. Cain, 130 F.3d 381, 382-84 (9th Cir. 1997); United States v. Perez, 67 F.3d 1371, 1379-80 (9th Cir. 1995); opinion withdrawn in part by 116 F.3d 840 (1997); United States v. Terry, 911 F.2d 272, 280 (9th Cir. 1990).

GIVEN       _____
REFUSED     _____
MODIFIED    _____

**<u>DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #18</u>**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's acts or omission along with all the other evidence, in deciding whether the defendant acted knowingly.

AUTHORITY:     9th Circuit Model Criminal Jury Instruction No. 5.6 (2003).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #19

(1)    Next, I want to explain something about proving a defendant's state of mind.

(2)    Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)    But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show that was in the defendant's mind.

(4)    You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

AUTHORITY:    6th Circuit Pattern Criminal Jury Instruction No. 2.08 (2005).

GIVEN      _____
REFUSED    _____
MODIFIED   _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #20

You have heard testimony that Walter Cacho, Travis Heffelinger, Dan Langaman, Christopher Mabanag, and Robert Tomaszycki have already received and may yet receive, more benefits or favored treatment from the government in connection with their testimony in this case.

In evaluating their testimony, you should consider the extent to which it may have been influenced by these factors. In addition, you should examine their testimony with greater caution than that of other witnesses.

AUTHORITY:    9th Circuit Model Criminal Jury Instruction No. 4.9 (2003). [modified]

GIVEN       _____
REFUSED     _____
MODIFIED    _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #21

In this case, there has been testimony from government witnesses who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to bring the witness' cooperation to the attention of the sentencing court. The government is permitted to enter into this kind of plea agreement. You, in turn, my accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves. I further instruct you that you may not draw any conclusions or inferences about the guilt of the defendant on trial here from the fact that prosecution witnesses pled guilty to similar charges.

AUTHORITY:

GIVEN     _____
REFUSED   _____
MODIFIED  _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #22

Now I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness, you should consider the witness' (1) relationship to the government or the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which he testified, and (5) candor, fairness and intelligence. You should also consider the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible that the testimony of a larger number of witnesses to the contrary.

AUTHORITY:   General Federal Instructions in Criminal Cases, David Alan Ezra, U.S. District Court, District of Hawaii, Instruction No. 9.

GIVEN _____
REFUSED _____
MODIFIED _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #23

You have heard evidence of other crimes, acts, or wrongs, engaged in by the defendant.  You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, and for no other purpose.

AUTHORITY:     Rule 404(b), Federal Rules of Evidence; 9th Circuit Model
                      Criminal Jury Instruction No. 4.3 (2007).

GIVEN     _____
REFUSED   _____
MODIFIED  _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #24

(1)     One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)     Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

AUTHORITY:     6th Circuit Pattern Criminal Jury Instructions No. 1.08 (2005).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

## <u>DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #25</u>

If two conclusions can reasonably be drawn from the evidence, one of innocence, and one of guilt, the jury must adopt the one of innocence.

AUTHORITY:    <u>Manual on Jury Instructions in Federal Criminal Cases</u>, 33 F.R.D. 523, 568 (1963)

GIVEN          _____
REFUSED      _____
MODIFIED    _____

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #26

You have heard evidence that defendant was intoxicated. "Intoxicated" means being under the influence of alcohol or drugs or both. Some degree of intoxication may prevent a person from having the requisite culpable state of mind. If after considering the evidence of intoxication, together with all the other evidence, you have a reasonable doubt that defendant had the requisite culpable state of mind, then you must find defendant not guilty.

AUTHORITY:    Pattern Jury Instructions of the First Circuit, Criminal Cases, Instruction No. 5.03 (1998).

GIVEN      _____
REFUSED   _____
MODIFIED  _____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00053 DAE |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| SILVER JOSE GALINDO, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

It is hereby certified that on _____, one copy of the attached

document was served on the below individual by U.S. Mail, first class postage pre-

paid addressed as follows:

> Darren W.K. Ching, Esq.
> Assistant U.S. Attorney
> Room 6100, PJKK Federal Building
> 300 Ala Moana Blvd., Box 50183
> Honolulu, HI 96850

> Attorney for United States of America

\

_____
Jack Schweigert
Attorney for Defendant

## DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #27

The defendant claims he did not know of the firearm which was found under an armrest in the Lincoln Town car he was found sleeping on September 6, 2003. Because the prosecution must prove beyond a reasonable doubt that the defendant's possession of the .45 caliber pistol was with knowledge as defined elsewhere in these instructions, unless you all unanimously find that the prosecution has met its burden of proving the possession of the .45 caliber pistol was with the defendant's knowledge, you may not find the defendant guilty of this count.

AUTHORITY:     Lundy, Jury Instruction Corner-National Association of
               Criminal Defense Lawyers Inc. (September/October 2006).

GIVEN      _____
REFUSED    _____
MODIFIED   _____

## <u>DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTION #28</u>

Conviction for possession of a firearm in furtherance of a drug trafficking offense or crime of violence requires proof that the defendant possessed the weapon to promote or facilitate the underlying crime. As such evidence that the defendant merely possessed a firearm at a drug trafficking scene, without proof that the weapon furthered the independent drug trafficking offense, is insufficient to support a conviction for possession of a firearm in furtherance of a drug trafficking offense or crime of violence.

AUTHORITY:     <u>U.S. v. Krouse III</u>, 370 F.3d 965 (9th Cir. 2004).

GIVEN      _____
REFUSED    _____
MODIFIED   _____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  04-00053 DAE |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| SILVER JOSE GALINDO, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

It is hereby certified that on March 12, 2008, one copy of the attached

document was served on the below individual by U.S. Mail, first class postage pre-

paid, addressed as follows:

> DARREN W.K. CHING, ESQ.
> Assistant U.S. Attorney
> Room 6100, PJKK Federal Building
> 300 Ala Moana Blvd., Box 50183
> Honolulu, HI 96850

Attorney for United States of America

JACK SCHWEIGERT
Attorney for Defendant