EDWARD H. KUBO, JR.      #2499
United States Attorney
District of Hawaii

DARREN W.K. CHING        #6903
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00053 DAE |
| | ) | |
| Plaintiff, | ) | AMENDED GOVERNMENT'S PROPOSED |
| | ) | JURY INSTRUCTIONS; CERTIFICATE |
| vs. | ) | OF SERVICE |
| | ) | |
| SILVER JOSE GALINDO, | ) | TRIAL DATE: APRIL 1, 2008 |
| aka DANIEL S. GALINDO, | ) | TIME:  9:00 A.M. |
| aka TIMOTHY MAU, | ) | JUDGE: DAVID ALAN. EZRA |
| | ) | |
| Defendant. | ) | |
| | ) | |

AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Permission of the Court is requested to subsequently

withdraw any of the attached instructions, to modify them, or to

offer such additional instructions as may, during the course of

the trial, become appropriate.  The government has included a

\ \

\ \

\ \

\ \

cleansed copy of its proposed jury instructions and

e-mailed a copy of the cleansed instructions to the Court.

DATED: March 20, 2008, Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


/S/ Darren W.K. Ching
By_____
DARREN W.K. CHING
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

The defendant is charged in Count 1 of the Third Superceding Indictment with the possession of a firearm and ammunition in violation of Section 922(g) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed firearm or ammunition (with all of you agreeing as to which firearm or ammunition the defendant possessed);

Second, the firearm or ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

Ninth Circuit Model Jury Instruction 8.59 (2007)(modified)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

The defendant is charged in Count 2 of the Third Superceding Indictment with possession of methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine in a measurable or detectable amount; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The term "deliver" means the actual, constructive, or attempted transfer of a prohibited drug.

In order for the defendant to be found guilty of the charge in Count 2 of the Third Superceding Indictment, the government is not required to prove the amount or quantity of methamphetamine. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of methamphetamine.

If you find the defendant guilty of the charge in Count 2 of the Third Superceding Indictment, you are then to determine the net weight of methamphetamine. Your decision as to the net weight must be unanimous and must be beyond a reasonable doubt.

The term "net weight" means the weight of the methamphetamine without any packaging material.

The government does not have to prove that the defendant knew the exact quantity of methamphetamine.

Ninth Circuit Model Jury Instruction 9.13 and 9.13A (2007)
21 U.S.C. 802(8) [statutory definition of "deliver" or "delivery"].

GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

The defendant is charged in Count 3 of the Third Superceding Indictment with carrying and possessing a firearm during and in relation to a drug trafficking crime in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with the intent to distribute methamphetamine as charged in Count 2 of the Third Superceding Indictment;

Second, the defendant knowingly carried or possessed a firearm; and

Third, the defendant carried or possessed the firearm during and in relation to the crime.

Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle.  A defendant "carries" a firearm when he:

(1) knowingly possesses it; and

(2) holds, moves, conveys, or transports it in some manner.

A person possesses a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.


//

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

Ninth Circuit Model Jury Instruction 8.65 (2007)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

The defendant is charged in Count 4 of the Third Superceding Indictment with the possession of a firearm and ammunition in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed firearm or ammunition (with all of you agreeing as to which firearm or ammunition the defendant possessed);

Second, the firearm or ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

Ninth Circuit Model Jury Instruction 8.59 (2007)(modified)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

The defendant is charged in Count 8 of the Third Superceding Indictment with the possession of a firearm and ammunition in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed firearm or ammunition (with all of you agreeing as to which firearm or ammunition the defendant possessed);

Second, the firearm or ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

Ninth Circuit Model Jury Instruction 8.59 (2007)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

The defendant is charged in Count 9 of the Third Superceding Indictment with the possession of a firearm in violation of Section 922(g) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

Ninth Circuit Model Jury Instruction 8.59 (2007)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

The defendant is charged in Count 10 of the Third Superceding Indictment with possession of methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine in a measurable or detectable amount; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The term "deliver" means the actual, constructive, or attempted transfer of a prohibited drug.

In order for the defendant to be found guilty of the charge in Count 10 of the Third Superceding Indictment, the government is not required to prove the amount or quantity of methamphetamine. It need only prove beyond a reasonable doubt

that there was a measurable or detectable amount of methamphetamine.

If you find the defendant guilty of the charge in Count 10 of the Third Superceding Indictment, you are then to determine the net weight of methamphetamine. Your decision as to the net weight must be unanimous and must be beyond a reasonable doubt.

The term "net weight" means the weight of the methamphetamine without any packaging material.

The government does not have to prove that the defendant knew the exact quantity of methamphetamine.

Ninth Circuit Model Jury Instruction 9.13 and 9.13A (2007) 21 U.S.C. 802(8) [statutory definition of "deliver" or "delivery"].

GIVEN    _____
REFUSED  _____
MODIFIED _____

AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

The defendant is charged in Count 11 of the Third Superceding Indictment with using and carrying a firearm during and in relation to a drug trafficking crime in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with the intent to distribute methamphetamine as charged in Count 10 of the Third Superceding Indictment;

Second, the defendant knowingly used or carried a firearm; and

Third, the defendant used or carried the firearm during and in relation to the crime.

A defendant has "used" a firearm if he has actively employed the firearm in relation to the crime of possession with the intent to distribute methamphetamine as charged in Count 10 of the Third Superceding Indictment. Use includes any of the following:

(1) brandishing, displaying, or striking with a firearm;

(2) referring to a firearm in the defendant's possession in order to bring about a change in the circumstances of the predicate offense;

(3) the silent but obvious and forceful presence of a firearm in plain view.

Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle. A defendant "carries" a firearm when he:

(1) knowingly possesses it; and

(2) holds, moves, conveys, or transports it in some manner.

A person possesses a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

Ninth Circuit Model Jury Instruction 8.65 (2007) (modified)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

_____In this case, there has been testimony from government witnesses who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to bring the witness' cooperation to the attention of the sentencing court. The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves. I further instruct you that you may not draw any conclusions or inferences about the guilt of the defendants on trial here from the fact that prosecution witnesses pled guilty to similar charges.


GIVEN     _____
REFUSED   _____
MODIFIED  _____

AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

Plea agreements, grants of immunity, and consideration for reduced sentences based upon cooperation and testimony in the trial of others are recognized by law as legitimate tools of law enforcement. The wisdom of a plea agreement and decision of prosecutors not to prosecute persons involved in criminal conduct are the exclusive decision for the prosecution and not matters for your consideration. Sentencing decisions are the exclusive responsibility of the Court once a plea agreement is entered into by the parties. Likewise, a further reduction in the sentence of cooperating witnesses is the exclusive decision of the Court based upon the government's motion for a sentence reduction upon the filing of such motion. The Court is free to exercise its independent decision as to whether to grant the motion and, if granted, the extent of the departure from either a mandatory minimum or a sentence below the United States Sentencing Guidelines.  In an appropriate case, the Court can provide a sentence below the statutory mandatory minimum without a motion by the government to do so.

L. Sand, Modem Federal Jury Instructions, Instruction 7-10; United States v. Beckman, 222 F.3d 512, 520 (8th Cir. 2000)

GIVEN     _____
REFUSED   _____
MODIFIED  _____

# CLEAN SET OF JURY INSTRUCTIONS

INSTRUCTION NO. __

The defendant is charged in Count 1 of the Third Superceding Indictment with the possession of a firearm and ammunition in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed firearm or ammunition (with all of you agreeing as to which firearm or ammunition the defendant possessed);

Second, the firearm or ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

INSTRUCTION NO. ___

The defendant is charged in Count 2 of the Third Superceding Indictment with possession of methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine in a measurable or detectable amount; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The term "deliver" means the actual, constructive, or attempted transfer of a prohibited drug.

In order for the defendant to be found guilty of the charge in Count 2 of the Third Superceding Indictment, the government is not required to prove the amount or quantity of methamphetamine. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of methamphetamine.

If you find the defendant guilty of the charge in Count 2 of the Third Superceding Indictment, you are then to determine the net weight of methamphetamine. Your decision as to the net weight must be unanimous and must be beyond a reasonable doubt.

The term "net weight" means the weight of the methamphetamine without any packaging material.

The government does not have to prove that the defendant knew the exact quantity of methamphetamine.

INSTRUCTION NO. ___

The defendant is charged in Count 3 of the Third Superceding Indictment with carrying and possessing a firearm during and in relation to a drug trafficking crime in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with the intent to distribute methamphetamine as charged in Count 2 of the Third Superceding Indictment;

Second, the defendant knowingly carried or possessed a firearm; and

Third, the defendant carried or possessed the firearm during and in relation to the crime.

Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle.  A defendant "carries" a firearm when he:

(1) knowingly possesses it; and

(2) holds, moves, conveys, or transports it in some manner.

A person possesses a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

INSTRUCTION NO. __

The defendant is charged in Count 4 of the Third Superceding Indictment with the possession of a firearm and ammunition in violation of Section 922(g) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed firearm or ammunition (with all of you agreeing as to which firearm or ammunition the defendant possessed);

Second, the firearm or ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

INSTRUCTION NO. __

The defendant is charged in Count 8 of the Third Superceding Indictment with the possession of a firearm and ammunition in violation of Section 922(g) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed firearm or ammunition (with all of you agreeing as to which firearm or ammunition the defendant possessed);

Second, the firearm or ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

INSTRUCTION NO. __

The defendant is charged in Count 9 of the Third Superceding Indictment with the possession of a firearm in violation of Section 922(g) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

INSTRUCTION NO. __

The defendant is charged in Count 10 of the Third Superceding Indictment with possession of methamphetamine with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine in a measurable or detectable amount; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The term "deliver" means the actual, constructive, or attempted transfer of a prohibited drug.

In order for the defendant to be found guilty of the charge in Count 10 of the Third Superceding Indictment, the government is not required to prove the amount or quantity of methamphetamine. It need only prove beyond a reasonable doubt

that there was a measurable or detectable amount of
methamphetamine.

If you find the defendant guilty of the charge in Count 10
of the Third Superceding Indictment, you are then to determine
the net weight of methamphetamine. Your decision as to the net
weight must be unanimous and must be beyond a reasonable doubt.

The term "net weight" means the weight of the
methamphetamine without any packaging material.

The government does not have to prove that the defendant
knew the exact quantity of methamphetamine.

INSTRUCTION NO. ___

The defendant is charged in Count 11 of the Third Superceding Indictment with using and carrying a firearm during and in relation to a drug trafficking crime in violation of Section 924(c) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with the intent to distribute methamphetamine as charged in Count 10 of the Third Superceding Indictment;

Second, the defendant knowingly used or carried a firearm; and

Third, the defendant used or carried the firearm during and in relation to the crime.

A defendant has "used" a firearm if he has actively employed the firearm in relation to the crime of possession with the intent to distribute methamphetamine as charged in Count 10 of the Third Superceding Indictment.  Use includes any of the following:

(1) brandishing, displaying, or striking with a firearm;

(2) referring to a firearm in the defendant's possession in order to bring about a change in the circumstances of the predicate offense;

(3) the silent but obvious and forceful presence of a firearm in plain view.

Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle. A defendant "carries" a firearm when he:

(1) knowingly possesses it; and

(2) holds, moves, conveys, or transports it in some manner.

A person possesses a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

INSTRUCTION NO. __

_____In this case, there has been testimony from government witnesses who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to bring the witness' cooperation to the attention of the sentencing court. The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves. I further instruct you that you may not draw any conclusions or inferences about the guilt of the defendants on trial here from the fact that prosecution witnesses pled guilty to similar charges.

INSTRUCTION NO. ___

Plea agreements, grants of immunity, and consideration for reduced sentences based upon cooperation and testimony in the trial of others are recognized by law as legitimate tools of law enforcement. The wisdom of a plea agreement and decision of prosecutors not to prosecute persons involved in criminal conduct are the exclusive decision for the prosecution and not matters for your consideration. Sentencing decisions are the exclusive responsibility of the Court once a plea agreement is entered into by the parties. Likewise, a further reduction in the sentence of cooperating witnesses is the exclusive decision of the Court based upon the government's motion for a sentence reduction upon the filing of such motion. The Court is free to exercise its independent decision as to whether to grant the motion and, if granted, the extent of the departure from either a mandatory minimum or a sentence below the United States Sentencing Guidelines.  In an appropriate case, the Court can provide a sentence below the statutory mandatory minimum without a motion by the government to do so.

CERTIFICATE OF SERVICE

      I hereby certify that on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by Facsimile:

JACK SCHWEIGERT, ESQ.          March 20, 2008
The Lawyers Building
550 Halekauwila, Room 309
Honolulu, HI 96813

Attorney for Defendant


/s/ Darren W.K. Ching
U.S. Attorney's Office
District of Hawaii