EDWARD H. KUBO, JR. # 2499
United States Attorney
District of Hawaii

DARREN W.K. CHING   #6903
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808)541-2850
Facsimile:  (808)541-9546
Darren.Ching@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| | ) |
| Plaintiff, | ) AMENDED JOINT PROPOSED JURY |
| | ) INSTRUCTIONS |
| vs. | ) |
| | ) |
| SILVER JOSE GALINDO, | ) |
| aka Daniel S. Galindo, | ) |
| aka Timothy Mau, | ) Date: April 1, 2008 |
| | ) Time: 9:00 a.m. |
| Defendant. | ) Judge: David Alan Ezra |
| | ) |

## AMENDED JOINT PROPOSED JURY INSTRUCTIONS

The following amended joint jury instructions are hereby

provided to this Court, which both sides have approved.  Disputed

\ \

\ \

\ \

\ \

\ \

jury instructions have been separately submitted by the

respective proponent party for the Court's resolution.

DATED: March 21, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


/S/ Darren W.K. Ching

DARREN W.K. CHING
Assistant U.S. Attorney


/s/ Jack Schweigert

JACK SCHWEIGERT
Attorney for Defendant
SILVER JOSE GALINDO

**INSTRUCTIONS FROM DISTRICT JUDGE EZRA'S**
**"GENERAL FEDERAL INSTRUCTIONS IN CRIMINAL CASES"**

1     Duty of Judge

2A     Duty to follow instructions - single defendant

3A     Reasonable Doubt (Where Defendant Does Not Testify)
       [if applicable]

3B     Reasonable Doubt (Where Defendant Testifies)
       [if applicable]

4     Evidence - excluding argument of counsel

5     Evidence - objections

6     Evidence - excluding statements of Judge

7     Evidence - stipulation

8     Evidence - direct and circumstantial

9     Evidence - credibility of witnesses

10     Evidence - expert witnesses

11     Impeachment - generally

13     Impeachment - prior conviction

14A     Impeachment of Defendant - general instruction
        [if applicable]

14B     Impeachment of Defendant - general instruction & prior
        conviction
        [if applicable]

15     On or about

16     Knowingly

17B     Caution - Punishment - single defendant, multiple
        counts in indictment

18     Duty to deliberate

19A     Verdict Form - single defendant
        AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 1
                        (1 DUTY OF JUDGE)

---

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

```
         AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 2
            (2A DUTY TO FOLLOW INSTRUCTIONS - SINGLE DEFENDANT)
```

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 3
(3A REASONABLE DOUBT WHERE DEFENDANT DOES NOT TESTIFY)

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.  The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow

jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 4
(3B REASONABLE DOUBT WHERE DEFENDANT TESTIFIES)

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable

doubt that the defendant is guilty, it is your duty to find the defendant guilty.

```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 5
(4 EVIDENCE - EXCLUDING ARGUMENT OF COUNSEL)

As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 6
(5 EVIDENCE - OBJECTIONS)

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

GIVEN    _____
REFUSED  _____
MODIFIED _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 7
(6  EVIDENCE - EXCLUDING STATEMENTS OF JUDGE)


During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.


GIVEN     _____
REFUSED   _____
MODIFIED  _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 8
(7 EVIDENCE - STIPULATION)

In this case, the government and the defendant have agreed, or stipulated, as to certain facts.  This means that they both agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 9
(8 EVIDENCE DIRECT AND CIRCUMSTANTIAL)

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct or circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 10
(9 EVIDENCE - CREDIBILITY OF WITNESSES)

Now I have said that you must consider all of the
evidence.  This does not mean, however, that you must accept all
of the evidence as true or accurate.

You are the sole judges of the credibility or
"believability" of each witness and the weight to be given to his
testimony.  In weighing the testimony of a witness, you should
consider the witness' (1) relationship to the government or the
defendant, (2) interest, if any, in the outcome of the case, (3)
manner of testifying, (4) opportunity to observe or acquire
knowledge concerning the facts about which he testified, and (5)
candor, fairness and intelligence.  You should also consider the
extent to which the witness has been supported or contradicted by
other credible evidence.  You may, in short, accept or reject the
testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily
determined by the number of witnesses testifying as to the
existence or non-existence of any fact.  You may find that the
testimony of a smaller number of witnesses as to any fact is more
credible than the testimony of a larger number of witnesses to
the contrary.

GIVEN    _____
REFUSED  _____
MODIFIED _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 11
(10 EVIDENCE - EXPERT WITNESSES)

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 12
(11 IMPEACHMENT - GENERALLY)

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 13
(13 IMPEACHMENT - PRIOR CONVICTION)

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to the testimony.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 14
(14A IMPEACHMENT OF DEFENDANT - GENERAL INSTRUCTION)


As stated earlier, a defendant has a right not to testify.  If a defendant does testify, however, his testimony should be weighed and considered, and his credibility determined, in the same way as that of any other witness.


GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 15
(14B IMPEACHMENT OF DEFENDANT -
GENERAL INSTRUCTION & PRIOR CONVICTION)


As stated earlier, a defendant has a right not to testify. If a defendant does testify, however, his testimony should be weighed and considered, and his credibility determined, in the same way as that of any other witness. Evidence of a defendant's previous conviction of a crime is to be considered by you only insofar as it may affect the credibility of the defendant as a witness, and must never be considered as evidence of guilt of the crime for which the defendant is on trial.


GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 16
(15 - ON OR ABOUT)

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

GIVEN       _____
REFUSED     _____
MODIFIED    _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 17
(16 - KNOWINGLY)


The word "knowingly," as that term has been used from

time to time in these instructions, means that the act was done

voluntarily and intentionally and not because of mistake or

accident.


GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 18
(17B CAUTION - PUNISHMENT, SINGLE DEFENDANT,
MULTIPLE COUNTS IN INDICTMENT)

A separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine the guilt or innocence of the accused from the evidence in this case.  The defendant is not on trial for any act or conduct or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the accused.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 19
(18 DUTY TO DELIBERATE)

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.


GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 20
(19A VERDICT FORM, SINGLE DEFENDANT)

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.


GIVEN      _____
REFUSED    _____
MODIFIED   _____

**INSTRUCTIONS FROM NINTH CIRCUIT**

**MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS**


1.9  Conduct of the Jury

1.10 No Transcript Available to Jury

1.11 Taking Notes

1.12 Outline of Trial


2.1  Cautionary Instruction — First Recess

2.2  Bench Conferences and Recesses

2.10 Other Crimes, Wrongs or Acts Evidence [if applicable]


4.3  Other Crimes, Wrongs or Acts of Defendant [if
     applicable]


6.9  Mere Presence


7.3  Use of Notes

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 21
(1.9 CONDUCT OF THE JURY)

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 22
(1.10 NO TRANSCRIPT AVAILABLE TO JURY)

At the end of the trial you will have to make your

decision based on what you recall of the evidence. You will not

have a written transcript of the trial.  I urge you to pay close

attention to the testimony as it is given.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 23
(1.11 TAKING NOTES)

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [court room] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 24
(1.12 OUTLINE OF TRIAL)

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 25
(2.1 CAUTIONARY INSTRUCTION—FIRST RECESS)

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [matron] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 26
(2.2 BENCH CONFERENCES AND RECESSES)

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence.  It is appropriate to take these matters up outside the presence of the jury.  Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 27
(2.10 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT)


You are about to hear testimony that the defendant previously committed other [crimes] [wrongs] [acts] not charged here. I instruct you that the testimony is being admitted only for the limited purpose of being considered by you on the question of defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of  accident] and for no other purpose.


GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 28
(4.3 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT)


You have heard evidence of other [crimes] [acts]

[wrongs] engaged in by the defendant. You may consider that

evidence only as it bears on the defendant's [e.g., motive,

opportunity, intent, preparation, plan, knowledge, identity,

absence of mistake or accident] and for no other purpose.


GIVEN       _____
REFUSED     _____
MODIFIED    _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 29
(6.9 MERE PRESENCE)


Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of [crime charged], unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 30
(7.3 USE OF NOTES)


Some of you have taken notes during the trial.  Whether
or not you took notes, you should rely on your own memory of what
was said.  Notes are only to assist your memory. You should not
be overly influenced by the notes.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

**ADDITIONAL PROPOSED JURY INSTRUCTIONS**

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 31


It is not necessary that the firearms alleged to have been used, carried, or possessed by the defendant be produced by the government as an exhibit at trial.  What is required is that there is evidence beyond a reasonable doubt, that the objects used, carried, or possessed by the defendant were firearms.


GIVEN     _____
REFUSED   _____
MODIFIED  _____

AMENDED JOINT PROPOSED JURY INSTRUCTION NO. 32

It is not necessary that the methamphetamine alleged to have been possessed by the defendant be produced by the government as an exhibit at trial. What is required is that there is evidence beyond a reasonable doubt, that the drugs possessed by the defendant was methamphetamine.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

**CLEAN SET OF JURY INSTRUCTIONS**

INSTRUCTION NO. __

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

INSTRUCTION NO. ___

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

INSTRUCTION NO. ___

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.  The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable

doubt that the defendant is guilty, it is your duty to find the
defendant guilty.

INSTRUCTION NO. ___

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. ___

As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

INSTRUCTION NO. ___

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

INSTRUCTION NO. ___

During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

INSTRUCTION NO. ___

      In this case, the government and the defendant have agreed, or stipulated, as to certain facts.  This means that they both agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

INSTRUCTION NO. ___

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct or circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. __

Now I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness, you should consider the witness' (1) relationship to the government or the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which he testified, and (5) candor, fairness and intelligence. You should also consider the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO. __

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

INSTRUCTION NO. ___

A witness may be discredited or "impeached" by
contradictory evidence, by a showing that the witness testified
falsely concerning a material matter, or by evidence that at some
other time the witness said or did something that is inconsistent
with the witness' present testimony or failed to say or do
something that would be consistent with the present testimony had
it been said or done.

If you believe that any witness has been so impeached,
then it is your exclusive province to give the testimony of that
witness such credibility or weight, if any, as you may think it
deserves.

INSTRUCTION NO. __

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to the testimony.

INSTRUCTION NO. \_\_

As stated earlier, a defendant has a right not to testify.  If a defendant does testify, however, his testimony should be weighed and considered, and his credibility determined, in the same way as that of any other witness.

INSTRUCTION NO. ___

As stated earlier, a defendant has a right not to testify.  If a defendant does testify, however, his testimony should be weighed and considered, and his credibility determined, in the same way as that of any other witness.  Evidence of a defendant's previous conviction of a crime is to be considered by you only insofar as it may affect the credibility of the defendant as a witness, and must never be considered as evidence of guilt of the crime for which the defendant is on trial.

INSTRUCTION NO. __

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

INSTRUCTION NO. __

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

INSTRUCTION NO. __

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine the guilt or innocence of the accused from the evidence in this case. The defendant is not on trial for any act or conduct or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the accused.

INSTRUCTION NO. __

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. __

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

INSTRUCTION NO. ___

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

INSTRUCTION NO. __

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

INSTRUCTION NO. __

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [court room] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

INSTRUCTION NO. ___

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

INSTRUCTION NO. ___

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [matron] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

INSTRUCTION NO. ___

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence. It is appropriate to take these matters up outside the presence of the jury. Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. __

You are about to hear testimony that the defendant previously committed other [crimes] [wrongs] [acts] not charged here. I instruct you that the testimony is being admitted only for the limited purpose of being considered by you on the question of defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of  accident] and for no other purpose.

INSTRUCTION NO. __

    You have heard evidence of other [crimes] [acts] [wrongs] engaged in by the defendant. You may consider that evidence only as it bears on the defendant's [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.

INSTRUCTION NO. \_\_

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of [crime charged], unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

INSTRUCTION NO. __

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

INSTRUCTION NO. ____

It is not necessary that the firearms alleged to have been used, carried, or possessed by the defendant be produced by the government as an exhibit at trial.  What is required is that there is evidence beyond a reasonable doubt, that the objects used, carried, or possessed by the defendant were firearms.

INSTRUCTION NO. ___

It is not necessary that the methamphetamine alleged to have been possessed by the defendant be produced by the government as an exhibit at trial.  What is required is that there is evidence beyond a reasonable doubt, that the drugs possessed by the defendant was methamphetamine.