# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 31 2008

at __ o'clock and _10_ min _P_ M
SUE BEITIA, CLERK

JACK SCHWEIGERT
550 Halekauwila Street, Room 309
Honolulu, Hawaii  96813
Phone: (808) 533-7491
Attorney for Defendant
Silver Jose Galindo

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  04-00053 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S THIRD |
| vs. | ) | AMENDED PROPOSED JURY |
| | ) | INSTRUCTIONS; CERTIFICATE |
| | ) | OF SERVICE |
| SILVER JOSE GALINDO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | Trial:  April 1, 2008 |
| | ) | |
| | ) | |

## DEFENDANT'S THIRD
## AMENDED PROPOSED JURY INSTRUCTIONS

COMES NOW DEFENDANT SILVER JOSE GALINDO, by and through

counsel, and respectfully submits Defendant's Third Amended Proposed

Jury Instructions, which are in addition to the Court's Standard Jury Instructions.

Permission of the Court is requested to subsequently withdraw any of the attached

instructions or add any additional instructions as may become appropriate.

DATED:  Honolulu, Hawaii, March 27, 2008.


Respectfully submitted,


By: _____
JACK SCHWEIGERT
CJA Panel Attorney for Defendant

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #1

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Third Superseding Indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the Third Superseding Indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charges against this defendant.

AUTHORITY:    Ninth Circuit Model Jury Instruction 3.10 (2007).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #2

The Defendant is charged in Count 1 of the Third Superseding Indictment with, having been convicted of a crime punishable by imprisonment for a term exceeding one year, of knowingly possessing in and affecting commerce, a firearm to wit: a Smith & Wesson Model SW9V, caliber .9 mm-semi automatic pistol and ammunition, to wit nine (9) .9 mm caliber Winchester brand cartridges on or about March 11, 2004 in the district of Hawaii in violation of 18 U.S.C. § 922(g).

In order for the defendant to be found guilty of this charge, the government must prove beyond a reasonable doubt each of the following elements:

(1)     on March 11, 2004 the defendant knowingly possessed a firearm;

(2)     that the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and

(3)     the possession was in and  affected interstate commerce.

AUTHORITY:     18 U.S.C. § 922(g).

GIVEN      _____
REFUSED   _____
MODIFIED  _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #3

The Defendant is charged in Count 2 in the Third Superseding Indictment with on or about March 11, 2004 in the District of Hawaii, knowingly and intentionally possessed with the intent to distribute five grams or more of methamphetamine, its salts, isomers, and salts of isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a).

In order to find the defendant guilty of this charge the government must prove each of the following elements beyond a reasonable doubt:

First, on or about March 11, 2004, the defendant knowingly possessed five grams or more of methamphetamine, its salts, isomers, and salts of isomers, a controlled substance.

Second, that defendant possessed this methamphetamine with an intent to distribute it to another person.

Third, that the quantity of the methamphetamine exceeded five grams.

To possess with intent to distribute means to possess with the intent to deliver or transfer possession of the methamphetamine to another person, with or without any financial interest in the transaction.

AUTHORITY:      18 U.S.C. § 922(g); 9th Cir. Model Jury Instruction #9.13 (2003).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## **DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #4**

Defendant is charged in Count 3 of the Third Superseding Indictment with knowingly carrying and possessing in furtherance of a drug trafficking crime as charged in Count 2, a firearm, to wit a Smith & Wesson, model SW9V, caliber .9 mm semi-automatic pistol, during and in relation to a drug trafficking crime on March 11, 2004, in violation of 18 U.S.C. § 924(c).   In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on March 11, 2004, defendant knowingly possessed five grams or more of methamphetamine its salts, isomers and salts of isomers with the intent to distribute this drug.

Second, the defendant knowingly carried and possessed a firearm, to wit: a Smith & Wesson, Model SW9V, caliber .9 mm semi-automatic pistol; and

Third, defendant used and carried the firearm in furtherance of a drug trafficking crime.

Carrying is not limited to carrying weapons directly on the person but can include circumstances such as carrying in vehicle.  A defendant carries a firearm when he:

(1)     knowingly possesses it; and,

(2)    holds, moves, conveys, or transports it some manner.

A person possesses a firearm if a person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

AUTHORITY:    *U.S. v.* Arreola, 457 F.3d 1153 (9th Cir. 2006); *U.S. v.* Mosley, 465 F.3d 412 (9th Cir. 2006); *U.S. v. Krouse,* III, 370 F.3d 965 (9th Cir. 2004).

GIVEN    _____
REFUSED  _____
MODIFIED _____

## <u>DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #5</u>

The Defendant is charged in Count 4 of the Third Superseding Indictment with on or about February 29, 2004 in the district of Hawaii, having been convicted of a crime punishable by imprisonment for a term exceeding one year, of knowingly possessing in and affecting commerce, a firearm to wit: a Baretta, Model 950 BS, caliber .25 semi-automatic pistol bearing serial no. BER 11983V, and ammunition, to wit four Winchester brand .25 caliber cartridges and one Winchester brand .38 caliber special cartridge all in violation of 18 U.S.C. § 922(g)(1).

In order for the defendant to be found guilty of this charge, the government must prove beyond a reasonable doubt each of the following elements:

(1)    on or about February 29, 2004 the defendant knowingly possessed a firearm;

(2)    that the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; and

(3)    the possession was in and affecting interstate commerce.

AUTHORITY:    18 U.S.C. § 922(g).

GIVEN        _____
REFUSED    _____
MODIFIED    _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #6

The Defendant is charged in Count 8 of the Third Superseding

Indictment with on or about September 6, 2003 in the district of Hawaii, having been

convicted of a crime punishable by imprisonment for a term exceeding one year, did

knowingly possess in and affecting commerce, a firearm, to wit: a Colt, Model

1991A1, caliber .45 semi-automatic pistol bearing serial no. 2741124, and

ammunition, to wit: seven rounds of .45 caliber ammunition all in violation of 18

U.S.C. § 922(g)(1).

For conviction, the government must prove beyond a reasonable doubt

each of the following elements:

(1)     on or about September 6, 2003 the defendant
        knowingly possessed a firearm;

(2)     that the defendant had been convicted in any
        court of a crime punishable by imprisonment
        for a term exceeding one year; and

(3)     the possession was in and affecting interstate commerce.

AUTHORITY:     18 U.S.C. § 922(g).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #7

The Defendant is charged in Count 9 of the Third Superseding Indictment with on or about July 31, 2003 in the district of Hawaii, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm all in violation of 18 U.S.C. § 922(g)(1).

In order for the defendant to be found guilty of this charge the government must prove beyond a reasonable doubt each of the following elements:

(1)     on or about July 31, 2003 the defendant knowingly possessed a firearm;

(2)     that the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; and

(3)     the possession was in and affecting interstate commerce.

AUTHORITY:     18 U.S.C. § 922(g).

GIVEN      _____
REFUSED    _____
MODIFIED   _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #8

The Defendant is charged in Count 10 in the Third Superseding Indictment with on or about July 31, 2003 in the District of Hawaii, knowingly and intentionally possessed with the intent to distribute five grams or more of methamphetamine, its salts, isomers, and salts of isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a).

In order to find the defendant guilty of this charge the government must prove each of the following elements beyond a reasonable doubt:

First, on or about July 31, 2003, the defendant knowingly possessed five grams or more of methamphetamine, its salts, isomers, and salts of isomers, a controlled substance.

Second, that defendant possessed this methamphetamine with an intent to distribute it to another person.

Third, that the quantity of the methamphetamine exceeded five grams.

To possess with intent to distribute means to possess with the intent to deliver or transfer possession of the methamphetamine to another person, with or without any financial interest in the transaction.

AUTHORITY:      18 U.S.C. § 922(g); 9th Cir. Model Jury Instruction #9.13 (2003).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #9

Defendant is charged in Count 11 of the Third Superseding Indictment with knowingly using and carrying a firearm as charged in Count 9, during and in relation to a drug trafficking crime as charged in Count 10 on July 31, 2003 in violation of 18 U.S.C. § 924(c).   In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on July 31, 2003, defendant knowingly possessed five grams or more of methamphetamine its salts, isomers and salts of isomers with the intent to distribute this drug;

Second, the defendant knowingly used and carried a firearm; and

Third, defendant used and carried the firearm during and in relation to the drug trafficking crime.

A defendant has used a firearm if he has actively employed the firearm in relation to the drug trafficking charge.  Use includes any one of the following:

1.     Brandishing, displaying, striking with, firing, or attempting to fire the firearm;

2.     Referring to the firearm in the offenders possession in order to bring about a change in the circumstances of the drug trafficking charge;

3.    The silent but obvious and forceful presence of a firearm in plain view.

A defendant carries a firearm if the defendant knowingly possess or carries the firearm.  Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle or a locked compartment of a vehicle.

A defendant takes such action in relation to the crime if the firearm facilitated or played a role in the crime.

AUTHORITY:     *U.S. v. Krouse*, III, 370 F.3d 965 (9th Cir. 2004).

GIVEN       _____
REFUSED    _____
MODIFIED  _____

**<u>DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #10</u>**

An act is done knowingly if the defendant is aware of the act and does

not act or fail to act through ignorance, mistake or accident.  The government is not

required to prove that the defendant knew his acts or omissions were unlawful.  You

may consider evidence of the defendant's words, acts or omissions along with all other

evidence, in deciding whether the defendant acted knowingly.

AUTHORITY:     9th Circuit Model Criminal Jury Instruction #5.6 (2003).

GIVEN        _____
REFUSED      _____
MODIFIED _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #11

(1)     The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any ways.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

(2)     Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

AUTHORITY:     6th Circuit Pattern Criminal Jury Instructions No. 2.01A (2005).

GIVEN        _____
REFUSED      _____
MODIFIED _____

## <u>DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #12</u>

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving him guilty beyond a reasonable doubt <u>on each element</u>, and if it fails to do so you must acquit him.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt to proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

AUTHORITY:     <u>General Federal Instructions in Criminal Cases</u>, David Alan Ezra, U.S. District Court, District of Hawaii, Instruction No. 3B.

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## <u>DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #13</u>

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

AUTHORITY:     9th Circuit Model Criminal Jury Instruction No. 3.2 (2003).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## <u>DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #13</u>

The mere proximity of a weapon to an occupant in a car goes only to its accessability, not to the dominion or control which must be proved to establish possession. It is insufficient to establish possession.

AUTHORITY:    <u>United States v. Behanna</u>, 814 F.2d 1318, 1320 (modified).

GIVEN    _____
REFUSED    _____
MODIFIED    _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #14

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

AUTHORITY:    Ninth Circuit Model Jury Instruction 3.18 (2007).

The Ninth Circuit has approved language similar to that contained in this instruction. United States v. Cain, 130 F.3d 381, 382-84 (9th Cir. 1997); United States v. Perez, 67 F.3d 1371, 1379-80 (9th Cir. 1995); opinion withdrawn in part by 116 F.3d 840 (1997); United States v. Terry, 911 F.2d 272, 280 (9th Cir. 1990).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #15

In this case, there has been testimony from government witnesses who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to bring the witness' cooperation to the attention of the sentencing court. The government is permitted to enter into this kind of plea agreement. You, in turn, my accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves. I further instruct you that you may not draw any conclusions or inferences about the guilt of the defendant on trial here from the fact that prosecution witnesses pled guilty to similar charges.

AUTHORITY:

GIVEN _____

REFUSED _____

MODIFIED _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #16

(1)    One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)    Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

AUTHORITY:    6th Circuit Pattern Criminal Jury Instructions No. 1.08 (2005).

GIVEN    _____
REFUSED    _____
MODIFIED _____

## **DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #17**

If two conclusions can reasonably be drawn from the evidence, one of innocence, and one of guilt, the jury must adopt the one of innocence.

AUTHORITY:    Manual on Jury Instructions in Federal Criminal Cases, 33 F.R.D. 523, 568 (1963)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #18

You have heard evidence that defendant was intoxicated. "Intoxicated" means being under the influence of alcohol or drugs or both. Some degree of intoxication may prevent a person from having the requisite culpable state of mind. If after considering the evidence of intoxication, together with all the other evidence, you have a reasonable doubt that defendant had the requisite culpable state of mind, then you must find defendant not guilty.

AUTHORITY:    Pattern Jury Instructions of the First Circuit, Criminal Cases, Instruction No. 5.03 (1998).

GIVEN _____
REFUSED _____
MODIFIED _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #19

The defendant claims he did not know of the firearm which was found under an armrest in the Lincoln Town car he was found sleeping on September 6, 2003. Because the prosecution must prove beyond a reasonable doubt that the defendant's possession of the .45 caliber pistol was with knowledge as defined elsewhere in these instructions, unless you all unanimously find that the prosecution has met its burden of proving the possession of the .45 caliber pistol was with the defendant's knowledge, you may not find the defendant guilty of this count.

AUTHORITY:    Lundy, Jury Instruction Corner-National Association of
              Criminal Defense Lawyers Inc. (September/October 2006).

GIVEN     _____
REFUSED   _____
MODIFIED  _____

## DEFENDANT'S THIRD AMENDED PROPOSED JURY INSTRUCTION #20

There was testimony in this case by law enforcement officers. The fact that a witness is a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of another witness. Any witness who takes the stand subjects his or her testimony to the same examination and the same tests as any other witness. You should recall the officer's demeanor on the stand, his or her manner of testifying, and the substance of the testimony. You must weigh and balance that testimony just as carefully as you would weigh the testimony of any other witness.

AUTHORITY:

GIVEN     _____
REFUSED   _____
MODIFIED  _____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  04-00053 DAE |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| SILVER JOSE GALINDO, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

It is hereby certified that on March 31, 2008, one copy of the attached

document was served on the below individual by ~~U.S. Mail,~~ HAND first class postage pre-

paid, addressed as follows:

> DARREN W.K. CHING, ESQ.
> Assistant U.S. Attorney
> Room 6100, PJKK Federal Building
> 300 Ala Moana Blvd., Box 50183
> Honolulu, HI 96850

Attorney for United States of America

JACK SCHWEIGERT
Attorney for Defendant