EDWARD H. KUBO, JR. # 2499
United States Attorney
District of Hawaii

DARREN W.K. CHING    #6903
LORETTA SHEEHAN      #4160
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808)541-2850
Facsimile:  (808)541-9546
Darren.Ching@usdoj.gov
Loretta.Sheehan@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| | ) |
| Plaintiff, | ) THIRD AMENDED JOINT PROPOSED |
| | ) JURY INSTRUCTIONS (WITH NOTED |
| vs. | ) OBJECTIONS); CERTIFICATE OF |
| | ) SERVICE |
| SILVER JOSE GALINDO, | ) |
| aka Daniel S. Galindo, | ) |
| aka Timothy Mau, | ) Date: April 4, 2008 |
| | ) Time: 9:00 a.m. |
| Defendant. | ) Judge: David Alan Ezra |
| | ) |

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS (WITH NOTED
OBJECTIONS)

        The parties provide the following THIRD amended joint

jury instructions to this Court.  Both sides generally have

approved these instructions, although, on occasion, the parties

have suggested different versions of an instruction.  Those

slight differences and objections are noted.  Disputed jury

instructions have been separately submitted.

In an attempt to provide clarity, these THIRD amended joint jury instructions completely supercede all joint proposed and supplemental jury instructions previously submitted.  All earlier submissions may be disregarded by this Court.

DATED: April 15, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


/S/ Darren W.K. Ching
_____
DARREN W.K. CHING
Assistant U.S. Attorney

**INSTRUCTIONS FROM DISTRICT JUDGE EZRA'S**
**"GENERAL FEDERAL INSTRUCTIONS IN CRIMINAL CASES"**

1    Duty of Judge

2A    Duty to follow instructions - single defendant

3A    Reasonable Doubt (Where Defendant Does Not Testify)
      [if applicable]

3B    Reasonable Doubt (Where Defendant Testifies)
      [if applicable]

4    Evidence - excluding argument of counsel

5    Evidence - objections

6    Evidence - excluding statements of Judge

7    Evidence - stipulation

8    Evidence - direct and circumstantial

9    Evidence - credibility of witnesses

10    Evidence - expert witnesses

11    Impeachment - generally

13    Impeachment - prior conviction

14A    Impeachment of Defendant - general instruction
       [if applicable]

14B    Impeachment of Defendant - general instruction & prior
       conviction
       [if applicable]

15    On or about

16    Knowingly

17B    Caution - Punishment - single defendant, multiple
       counts in indictment

18    Duty to deliberate

19A    Verdict Form - single defendant

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 1
(1 DUTY OF JUDGE)

_____

Members of the Jury:

    You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

    It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

    In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 2
(2A DUTY TO FOLLOW INSTRUCTIONS - SINGLE DEFENDANT)

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

GIVEN       _____
REFUSED     _____
MODIFIED    _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 3
(3A REASONABLE DOUBT WHERE DEFENDANT DOES NOT TESTIFY)

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.  The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow

jurors of all the evidence, you are convinced beyond a reasonable
doubt that the defendant is guilty, it is your duty to find the
defendant guilty.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 4
(3B REASONABLE DOUBT WHERE DEFENDANT TESTIFIES)

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable

doubt that the defendant is guilty, it is your duty to find the

defendant guilty.

```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 5
(4 EVIDENCE - EXCLUDING ARGUMENT OF COUNSEL)

As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 6
(5 EVIDENCE - OBJECTIONS)

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 7
(6  EVIDENCE - EXCLUDING STATEMENTS OF JUDGE)


During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.


GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 8
(7 EVIDENCE - STIPULATION)

In this case, the government and the defendant have agreed, or stipulated, as to certain facts.  This means that they both agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 9
(8 EVIDENCE DIRECT AND CIRCUMSTANTIAL)

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct or circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 10
(9 EVIDENCE - CREDIBILITY OF WITNESSES)

Now I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness, you should consider the witness' (1) relationship to the government or the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which he testified, and (5) candor, fairness and intelligence. You should also consider the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

GIVEN _____
REFUSED _____
MODIFIED _____

THIRD AMENDED JOINT # 11

In this case, there has been testimony from government witnesses who pled guilty after entering into an agreement with the government to testify.  There is evidence that the government agreed to bring the witness' cooperation to the attention of the sentencing court.  The government is permitted to enter into this kind of plea agreement.  You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.  However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness.  A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely.  Therefore, you must examine his testimony with caution and weigh it with great care.  If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.  I further instruct you that you may not draw any conclusions or inferences about the guilt of the defendant on trial here from the fact that prosecution witnesses pled guilty to similar charges.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 12

Plea agreements, grants of immunity, and consideration for reduced sentences based upon cooperation and testimony in the trial of others are recognized by law as legitimate tools of law enforcement.  The wisdom of a plea agreement and decision of prosecutors not to prosecute persons involved in criminal conduct are the exclusive decision for the prosecution and not matters for your consideration.  Sentencing decisions are the exclusive responsibility of the Court once a plea agreement is entered into by the parties.  Likewise, a further reduction in the sentence of cooperating witnesses is the exclusive decision of the Court based upon the government's motion for a sentence reduction upon the filing of such motion.  The Court is free to exercise its independent decision as to whether to grant the motion and, if granted, the extent of the departure from either a mandatory minimum or a sentence below the United States Sentencing Guidelines.  In an appropriate case, the Court can provide a sentence below the statutory mandatory minimum without a motion by the government to do so.


GIVEN     _____
REFUSED   _____
MODIFIED  _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 13
(10 EVIDENCE - EXPERT WITNESSES)

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

GIVEN     _____
REFUSED   _____
MODIFIED  _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 14
(11 IMPEACHMENT - GENERALLY)

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 15
(13 IMPEACHMENT - PRIOR CONVICTION)

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to the testimony.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 16
(14A IMPEACHMENT OF DEFENDANT - GENERAL INSTRUCTION)

As stated earlier, a defendant has a right not to testify.  If a defendant does testify, however, his testimony should be weighed and considered, and his credibility determined, in the same way as that of any other witness.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 17
(14B IMPEACHMENT OF DEFENDANT -
GENERAL INSTRUCTION & PRIOR CONVICTION)


As stated earlier, a defendant has a right not to testify.  If a defendant does testify, however, his testimony should be weighed and considered, and his credibility determined, in the same way as that of any other witness.  Evidence of a defendant's previous conviction of a crime is to be considered by you only insofar as it may affect the credibility of the defendant as a witness, and must never be considered as evidence of guilt of the crime for which the defendant is on trial.


GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 18
(4.3 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT)


You have heard evidence of other [crimes] [acts] [wrongs] engaged in by the defendant. You may consider that evidence only as it bears on the defendant's [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.

GIVEN    _____
REFUSED    _____
MODIFIED    _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 19
(15 - ON OR ABOUT)


You will note that the indictment charges that the offense was committed "on or about" a certain date.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.


GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 20
(16 – KNOWINGLY)

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.


**DEFENDANT'S POSITION: Defendant objects.  Defendant wishes this instruction to read: "An act is done knowingly if the defendant is aware of the act and does not act/fail to act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions along with all of the other evidence in deciding whether the defendant acted knowingly."  9th Cir. Model Crim. Jury Instr. 5.6 (2003).**


GIVEN    _____
REFUSED  _____
MODIFIED _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 21
(6.9 MERE PRESENCE)


          Mere presence at the scene of a crime or mere knowledge

that a crime is being committed is not sufficient to establish

that the defendant committed the crime of [crime charged], unless

you find that the defendant was a participant and not merely a

knowing spectator. The defendant's presence may be considered by

the jury along with other evidence in the case.


GIVEN       _____
REFUSED     _____
MODIFIED    _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 22

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 23
(17B CAUTION - PUNISHMENT, SINGLE DEFENDANT,
MULTIPLE COUNTS IN INDICTMENT)

A separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine the guilt or innocence of the accused from the evidence in this case.  The defendant is not on trial for any act or conduct or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the accused.

**Defendant's Position: Defendant has no objection provided that the sentence "The number of charges is not evidence of guilt" is inserted as the second sentence.**

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 24

The defendant is charged in Count 1 of the Third Superseding Indictment with the possession of a firearm, to wit, a Smith and Wesson .9 mm semi-automatic pistol, and ammunition, to wit, nine (9) .9 mm Winchester cartridges on or about March 11, 2004, in violation of Section 922(g)(1) of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed the above-mentioned firearm or any of the above mentioned ammunition (with all of you agreeing as to which firearm or which ammunition the defendant possessed);

Second, the firearm or ammunition had been shipped or transported from one state to another, and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that prior to July 31, 2003, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

**Defendant's Position: The defendant has no objection provided that 1) the first element of the offense reads "First, on or about March 11, 2004, the defendant knowingly possessed the**

above-mentioned firearm or any of the above mentioned ammunition (with all of you agreeing as to which firearm or which ammunition the defendant possessed);" and 2) the second element of the offense reads "The possession of the above-mentioned firearm or any of the above-mentioned ammunition was in and affected interstate commerce."

```
GIVEN      _____
REFUSED    _____
MODIFIED   _____
```

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 25

The defendant is charged in Count 2 of the Third Superceding Indictment with possession of methamphetamine with intent to distribute on or about March 11, 2004, in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine in a measurable or detectable amount; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The term "deliver" means the actual, constructive, or attempted transfer of a prohibited drug.

In order for the defendant to be found guilty of the charge in Count 2 of the Third Superseding Indictment, the government is not required to prove the amount or quantity of methamphetamine.  It need only prove beyond a reasonable doubt

that there was a measurable or detectable amount of methamphetamine.

If you find the defendant guilty of the charge in Count 2 of the Third Superseding Indictment, you are then to determine the net weight of methamphetamine, its salts, isomers, or salts of its isomers, in other words, the net weight of 100% pure methamphetamine.  Your decision as to the net weight must be unanimous and must be beyond a reasonable doubt.  You should indicate your unanimous decision as to the net weight as indicated on the verdict form.

The term "net weight" means the weight of the methamphetamine without any packaging material.

The government does not have to prove that the defendant knew the exact quantity of methamphetamine.


**Defendant's Position: No objection provided that: 1)the second paragraph (first element) reads: "First, on or about March 11, 2004, the defendant knowingly possessed methamphetamine in a measurable or detectable amount;" and 2) "The term 'deliver' means the actual, constructive, or attempted transfer of a prohibited drug" be deleted from the instruction.**


GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 26

The defendant is charged in Count 4 of the Third Superceding Indictment with the possession of a firearm, to wit, a Beretta .25 caliber semi-automatic pistol, and ammunition, to wit, four (4) .25 caliber cartridges, Winchester brand, and one (1) .38 caliber cartridge, Winchester brand, on or about February 29, 2004, in violation of Section 922(g)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed the above-mentioned firearm or any of the above-mentioned ammunition (with all of you agreeing as to which firearm or ammunition the defendant possessed);

Second, the firearm or ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

**Defendant's Position: The defendant has no objection provided that 1) the first element of the offense reads "First,**

on or about February 29, 2004, the defendant knowingly possessed the above-mentioned firearm or any of the above mentioned ammunition (with all of you agreeing as to which firearm or which ammunition the defendant possessed);" and 2) the second element of the offense reads "The possession of the above-mentioned firearm or any of the above-mentioned ammunition was in and affected interstate commerce."

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 27

The defendant is charged in Count 8 of the Third Superseding Indictment with the possession of a firearm, to wit, a Colt .45 caliber semi-automatic pistol and ammunition, to wit, seven (7) rounds of .45 caliber ammunition, on or about September 6, 2003, in violation of Section 922(g)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed the above-mentioned firearm or any of the above-mentioned ammunition (with all of you agreeing as to which firearm or ammunition the defendant possessed);

Second, the firearm or ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.


**Defendant's Position: The defendant has no objection provided that 1) the first element of the offense reads "First, on or about September 6, 2003, the defendant knowingly possessed**

the above-mentioned firearm or any of the above mentioned
ammunition (with all of you agreeing as to which firearm or which
ammunition the defendant possessed);" and 2) the second element
of the offense reads "The possession of the above-mentioned
firearm or any of the above-mentioned ammunition was in and
affected interstate commerce."

GIVEN       _____
REFUSED     _____
MODIFIED    _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 28

The defendant is charged in Count 9 of the Third Superseding Indictment with the possession of a firearm on or about July 31, 2003, in violation of Section 922(g)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

**Defendant's Position: The defendant has no objection provided that 1) the first element of the offense reads "First, on or about July 31, 2003, the defendant knowingly possessed the above-mentioned firearm;" and 2) the second element of the offense reads "The possession of the above-mentioned firearm was in and affected interstate commerce."**

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 29

It is not necessary that the firearm alleged to have been used, carried, or possessed by the defendant on or about July 31, 2003 be produced by the government as an exhibit at trial. What is required is that there is evidence beyond a reasonable doubt, that the objects used, carried, or possessed by the defendant was a firearm.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 30

The defendant is charged in Count 10 of the Third
Superseding Indictment with possession of methamphetamine with
intent to distribute on or about July 31, 2003, in violation of
Section 841(a)(1) of Title 21 of the United States Code.  In
order for the defendant to be found guilty of that charge, the
government must prove each of the following elements beyond a
reasonable doubt:

First, the defendant knowingly possessed
methamphetamine in a measurable or detectable amount; and

Second, the defendant possessed it with the intent to
deliver it to another person.

It does not matter whether the defendant knew that the
substance was methamphetamine.  It is sufficient that the
defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess
with intent to deliver or transfer possession of a controlled
substance to another person, with or without any financial
interest in the transaction.

The term "deliver" means the actual, constructive, or
attempted transfer of a prohibited drug.

In order for the defendant to be found guilty of the
charge in Count 10 of the Third Superseding Indictment, the
government is not required to prove the amount or quantity of
methamphetamine.  It need only prove beyond a reasonable doubt

that there was a measurable or detectable amount of methamphetamine.

If you find the defendant guilty of the charge in Count 10 of the Third Superseding Indictment, you are then to determine the net weight of methamphetamine, its salts, isomers, or salts of its isomers, in other words, the net weight of 100% pure methamphetamine.  Your decision as to the net weight must be unanimous and must be beyond a reasonable doubt.  You should indicate your unanimous decision as to the net weight as indicated on the verdict form.

The term "net weight" means the weight of the methamphetamine without any packaging material.

The government does not have to prove that the defendant knew the exact quantity of methamphetamine.

**Defendant's Position: The defendant has no objection provided that "The term 'deliver' means the actual, constructive, or attempted transfer of a prohibited drug" be deleted from the instruction.**

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO.  31

It is not necessary that the methamphetamine alleged to have been possessed by the defendant on or about July 31, 2003 be produced by the government as an exhibit at trial.  What is required is that there is evidence beyond a reasonable doubt, that the drug possessed by the defendant was methamphetamine.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 32


The defendant is charged in Count 11 of the Third Superseding Indictment with using and carrying a firearm during and in relation to a drug trafficking crime on or about July 31, 2003, in violation of Section 924(c) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with the intent to distribute methamphetamine as charged in Count 10 of the Third Superseding Indictment;

Second, the defendant knowingly used or carried a firearm; and

Third, the defendant used or carried the firearm during and in relation to the crime.

A defendant has "used" a firearm if he has actively employed the firearm in relation to the crime of possession with the intent to distribute methamphetamine as charged in Count 10 of the Third Superseding Indictment.  Use includes any of the following:

(1) brandishing, displaying, or striking with a firearm;

(2) referring to a firearm in the defendant's possession in order to bring about a change in the circumstances of the predicate offense;

(3) the silent but obvious and forceful presence of a firearm in plain view.

Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle. A defendant "carries" a firearm when he:

(1) knowingly possesses it; and

(2) holds, moves, conveys, or transports it in some manner.

A person possesses a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.


**Defendant's Position: The defendant objects to the statement of the second element. The defendant asserts that the government must prove that the defendant used <u>and</u> carried the firearm during and in relation to the crime.**


GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 33
(7.3 USE OF NOTES)


Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.


GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 34
(18 DUTY TO DELIBERATE)

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.


GIVEN      _____
REFUSED    _____
MODIFIED   _____

THIRD AMENDED JOINT PROPOSED JURY INSTRUCTIONS NO. 35
(19A VERDICT FORM, SINGLE DEFENDANT)

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.


GIVEN      _____
REFUSED    _____
MODIFIED   _____

# CLEAN SET OF JURY INSTRUCTIONS

INSTRUCTION NO. ___

_____

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

INSTRUCTION NO. ___

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

INSTRUCTION NO. ___

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable

doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. ___

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

Thus, while the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. __

As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

INSTRUCTION NO. __

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

INSTRUCTION NO. ___

During the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

INSTRUCTION NO. ___

In this case, the government and the defendant have agreed, or stipulated, as to certain facts.  This means that they both agree that these facts are true.  You should therefore treat these facts as having been conclusively proved.

INSTRUCTION NO. __

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You are to consider both direct or circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. ___

Now I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony.  In weighing the testimony of a witness, you should consider the witness' (1) relationship to the government or the defendant, (2) interest, if any, in the outcome of the case, (3) manner of testifying, (4) opportunity to observe or acquire knowledge concerning the facts about which he testified, and (5) candor, fairness and intelligence.  You should also consider the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO. ___

In this case, there has been testimony from government witnesses who pled guilty after entering into an agreement with the government to testify.  There is evidence that the government agreed to bring the witness' cooperation to the attention of the sentencing court.  The government is permitted to enter into this kind of plea agreement.  You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.  However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness.  A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely.  Therefore, you must examine his testimony with caution and weigh it with great care.  If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.  I further instruct you that you may not draw any conclusions or inferences about the guilt of the defendant on trial here from the fact that prosecution witnesses pled guilty to similar charges.

INSTRUCTION NO. ___

Plea agreements, grants of immunity, and consideration for reduced sentences based upon cooperation and testimony in the trial of others are recognized by law as legitimate tools of law enforcement. The wisdom of a plea agreement and decision of prosecutors not to prosecute persons involved in criminal conduct are the exclusive decision for the prosecution and not matters for your consideration. Sentencing decisions are the exclusive responsibility of the Court once a plea agreement is entered into by the parties. Likewise, a further reduction in the sentence of cooperating witnesses is the exclusive decision of the Court based upon the government's motion for a sentence reduction upon the filing of such motion. The Court is free to exercise its independent decision as to whether to grant the motion and, if granted, the extent of the departure from either a mandatory minimum or a sentence below the United States Sentencing Guidelines. In an appropriate case, the Court can provide a sentence below the statutory mandatory minimum without a motion by the government to do so.

INSTRUCTION NO. ___

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

INSTRUCTION NO. \_\_

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something that is inconsistent with the witness' present testimony or failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO. __

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to the testimony.

INSTRUCTION NO. __

As stated earlier, a defendant has a right not to testify.  If a defendant does testify, however, his testimony should be weighed and considered, and his credibility determined, in the same way as that of any other witness.

INSTRUCTION NO. ___

As stated earlier, a defendant has a right not to testify. If a defendant does testify, however, his testimony should be weighed and considered, and his credibility determined, in the same way as that of any other witness. Evidence of a defendant's previous conviction of a crime is to be considered by you only insofar as it may affect the credibility of the defendant as a witness, and must never be considered as evidence of guilt of the crime for which the defendant is on trial.

INSTRUCTION NO. ___

You have heard evidence of other [crimes] [acts] [wrongs] engaged in by the defendant. You may consider that evidence only as it bears on the defendant's [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose.

INSTRUCTION NO. __

You will note that the indictment charges that the
offense was committed "on or about" a certain date.  The proof
need not establish with certainty the exact date of the alleged
offense.  It is sufficient if the evidence in the case
establishes beyond a reasonable doubt that the offense was
committed on a date reasonably near the date alleged.

INSTRUCTION NO. ___

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

**DEFENDANT'S POSITION: Defendant objects.  Defendant wishes this instruction to read: "An act is done knowingly if the defendant is aware of the act and does not act/fail to act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions along with all of the other evidence in deciding whether the defendant acted knowingly."  9th Cir. Model Crim. Jury Instr. 5.6 (2003).**

INSTRUCTION NO. ___

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of [crime charged], unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

INSTRUCTION NO. ___

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

INSTRUCTION NO. __

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine the guilt or innocence of the accused from the evidence in this case. The defendant is not on trial for any act or conduct or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the accused.

**Defendant's Position: Defendant has no objection provided that the sentence "The number of charges is not evidence of guilt" is inserted as the second sentence.**

INSTRUCTION NO. ___

The defendant is charged in Count 1 of the Third Superseding Indictment with the possession of a firearm, to wit, a Smith and Wesson .9 mm semi-automatic pistol, and ammunition, to wit, nine (9) .9 mm Winchester cartridges on or about March 11, 2004, in violation of Section 922(g)(1) of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed the above-mentioned firearm or any of the above mentioned ammunition (with all of you agreeing as to which firearm or which ammunition the defendant possessed);

Second, the firearm or ammunition had been shipped or transported from one state to another, and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendant stipulates that prior to July 31, 2003, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

**Defendant's Position: The defendant has no objection provided that 1) the first element of the offense reads "First, on or about March 11, 2004, the defendant knowingly possessed the**

above-mentioned firearm or any of the above mentioned ammunition (with all of you agreeing as to which firearm or which ammunition the defendant possessed);" and 2) the second element of the offense reads "The possession of the above-mentioned firearm or any of the above-mentioned ammunition was in and affected interstate commerce."

INSTRUCTION NO. ___

The defendant is charged in Count 2 of the Third Superceding Indictment with possession of methamphetamine with intent to distribute on or about March 11, 2004, in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine in a measurable or detectable amount; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The term "deliver" means the actual, constructive, or attempted transfer of a prohibited drug.

In order for the defendant to be found guilty of the charge in Count 2 of the Third Superseding Indictment, the government is not required to prove the amount or quantity of methamphetamine.  It need only prove beyond a reasonable doubt

that there was a measurable or detectable amount of methamphetamine.

If you find the defendant guilty of the charge in Count 2 of the Third Superseding Indictment, you are then to determine the net weight of methamphetamine, its salts, isomers, or salts of its isomers, in other words, the net weight of 100% pure methamphetamine. Your decision as to the net weight must be unanimous and must be beyond a reasonable doubt. You should indicate your unanimous decision as to the net weight as indicated on the verdict form.

The term "net weight" means the weight of the methamphetamine without any packaging material.

The government does not have to prove that the defendant knew the exact quantity of methamphetamine.

**Defendant's Position: No objection provided that: 1)the second paragraph (first element) reads: "First, on or about March 11, 2004, the defendant knowingly possessed methamphetamine in a measurable or detectable amount;" and 2) "The term 'deliver' means the actual, constructive, or attempted transfer of a prohibited drug" be deleted from the instruction.**

INSTRUCTION NO. ___

The defendant is charged in Count 4 of the Third
Superceding Indictment with the possession of a firearm, to wit,
a Beretta .25 caliber semi-automatic pistol, and ammunition, to
wit, four (4) .25 caliber cartridges, Winchester brand, and one
(1) .38 caliber cartridge, Winchester brand, on or about February
29, 2004, in violation of Section 922(g)(1) of Title 18 of the
United States Code.  In order for the defendant to be found
guilty of that charge, the government must prove each of the
following elements beyond a reasonable doubt:

First, the defendant knowingly possessed the above-
mentioned firearm or any of the above-mentioned ammunition (with
all of you agreeing as to which firearm or ammunition the
defendant possessed);

Second, the firearm or ammunition had been shipped or
transported from one state to another; and

Third, at the time the defendant possessed the firearm
or ammunition, the defendant had been convicted of a crime
punishable by imprisonment for a term exceeding one year.  The
defendant stipulates that prior to July 31, 2003, the defendant
was convicted of a crime punishable by imprisonment for a term
exceeding one year.


**Defendant's Position: The defendant has no objection
provided that 1) the first element of the offense reads "First,**

on or about February 29, 2004, the defendant knowingly possessed the above-mentioned firearm or any of the above mentioned ammunition (with all of you agreeing as to which firearm or which ammunition the defendant possessed);" and 2) the second element of the offense reads "The possession of the above-mentioned firearm or any of the above-mentioned ammunition was in and affected interstate commerce."

INSTRUCTION NO. ___

The defendant is charged in Count 8 of the Third Superseding Indictment with the possession of a firearm, to wit, a Colt .45 caliber semi-automatic pistol and ammunition, to wit, seven (7) rounds of .45 caliber ammunition, on or about September 6, 2003, in violation of Section 922(g)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed the above-mentioned firearm or any of the above-mentioned ammunition (with all of you agreeing as to which firearm or ammunition the defendant possessed);

Second, the firearm or ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

**Defendant's Position: The defendant has no objection provided that 1) the first element of the offense reads "First, on or about September 6, 2003, the defendant knowingly possessed**

the above-mentioned firearm or any of the above mentioned ammunition (with all of you agreeing as to which firearm or which ammunition the defendant possessed);" and 2) the second element of the offense reads "The possession of the above-mentioned firearm or any of the above-mentioned ammunition was in and affected interstate commerce."

INSTRUCTION NO. __

The defendant is charged in Count 9 of the Third Superseding Indictment with the possession of a firearm on or about July 31, 2003, in violation of Section 922(g)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.  The defendant stipulates that prior to July 31, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

**Defendant's Position: The defendant has no objection provided that 1) the first element of the offense reads "First, on or about July 31, 2003, the defendant knowingly possessed the above-mentioned firearm;" and 2) the second element of the offense reads "The possession of the above-mentioned firearm was in and affected interstate commerce."**

INSTRUCTION NO. ___

It is not necessary that the firearm alleged to have
been used, carried, or possessed by the defendant on or about
July 31, 2003 be produced by the government as an exhibit at
trial.  What is required is that there is evidence beyond a
reasonable doubt, that the objects used, carried, or possessed by
the defendant was a firearm.

INSTRUCTION NO. __

The defendant is charged in Count 10 of the Third Superseding Indictment with possession of methamphetamine with intent to distribute on or about July 31, 2003, in violation of Section 841(a)(1) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine in a measurable or detectable amount; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The term "deliver" means the actual, constructive, or attempted transfer of a prohibited drug.

In order for the defendant to be found guilty of the charge in Count 10 of the Third Superseding Indictment, the government is not required to prove the amount or quantity of methamphetamine.  It need only prove beyond a reasonable doubt

that there was a measurable or detectable amount of
methamphetamine.

If you find the defendant guilty of the charge in Count
10 of the Third Superseding Indictment, you are then to determine
the net weight of methamphetamine, its salts, isomers, or salts
of its isomers, in other words, the net weight of 100% pure
methamphetamine.  Your decision as to the net weight must be
unanimous and must be beyond a reasonable doubt.  You should
indicate your unanimous decision as to the net weight as
indicated on the verdict form.

The term "net weight" means the weight of the
methamphetamine without any packaging material.

The government does not have to prove that the
defendant knew the exact quantity of methamphetamine.

|    |    |    |

**Defendant's Position: The defendant has no objection
provided that "The term 'deliver' means the actual, constructive,
or attempted transfer of a prohibited drug" be deleted from the
instruction.**

INSTRUCTION NO. ___

It is not necessary that the methamphetamine alleged to
have been possessed by the defendant on or about July 31, 2003 be
produced by the government as an exhibit at trial.  What is
required is that there is evidence beyond a reasonable doubt,
that the drug possessed by the defendant was methamphetamine.

INSTRUCTION NO. ___

The defendant is charged in Count 11 of the Third Superseding Indictment with using and carrying a firearm during and in relation to a drug trafficking crime on or about July 31, 2003, in violation of Section 924(c) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with the intent to distribute methamphetamine as charged in Count 10 of the Third Superseding Indictment;

Second, the defendant knowingly used or carried a firearm; and

Third, the defendant used or carried the firearm during and in relation to the crime.

A defendant has "used" a firearm if he has actively employed the firearm in relation to the crime of possession with the intent to distribute methamphetamine as charged in Count 10 of the Third Superseding Indictment.  Use includes any of the following:

(1) brandishing, displaying, or striking with a firearm;

(2) referring to a firearm in the defendant's possession in order to bring about a change in the circumstances of the predicate offense;

(3) the silent but obvious and forceful presence of a firearm in plain view.

Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle.  A defendant "carries" a firearm when he:

(1) knowingly possesses it; and

(2) holds, moves, conveys, or transports it in some manner.

A person possesses a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.


**Defendant's Position: The defendant objects to the statement of the second element.  The defendant asserts that the government must prove that the defendant used <u>and</u> carried the firearm during and in relation to the crime.**

INSTRUCTION NO. __

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

INSTRUCTION NO. ___

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. ___

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served by Facsimile</u>:

    JACK SCHWEIGERT, ESQ.
    The Lawyers Building
    550 Halekauwila, Room 309
    Honolulu, HI 96813

    Attorney for Defendant

    DATED:  April 15, 2008, at Honolulu, Hawaii.


    <u>/s/ Kari Cadelinia</u>