EDWARD H. KUBO, JR.        #2499
United States Attorney
District of Hawaii

DARREN W.K. CHING          #6903
LORETTA SHEEHAN            #4160
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov
        Loretta.Sheehan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00053 DAE |
| | ) | |
| Plaintiff, | ) | THIRD AMENDED GOVERNMENT'S |
| | ) | PROPOSED JURY INSTRUCTIONS; |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| SILVER JOSE GALINDO, | ) | |
| aka DANIEL S. GALINDO, | ) | TRIAL DATE: APRIL 4, 2008 |
| aka TIMOTHY MAU, | ) | TIME:  9:00 A.M. |
| | ) | JUDGE: DAVID ALAN. EZRA |
| Defendant. | ) | |
| | ) | |

THIRD AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

    The United States submits its proposed jury instructions to this Honorable Court.  These instructions supersede any jury instructions previously submitted by the government.  Permission of the Court is requested to subsequently withdraw any of the attached instructions, to modify them, or to

offer such additional instructions as may, during the course of the trial, become appropriate.

    DATED: April 14, 2008, Honolulu, Hawaii.

                                EDWARD H. KUBO, JR.
                                United States Attorney
                                District of Hawaii

                                  /s/ Darren W.K. Ching
                              By_____
                                DARREN W.K. CHING
                                Assistant U.S. Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

THIRD AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTIONS NO. 1

The defendant is charged in Count 3 of the Third Superseding Indictment with carrying a firearm during and in relation to a drug trafficking crime and with possessing a firearm in furtherance of a drug trafficking crime on or about March 11, 2004, in violation of Section 924(c) of Title 18 of the United States Code. The government may prove a defendant guilty of this offense in two ways. You, the jury, may find the defendant guilty of this charge under either or both methods, provided that the government has proven each element beyond a reasonable doubt. I will now explain the two methods by which the government may prove this charge.

1) <u>Carrying a Firearm During and In Relation To a Drug Trafficking Crime</u>:

In order for the defendant to be found guilty of carrying a firearm during and in relation to a drug trafficking crime as charged in Count 3, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with the intent to distribute methamphetamine as charged in Count 2 of the Third Superseding Indictment;

Second, the defendant knowingly carried a firearm; and

Third, the defendant carried the firearm during and in relation to the drug trafficking crime.

Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle. A defendant "carries" a firearm when he:

(1) knowingly possesses it; and

(2) holds, moves, conveys, or transports it in some manner.

A person possesses a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

A defendant takes such action "in relation to the drug trafficking crime" if the firearm facilitated or played a role in the drug trafficking crime.

2. <u>Possessing In Furtherance of a Drug Trafficking Crime</u>:

In order for the defendant to be found guilty of possessing a firearm in furtherance of a drug trafficking crime as charged in Count 3, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with the intent to distribute methamphetamine as charged in Count 2 of the Third Superseding Indictment;

Second, the defendant knowingly possessed a firearm; and

Third, the defendant possessed the firearm in furtherance of the drug trafficking crime.

The term "in furtherance of" means that the firearm was possessed to advance or to promote the crime charged in Count 2, and that the firearm was strategically located so that it was quickly and easily available for use.

You may find the defendant guilty in Count 3 of the Third Superseding Indictment if you find that the government has proven each element of carrying a firearm during and in relation to a drug trafficking crime beyond a reasonable doubt by so indicating on the verdict form.

You also may find the defendant guilty in Count 3 of the Third Superseding Indictment if you find that the government has proven each element of possessing a firearm in furtherance of a drug trafficking crime beyond a reasonable doubt by so indicating on the verdict form.

You also may find the defendant guilty in Count 3 of the Third Superseding Indictment if you find that the government has proven each element of both carrying a firearm during and in relation to a drug trafficking crime beyond a reasonable doubt and possessing a firearm in furtherance of a drug trafficking crime beyond a reasonable doubt by so indicating on the verdict form.

9th Cir. Model Crim. Jury Instr. 8.65; 6th Cir. Model Crim. Jury Instr. 12.02, 12.03, as modified (2007)

GIVEN     _____
REFUSED   _____
MODIFIED  _____

THIRD AMENDED GOVERNMENT'S PROPOSED JURY INSTRUCTIONS NO. 2

Voluntary intoxication does not provide a defense to the offense of:

1) possession of a firearm and ammunition in violation of Section 922(g)(1) of Title 18 of the United States Code,

2) the offense of carrying a firearm during and in relation to a drug trafficking crime in violation of Section 924(c) of Title 18 of the United States Code, and

3) the offense of possessing a firearm in furtherance of a drug trafficking crime, in violation of Section 924(c) of Title 18 of the United States Code.

United States v. Burdeau, 168 F.3d 352, 355 (9th Cir. 1999)(voluntary intoxication not available as a defense in general intent crimes); United States v. Klein, 13 F.3d 1182, 1183 (8th Cir. 1994); United States v. Bennett, 975 F.2d 305, 308 (6th Cir. 1992); United States v. Williams, 892 F.2d 296, 303 (3d Cir. 1989).

GIVEN    _____
REFUSED  _____
MODIFIED _____

# CLEAN SET OF JURY INSTRUCTIONS

INSTRUCTION NO. \_\_\_

The defendant is charged in Count 3 of the Third Superseding Indictment with carrying a firearm during and in relation to a drug trafficking crime and with possessing a firearm in furtherance of a drug trafficking crime on or about March 11, 2004, in violation of Section 924(c) of Title 18 of the United States Code.  The government may prove a defendant guilty of this offense in two ways.  You, the jury, may find the defendant guilty of this charge under either or both methods, provided that the government has proven each element beyond a reasonable doubt.  I will now explain the two methods by which the government may prove this charge.

1) <u>Carrying a Firearm During and In Relation To a Drug Trafficking Crime</u>:

In order for the defendant to be found guilty of carrying a firearm during and in relation to a drug trafficking crime as charged in Count 3, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with the intent to distribute methamphetamine as charged in Count 2 of the Third Superseding Indictment;

Second, the defendant knowingly carried a firearm; and

Third, the defendant carried the firearm during and in relation to the drug trafficking crime.

Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle. A defendant "carries" a firearm when he:

(1) knowingly possesses it; and

(2) holds, moves, conveys, or transports it in some manner.

A person possesses a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

A defendant takes such action "in relation to the drug trafficking crime" if the firearm facilitated or played a role in the drug trafficking crime.

2. <u>Possessing In Furtherance of a Drug Trafficking Crime</u>:

In order for the defendant to be found guilty of possessing a firearm in furtherance of a drug trafficking crime as charged in Count 3, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with the intent to distribute methamphetamine as charged in Count 2 of the Third Superseding Indictment;

Second, the defendant knowingly possessed a firearm; and

Third, the defendant possessed the firearm in furtherance of the drug trafficking crime.

The term "in furtherance of" means that the firearm was possessed to advance or to promote the crime charged in Count 2, and that the firearm was strategically located so that it was quickly and easily available for use.

You may find the defendant guilty in Count 3 of the Third Superseding Indictment if you find that the government has proven each element of carrying a firearm during and in relation to a drug trafficking crime beyond a reasonable doubt by so indicating on the verdict form.

You also may find the defendant guilty in Count 3 of the Third Superseding Indictment if you find that the government has proven each element of possessing a firearm in furtherance of a drug trafficking crime beyond a reasonable doubt by so indicating on the verdict form.

You also may find the defendant guilty in Count 3 of the Third Superseding Indictment if you find that the government has proven each element of both carrying a firearm during and in relation to a drug trafficking crime beyond a reasonable doubt and possessing a firearm in furtherance of a drug trafficking crime beyond a reasonable doubt by so indicating on the verdict form.

9th Cir. Model Crim. Jury Instr. 8.65; 6th Cir. Model Crim. Jury Instr. 12.02, 12.03, as modified (2007)

INSTRUCTION NO. ___

Voluntary intoxication does not provide a defense to the offense of:

1) possession of a firearm and ammunition in violation of Section 922(g)(1) of Title 18 of the United States Code,

2) the offense of carrying a firearm during and in relation to a drug trafficking crime in violation of Section 924(c) of Title 18 of the United States Code, and

3) the offense of possessing a firearm in furtherance of a drug trafficking crime, in violation of Section 924(c) of Title 18 of the United States Code.

United States v. Burdeau, 168 F.3d 352, 355 (9th Cir. 1999)(voluntary intoxication not available as a defense in general intent crimes); United States v. Klein, 13 F.3d 1182, 1183 (8th Cir. 1994); United States v. Bennett, 975 F.2d 305, 308 (6th Cir. 1992); United States v. Williams, 892 F.2d 296, 303 (3d Cir. 1989).

CERTIFICATE OF SERVICE

I hereby certify that on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by Facsimile:

JACK SCHWEIGERT, ESQ.                          April 14, 2008
The Lawyers Building
550 Halekauwila, Room 309
Honolulu, HI 96813

Attorney for Defendant

                                               /s/ Darren W.K. Ching
                                               ─────────────────────
                                               U.S. Attorney's Office
                                               District of Hawaii