IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 04-00053 DAE |
| | ) |
| Plaintiff, | ) MEMORANDUM OF LAW |
| | ) |
| vs. | ) |
| | ) |
| SILVER JOSE GALINDO, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF LAW

After severance, <u>US v. Galindo</u>, 243 F.R.D. 660 (D.Haw. 2007), this case went to trial on April 4, 2008 on Counts 1-4 and 8-11. However, during the trial certain matters surfaced that resulted in there either being insufficient evidence to sustain the conviction so that judgment of acquittal must be entered or a new trial granted in the interest of justice. Defendant's argument follows.

**1.     COUNTS 1-3 BASED ON FALSE TESTIMONY**

This Court heard evidence on Counts 1-3 which involved the Defendant's alleged possession on March 11, 2004 of a .9 mm semi-automatic pistol found in the attic of Mr. Ingram's rented dwelling in Ewa Beach. However, the critical testimony that tied Mr. Galindo to possession

1

of the weapon and the drugs involved testimony of Officers Tafaoa and Aiu. It was Officer Tafaoa's testimony that Defendant's fake identification consisting of a Hawaii driver's license and social security card (issued in the name of Mau but bearing Mr. Galindo's photograph) was taken from his **WALLET** found wrapped in a jacket in the attic near where the Defendant was seen hiding from police. Conversely Officer Aiu testified he recovered this driver's license and social security card from the **JACKET** also found in the attic. Since there was only one Hawaii driver's license and only one social security card (which are Government's Exhibit 14a & 14b) either one or both of these police officers gave perjured testimony. Since the identity referenced by these two officers was so critical to establishing Mr. Galindo's possession of the drugs and gun in this multiple occupant situation, the prejudice from these two officers' testimony was obviously of great weight. As such, a new trial must be given because here the Court can be reasonably well satisfied the testimony given by one of these two material witnesses is false and without it the jury might have reached a different conclusion. <u>U.S. v. Street</u>, 570, F.2d 1 (1st Cir. 1977). In fact, where there is such perjured testimony, a court will not even inquire into the precise effect of the perjury but order a new trial if without the perjury the jury might not have convicted. <u>U.S. v. Polisi</u>, 416 F.2d 573 (2nd Cir. 1969).

In that regard without the officers' testimony, the Government's ability to prove its case beyond a reasonable doubt would not be forthcoming for the testimony of Mr. Ingram was **impeached**. Mr. Ingram first described what baggage Mr. Galindo was bringing with him upon arrival at Mr. Ingram's home to say Mr. Galindo was "carrying the **DUFFLE BAG**, placed **IT** in the living room floor and went to sleep." Then on April 1, 2008 when further debriefed by SA Torco changed the story to now describe the baggage that Mr. Galindo was bringing to the house as "carrying a duffle bag **OR** a backpack."

### 2.   COUNT 4 BASED ON FALSE TESTIMONY

The only witness to directly tie Defendant to the .25 caliber gun found under a bed in Mr. Tomasczyski's bedroom was that of Mr. Heffelfinger, who said he gave Mr. Galindo this firearm. However, when questioned on whether there was anything unusual about the condition of the gun like the clear handle and things of that sort, he failed to mention the most obvious--the gun handle was broken on the left side. See Exhibit "1". Therefore, even though the jury apparently did not realize the implication of such "oversight" this Court in the interest of justice must hold this oversight against the Government. Therefore, to allow this conviction to stand against Mr. Galindo based on the testimony of a witness whose testimony was

obviously motivated to gain a reduction in his 180 month sentence, would be an injustice, which only a new trial can correct.

3. **CONVICTION ON COUNT 8 BASED ON INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION**

Count 8 deals with the Defendant's possession of a .45 found under an arm rest of a stolen car he was found sleeping in on September 6, 2003. This charge requires that the possession be "**KNOWINGLY**" defined in Court Instruction No. 16 which reads as follows:

> An act is done knowingly if the defendant is **AWARE** of the act and does not act through ignorance, mistake or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all of the **OTHER EVIDENCE** in deciding whether the defendant acted knowingly.

The facts show the Defendant to be driving a **STOLEN** vehicle with **VANITY PLATES** driving slowly down a side street to Golden Coin Restaurant with only his parking lights **ON** at about 3:00 a.m. (so that it would be dark outside). This conduct invites an arrest so as to suspect the driver is not aware of what he was doing. Further, the evidence showed when an employee of Golden Coin pulled into the parking lot of Golden Coin, Mr. Galindo then sped up, pulled into Golden Coin from North King Street and parked near the employee. There he **SLEPT** for the next couple

4

of **HOURS**, all the while with his parking lights **ON**. At some time during his slumber Mr. Galindo then pulled the keys out of the ignition and left the keys on his lap, with his parking lights **STILL ON**, which is again the behavior of someone who is not aware of what they are doing.

Then when police surround the car they know to be stolen they surround the car with **GUNS DRAWN** and attempt to awake Mr. Galindo shouting commands at Mr. Galindo as well. Then when Mr. Galindo awakes, despite the many guns pointed at him, and seemingly impervious to such danger, Mr. Galindo picks up the keys from his lap, and attempts to insert the right key into the ignition, **WITHOUT SUCCESS** so that he then drops the keys on the car floor.

Because this is not conduct of someone who is acting "knowingly," this is why when Sgt. Fujishige pulled him out of the stolen vehicle he described Mr. Galindo as someone who "**APPEARED DAZED**."

This evidence warrants judgment of acquittal. Viewing the evidence in the light most favorable to the Government and giving full play to the right of the jury to determine credibility, weigh evidence and draw justifiable inference of facts, reasonable minds could **NOT** fairly conclude guilt beyond a reasonable doubt.

### 4. COUNT 10 & 11

Count 10 involves the Defendant possessing five grams or more of pure methamphetamine with the intent to distribute this drug. However, robbing somebody of their drugs, even if this were true, does not satisfy the element that the taking was with the intent to **DISTRIBUTE**, or that what taken was methamphetamine. Keeping in mind there was no forensic evidence, the verdict cannot be sustained and judgment of acquittal must be entered. Further, if there is no drug trafficking crime, Count 11 must be dismissed as well for it is dependent on the existence of the drug trafficking crime spoken of in Count 10.

### 5. CONCLUSION

For the foregoing reasons the motion for judgment of acquittal and/or for new trial as set forth above must be granted.

DATED: Honolulu, Hawaii, April 28, 2008.

_____
JACK SCHWEIGERT
Attorney for Defendant