EDWARD H. KUBO, JR.          #2499
United States Attorney
District of Hawaii

DARREN W.K. CHING            #6903
LORETTA SHEEHAN              #4160
Assistant U.S. Attorneys
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  | CR. NO. 04-00053 DAE |
| ) | |
| Plaintiff,  ) | GOVERNMENT'S OPPOSITION TO |
| ) | DEFENDANT'S MOTION TO CONTINUE |
| vs.  ) | SENTENCING; CERTIFICATE OF |
| ) | SERVICE |
| SILVER JOSE GALINDO,  ) | |
| aka Daniel S. Galindo,  ) | DATE: May 7, 2008 |
| aka Timothy Mau,  ) | TIME: 9:45 a.m. |
| ) | JUDGE: David A. Ezra |
| Defendant.  ) | |
| ) | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE SENTENCING

The United States of America, through its attorneys, hereby respectfully submits this opposition to Defendant's Motion to Continue Sentencing. Defendant requests that sentencing for his convictions in counts 1, 2, 3, 4, 8, 9, 10, and 11 be continued from September 2, 2008, to a time after the October 7, 2008 trial of severed counts 5, 6, and 7.

**I.   Standard**

A district court's denial of a continuance is reviewed for an abuse of discretion. Reversal is required if "after carefully evaluating all the relevant factors," the appeals court conclude that "the denial was arbitrary or unreasonable." See United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.1985). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). In Flynt, the Ninth Circuit developed a four part analysis:

> [1] the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing ... [2] how likely it is that the need for a continuance could have been met if the continuance had been granted ... [3] the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses ... [4] the extent to which the appellant might have suffered harm as a result of the district court's denial.
>
> Flynt, 756 F.2d at 1359.

None of the first three factors is ordinarily dispositive, but defendant must establish prejudice. Id.

**II.  Discussion**

When applying this Flynt analysis, Defendant will not be able to establish a justification for a continuance, nor any

prejudice if sentencing were not continued.  Additionally, this Court's denial of this motion will not be an abuse of its discretion.

### A. Diligence

The request for a continuance has nothing to do with defense counsel's ability to diligently prepare for sentencing. Defense counsel has four months to prepare for the September 2, 2008 sentencing.

### B. Utility

Such a continuance will not serve any legitimate purpose.

Defense counsel's first stated reason for the continuance is based on his implicit reasoning that when he moved to sever counts 5, 6, and 7, he did not intend to sever the sentencing.  Defendant cannot have it both ways.  These counts cannot be partially severed.  If this were the case, Defendant would have the benefit of arguing under 18 U.S.C. § 3584, that any potential sentence imposed in the severed counts would be presumptively concurrent with the counts to which he has already been convicted.

Defense counsel's second reason for requesting the continue is based his desire to "eliminate unjustifiable expense."  Defense counsel's motivation appears to seek to save the Court money.  However, given these severed counts are

actually a new and separate trial, this well-meaning motivation is not a relevant concern.

### C. Inconvenience

If this continuance is granted, the sentencing on counts 1, 2, 3, 4, 8, 9, 10, and 11 will be sometime after the October 7, 2008 trial. Assuming Defendant is acquitted of counts 5, 6, and 7, and sentencing occurs shortly thereafter, six months will have passed since the jury's verdict of April 21, 2008. If, on the other hand, Defendant is convicted of the severed counts and Defendant is sentenced for both trials at the same time (as requested in Defense Counsel's declaration item "3") this will postpone sentencing again for another few months to allow completion of the PSR for counts 6, 7, and 8.

### D. Prejudice

Defendant has not claimed any prejudice will result if this continuance is not granted.

## III. Conclusion

For the foregoing reasons, this Court should deny the Defendant's Motion to Continue.

DATED: May 5, 2008, at Honolulu, Hawaii.

                EDWARD H. KUBO, JR.
                United States Attorney
                District of Hawaii

                By  /s/ Darren W. K. Ching
                   DARREN W.K. CHING
                   Assistant U.S. Attorney

                Attorneys for Plaintiff
                UNITED STATES OF AMERICA

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

<u>Served by Facsimile</u>:

    JACK SCHWEIGERT, ESQ.
    The Lawyers Building
    550 Halekauwila, Room 309
    Honolulu, HI 96813
    (808) 533-7490

    Attorney for Defendant

DATED: May 5, 2008, at Honolulu, Hawaii.

/s/ Cheri Abing
_____