IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SILVER JOSE GALINDO, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | CV. NO. 11-00601 DAE-KSC <br> CR. NO. 04-00053 DAE |

ORDER: (1) GRANTING THE GOVERNMENT'S REQUEST FOR ORDER FINDING ATTORNEY-CLIENT PRIVILEGE WAIVER AS TO FORMER ATTORNEY JACK SCHWEIGERT; AND (2) GRANTING IN PART THE GOVERNMENT'S REQUEST FOR ADDITIONAL TIME TO RESPOND TO PETITIONER'S MOTION UNDER 28 U.S.C. 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motions and supporting memoranda, the Court: (1) **GRANTS** the Government's Request for Order Finding Attorney/Client Privilege Waiver as to Former Attorney Jack Schweigert (Doc. # 326); and (2) **GRANTS IN PART** the Government's Request for Additional Time Within Which to Respond to Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct (Doc. # 333).

## BACKGROUND

On April 21, 2008, a jury found Petitioner Silver Jose Galindo ("Petitioner") guilty of four counts of Felon in Possession of a Firearm and/or Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); two counts of Possession with Intent to Distribute 5 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and two counts of Possession of a Firearm During and in Relation to a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1). (Doc. # 256, Doc. # 287.) On October 6, 2008, this Court sentenced Petitioner to a total of thirty-nine years and two months for those counts. Petitioner's conviction and sentence were affirmed by the U.S. Court of Appeals on February 25, 2010. (Doc. # 317.) The Supreme Court denied Petitioner's petition for a writ of certiorari on October 4, 2010. (Doc. # 321.)

On October 3, 2011, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Habeas Motion"). ("Habeas Mot.," Doc. # 322-1.) In his Memorandum of Law in Support of the Motion ("Memo," Doc. # 322-2), Petitioner asserts two grounds with respect to ineffective assistance of his counsel. Petitioner first claims that he was "denied his Sixth Amendment right to effective assistance of Counsel, during the pre-trial and trial stages of these proceedings; which prejudiced his defense." (Id. at 28.) Petitioner also claims that

he was denied effective assistance of counsel on his direct appeal and his Petition for Writ of Certiorari proceedings in violation of the Sixth Amendment. (Id. at 56.)

In addition, Petitioner asserts, inter alia, that Dennis Tadio – a witness in the case – committed perjury at trial with regard to three counts. (Id. at 116.) Petitioner cites "NEWLY DISCOVERED EVIDENCE" provided by Douglas Thigpen, who was incarcerated at the same facility as Dennis Tadio. (Id. at 116–17.)

On October 3, 2011, Petitioner filed a Motion for Recusal of Judge David Alan Ezra ("Motion for Recusal"). (Doc. # 323.)

On October 5, 2011, the Court referred the Motion for Recusal to Chief Judge Mollway and ordered that in the interim the habeas proceeding be stayed. (Doc. # 324 at 2.) The Court also ordered that the Government file a memorandum in opposition to the petition for Habeas Corpus no later than forty-five (45) days after the filing of the Order. (Id.)

On October 6, 2011, Chief Judge Mollway assigned the Motion for Recusal to Judge Kobayashi. (Doc. 325.)

On October 7, 2011, the Government filed a Request for Order Finding Attorney-Client Privilege Waiver as to Former Attorney Jack Schweigert

3

("Waiver Request"). ("Waiver Request," Doc. # 326.) On October 18, 2011, the Court ordered that any opposition to the Government's request be filed by Petitioner by October 25, 2011. (Doc. # 329.) Petitioner did not file an Opposition to the Government's Request. On November 1, 2011, the Government filed a Statement of No Reply regarding its request. (Doc. # 331.)

On November 7, 2011, Petitioner filed a Motion to Withdraw Assigned Prosecutors and Reappoint New Prosecutors to Pending § 2255 Proceedings, and Abey Proceeding Pending Disposition of Motion to Recuse Judge From § 2255 Proceedings. (Doc. # 332.)

On November 9, 2011, the Government filed a Request for Additional Time Within Which to Respond to Petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Request for Additional Time"). (Doc. # 333.)

On November 10, 2011, Judge Kobayashi issued an Electronic Order denying Petitioner's Motion for Recusal. (Doc. # 334.)

DISCUSSION

I. Waiver Request

The Waiver Request seeks an order "finding that Petitioner has waived his attorney-client privilege with Mr. Schweigert so that Mr. Schweigert

4

may be interviewed with respect to these allegations without violating the attorney-client privilege." (Waiver Request at 5–6). Specifically, the Government requests that Petitioner's counsel be "authorized to provide information to the United States about such attorney-client communications between Petitioner and counsel, to the extent such communications involve, or are reasonably related to, the ineffective assistance of counsel claims made by Petitioner in his § 2255 motion." (Id. at 6.)

The Government states that it must interview Petitioner's counsel in order to investigate Petitioner's contentions that he received ineffective assistance of counsel. (Id. at 5.) The Government argues that by raising a claim of ineffective assistance of counsel, "Petitioner has waived his attorney-client privilege as to those communications with his counsel that relate to this issue." (Id. at 5.)

Indeed, "[i]t has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003). The purpose of this rule is to prevent a party "from using the privilege as both a shield and a sword." Id. at 719; see also Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992). "In practical terms, this means that parties in litigation may not

5

abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege." Bittaker, 331 F.3d at 719.

The waiver, however, is subject to limitations. The Court "must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." Id. at 720. The Court, therefore, must "closely tailor[] the scope of the waiver to the needs of the opposing party in litigating the claim in question." Id. Moreover, the "holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." Id. at 721. "Finally, if a party complies with the court's conditions and turns over privileged materials, it is entitled to rely on the contours of the waiver the court imposes, so that it will not be unfairly surprised in the future by learning that it actually waived more than it bargained for in pressing its claims." Id.

In determining whether counsel provided ineffective assistance, a court judges the reasonableness of the counsel's conduct in light of all of the circumstances. Strickland v. Washington, 446 U.S. 668, 690 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

6

challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Because of the difficulties in making such a determination, a court's "scrutiny of counsel's performance must be highly deferential" to counsel; "that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)); see also United States v. Austin, 817 F.2d 1352, 1354 (9th Cir. 1987) (finding a strong presumption that an attorney provided effective assistance). Counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690.

In his Memorandum in support of his Habeas Motion, Petitioner alleges at least seventeen instances supporting his argument that his counsel was ineffective during the pre-trial and trial proceedings of his case. For example, Petitioner states that his counsel was ineffective when he failed to "file a Motion to Dismiss Counts 9, 10, and 11 for 'LACK OF PHYSICAL EVIDENCE.'" (Memo at 39.) Petitioner also lists five instances supporting his argument that he was denied effective assistance of counsel on his direct appeal and petition for writ of certiorari proceedings, such as failing to raise certain issues on direct appeal (Id. at 56–57). There could be strategic reasons or justifications for these and any number

7

of Petitioner's allegations which would be permissible pursuant to Strickland.  In order to respond to Petitioner's allegations of ineffective assistance of counsel, the Government is entitled to discuss with Petitioner's counsel the reasons, if any, behind the decisions of which Petitioner now complains.

In sum, to properly evaluate Petitioner's ineffective assistance of counsel claim, the Court must determine whether his counsel's assistance was reasonable in light of all of the circumstances.  Strickland, 466 U.S. at 691.  Accordingly, Petitioner has placed his attorney-client relationship at issue in these proceedings.  The Court therefore finds that Petitioner has waived his attorney-client privilege and **GRANTS** the Waiver Request.  The Court, however, limits the scope of the waiver to information necessary for resolution of the Habeas Motion.[1]

II.    Request for Additional Time

The Government asserts that as of November 9, 2011, Petitioner's counsel has not had an opportunity to review his files on this matter and that Petitioner's counsel is currently focused on other cases.  (Doc. # 333 at 8–9.)  According to the Government, Petitioner's counsel has stated that he needs to retrieve his files on the present case from his home storage and that he will confer

---

[1] If Petitioner wished to withdraw his ineffective assistance of counsel claims, the Court would not grant the waiver request.  To date, however, Petitioner has made no such indication.  Indeed, Petitioner did not file an opposition to the Government's Waiver Request.

8

with the Government once the Court issues its Order finding a waiver of attorney-client privilege. (Id. at 9.)

In addition, the Government argues that as of November 9, 2011, it was still waiting for a response from Dennis Tadio, after which it will need to "verify any information he provides and possibly conduct an interview of Mr. Douglas Thigpen who is currently incarcerated at the U.S. Penitentiary at Florence, Colorado." (Id. at 10.)

The Government also asserts that in addition to responding to Petitioner's § 2255 motion "and handling his normal caseload," the Government's assigned counsel is expected to be involved in proceedings in two other cases – an anticipated two-day evidentiary hearing on November 17 and 18, which may be followed by a trial in December in one case, and Daubert hearings in mid- to late January in another case. (Id. at 10.) Additionally, the Government cites Petitioner's "desire to have these proceedings stayed until his Motion for Recusal of Judge is decided." (Id. at 11.)

The Court recognizes that the Government has not had the opportunity to discuss Petitioner's claims with Petitioner's counsel and that it is still waiting for a response from Dennis Tadio which will require verification. It is therefore impossible for the Government to file a response to the Habeas Motion by

9

November 19, 2011, as this Court most recently ordered. However, the Court also recognizes that Petitioner's Motion for Recusal has been resolved (Doc. # 334), and while this Court is not unsympathetic to the caseload of the Government's assigned counsel, this Court believes that an additional sixty (60) days is ample time to respond to Petitioner's § 2255 Motion. The Court therefore grants the Government an extension of sixty (60) days from the filing of this Order, not the ninety (90) days the Government requested. Accordingly, the Court hereby **GRANTS IN PART** the Government's Request for Additional Time and orders that the Government file its response to Petitioner's § 2255 petition no later than sixty (60) days after the filing of this Order.

## CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** the Government's Request for Order Finding Attorney-Client Privilege Waiver (Doc. # 326); and (2) **GRANTS IN PART** the Government's Request for Additional Time Within Which to Respond to Petitioner's Motion Under 28 U.S.C. 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 333).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 15, 2011.



_____
David Alan Ezra
United States District Judge

Galindo v. United States, CV. NO. 11-00601 DAE-KSC; CR. NO. 04-00053 DAE; ORDER: (1)GRANTING THE GOVERNMENT'S REQUEST FOR ORDER FINDING ATTORNEY/CLIENT PRIVILEGE WAIVER AS TO FORMER ATTORNEY JACK SCHWEIGERT; AND (2) GRANTING IN PART THE GOVERNMENT'S REQUEST FOR ADDITIONAL TIME WITHIN WHICH TO RESPOND TO PETITIONER'S MOTION UNDER 28 U.S.C. 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY